## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Kim Snyder,

       Plaintiff,

       v.                        Case No. 0:21-cv-01049 (JRT/BRT)

UnitedHealth Group, Inc. et al.,

       Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants UnitedHealth Group, Inc., the Board of Directors of UnitedHealth Group, Inc., David S. Wichmann, the UnitedHealth Group Employee Benefits Plans Investment Committee, and the UnitedHealth Employee Benefits Plans Administrative Committee (collectively, "Defendants") submit this answer to plaintiff's Complaint (ECF No. 1) pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure.

Unless specifically admitted, Defendants deny all the allegations in the numbered paragraphs of the Complaint.  To the extent plaintiff has included headings, footnotes, illustrations, or allegations not contained within the specifically numbered paragraphs of the Complaint, no response is necessary.  To the extent any headings, footnotes, illustrations, or allegations not contained within the specifically numbered paragraphs of the Complaint require a response, Defendants deny them.  With respect to those allegations that do not specify an applicable time period, unless otherwise noted Defendants have answered as of the present date where possible.  Defendants expressly reserve the right to seek to amend and/or supplement this Answer as may be necessary.

## I.      INTRODUCTION[1]

1.      Paragraph 1 asserts legal conclusions to which no response is required. Defendants admit that plaintiff purports to bring the action described in Paragraph 1.

2.      Paragraph 2 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 2.

---

[1] Defendants have repeated the headings used by the Complaint for organizational purposes only.

3.     Paragraph 3 asserts legal conclusions to which no response is required. Defendants admit that the UnitedHealth Group Employee Benefits Plans Investment Committee ("Investment Committee") currently has responsibility for selecting the options offered for investment through the UnitedHealth Group 401(k) Savings Plan ("Plan") and for designating the Plan's qualified default investment alternative ("QDIA").  Defendants further admit that, during the putative class period, the Plan's target date option was at all times designated the QDIA for the Plan, and that Wells Fargo & Company (together with its affiliates, "Wells Fargo") managed the allocation of assets and risk in the Plan's target date option.  Defendants deny the remaining allegations in Paragraph 3.

4.     Admitted.

5.     Defendants state that Paragraph 5 purports to characterize one or more documents, and refer to those documents as the best evidence of their contents. Defendants otherwise admit that there are a variety of target date options available in the marketplace, and lack sufficient information to admit or deny, and therefore deny, the remaining allegations in Paragraph 5.

6.     Defendants admit that, in their understanding, target date options generally comprise a "suite" of funds.  Defendants further admit that the Plan's target date option during the putative class period included multiple retirement year vintages.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations regarding what plans can "generally" select, and otherwise deny the allegations in Paragraph 6.

7.     Denied.

-3-

8.      Paragraph 8 assets legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 8.

9.      Paragraph 9 asserts legal conclusions to which no response is required. Defendants admit that as of December 31, 2020, the UnitedHealth Group 401(k) Savings Plan Master Trust ("Master Trust") in which the Plan's assets were invested held over $7 billion in the same target date funds that were available for investment in the Plan. Defendants deny the remaining allegations in Paragraph 9.

10.     Defendants state that Paragraph 10 purports to characterize a document, and refer to that document as the best evidence of its contents.  Defendants otherwise lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 10.

11.     Paragraph 11 asserts legal conclusions to which no response is required. Defendants admit that plaintiff purports to bring this action and seek the relief as described in Paragraph 11, but deny that plaintiff is entitled to any relief whatsoever.

## II.      PARTIES

### A.      Plaintiff

12.     Paragraph 11 asserts legal conclusions to which no response is required. Defendants admit that plaintiff participated in the Plan during the putative class period, and that she allocated her Plan account in part to the Wells Fargo DJ Target 2035 N (EIN: 27-6745261) and the Wells Fargo Target 2035 CIT E3 (EIN: 82-6554416). Defendants further admit that plaintiff purports to bring this action as described in Paragraph 12.  Defendants deny the remaining allegations in Paragraph 12.

**B.    Defendant**

13.    Defendants admit that UnitedHealth Group Incorporated is a Delaware corporation headquartered in Minnetonka, Minnesota, that it has a board of directors, and that it has substantial business operations in the health care industry.  Defendants further admit that UnitedHealth Group Incorporated is the Plan's sponsor.  Defendants deny the remaining allegations in Paragraph 13.

14.    Paragraph 14 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the Investment Committee currently has responsibility for selecting the options offered for investment through the Plan.

15.    Paragraph 15 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the UnitedHealth Group Employee Benefits Plans Administrative Committee ("Administrative Committee") is the Plan Administrator, and deny that the Administrative Committee has any responsibility for investing Plan assets.

16.    Paragraph 16 asserts legal conclusions to which no response is required. Defendants admit that David S. Wichmann was previously employed as Chief Executive Officer of UnitedHealth Group Incorporated.  Defendants deny the remaining allegations in Paragraph 16.

17.    Paragraph 17 asserts legal conclusions to which no response is required. Defendants lack sufficient information to admit or deny, and therefore deny, the allegations regarding plaintiff's knowledge and litigation intentions.

### III.     JURISDICTION, VENUE, AND STANDING

18.     Paragraph 18 asserts legal conclusions to which no response is required.

19.     Paragraph 19 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that UnitedHealth Group Incorporated may be found in this District, and deny the remaining allegations in Paragraph 19.

20.     Paragraph 20 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that plaintiff participated in the Plan and allocated her Plan account in part to the Wells Fargo DJ Target 2035 N (EIN: 27-6745261) and the Wells Fargo Target 2035 CIT E3 (EIN: 82-6554416) during the putative class period, and that she purports to bring this action and seek the relief as described in Paragraph 20, but deny that plaintiff is entitled to any relief whatsoever.

21.     Paragraph 21 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 21.

### IV.     ERISA'S FIDUCIARY STANDARDS

### A.     Fiduciary Duties of Prudence and Loyalty

22.     Paragraph 22 asserts legal conclusions to which no response is required.

23.     Paragraph 23 asserts legal conclusions to which no response is required.

24.     Paragraph 24 asserts legal conclusions to which no response is required.

### B.     Fiduciary Liability Under ERISA

25.     Paragraph 25 asserts legal conclusions to which no response is required.

C.      **Co-Fiduciary Liability**

26.      Paragraph 26 asserts legal conclusions to which no response is required.

V.      **THE PLAN**

27.      Paragraph 27 asserts legal conclusions to which no response is required. Defendants admit that the Plan was first established on July 1, 1985, that the Plan is maintained under a written plan document, and that UnitedHealth Group Incorporated is the Plan's sponsor.

28.      Defendants admit that the Administrative Committee is the Plan Administrator and is responsible for all duties and responsibilities as Plan Administrator other than investment matters.  Defendants further admit that the Investment Committee currently has responsibility for selecting the options offered for investment through the Plan, which includes the responsibility to designate a QDIA under the Employee Retirement Income Security Act of 1974 ("ERISA").  Defendants further admit that the Plan's QDIA for each Plan participant is the target date fund with the target retirement year that is closest to the participant's 65th birthday, except where a participant's date of birth is not available, in which case the QDIA is the shortest vintage retirement year offered within the Plan lineup.  Defendants deny the remaining allegations in Paragraph 28.

29.      Defendants admit that, as of December 31, 2020, the Plan had approximately 200,000 participants with nonzero account balances, and that those participants were comprised of employees, former employees, and/or their beneficiaries. Defendants further admit that the Plan allows Plan participants to accumulate savings for

retirement, and that a participant's account balance depends on contributions to the account as well as on the net-of-fee performance of the investment options to which the participant allocates his or her account. Defendants lack sufficient information to admit or deny, and therefore deny, the extent to which small differences in investment performance can result in significant differences in savings available at retirement. Defendants deny the remaining allegations in Paragraph 29, including the allegation that all UnitedHealth Defendants control the selection and retention of the Plan's investment options.

30.     Defendants admit that, as of December 31, 2020, the Plan had approximately $15 billion in assets under management, all of which was invested in the Master Trust. Defendants further admit that, as of December 31, 2020, the Plan was one of fourteen plans that invested in the Master Trust. Defendants further admit that Fidelity Management Trust Company is the trustee to the Master Trust. Defendants deny the remaining allegations in Paragraph 30.

31.     Defendants state that Paragraph 31 purports to characterize one or more documents, and refer to those documents as the best evidence of their contents. To the extent a further response is required, Defendants admit that as of December 31, 2019, the Master Trust in which the Plan's assets were invested held over $7 billion in the same target date funds that were available for investment in the Plan, and deny the remaining allegations in Paragraph 31.

32.     Paragraph 32 asserts legal conclusions to which no response is required. Defendants admit that as of December 31, 2019, the Master Trust in which the Plan's

assets were invested held over $7 billion in target date fund assets, and deny the remaining allegations in Paragraph 32.

## VI.    THE WELLS FARGO TARGET FUND SUITE

33.    Defendants admit that, during the putative class period, the Plan offered a single target date option at any given time, and that Wells Fargo managed the allocation of assets and risk in the Plan's target date option.  Defendants lack sufficient information to admit or deny, and therefore deny, the remaining allegations in Paragraph 33 concerning Plan participants' general investment opportunities.  Defendants deny the remaining allegations in Paragraph 33.

34.    Defendants admit that, in their understanding, the assets in a target date fund may be allocated according to the fund's target or anticipated retirement date, and that the name of the fund may refer to its target or anticipated retirement date. Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 34 as to the general investment objective of a target date fund.

35.    Defendants state that the funds offered through the Plan's target date option are structured as pooled investment funds, and that the funds invest directly in other funds.  Defendants further admit that, during the putative class period, Wells Fargo managed the allocation of assets and risk in the Plan's target date option, including some of the underlying assets in which the Plan's target date funds invested.  Defendants state that Paragraph 35 asserts hypotheticals that require no response.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegation regarding what

"nearly all target-date funds" or "most target-date funds" do. Defendants deny the remaining allegations in Paragraph 35.

36.    Defendants admit that the equity component of the Plan's target date option has at all times provided diversified exposure to equity investments. Defendants state that Paragraph 36 asserts arguments that require no response. Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 36 regarding what is "typical."

37.    Defendants admit that the fixed income component of the Plan's target date option has at all times provided diversified exposure to fixed income investments. Defendants state that Paragraph 37 asserts arguments that require no response.

38.    Defendants admit that the Plan's target date option is designed to reduce investment risk over time.

39.    Defendants state that Paragraph 39 includes a graphical illustration to which no response is required. Defendants admit that, in their understanding, a target date fund's allocation of assets and risk over time is its "glidepath," and that a target date fund's glidepath is designed to reduce investment risk over time. Defendants state that Paragraph 39 asserts hypotheticals that require no response. Defendants lack sufficient information to admit or deny, and therefore deny, the remaining allegations in Paragraph 39.

40.    Defendants admit that, in their understanding, a target date fund glidepath may be designed to take an investor "to" or "through" retirement. Defendants state that Paragraph 40 asserts hypotheticals that require no response. Defendants lack sufficient

information to admit or deny, and therefore deny, the allegations in Paragraph 40 regarding how assets are "generally" allocated.

41.     Defendants admit that the Plan's target date option employs a "through" glidepath that reaches its most conservative asset allocation after the target retirement date.  Defendants state that Paragraph 41 asserts hypotheticals that require no response. Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 41 regarding how assets are "generally" allocated.

42.     Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 42, including the allegations respecting what authority a portfolio manager has to make investment changes under its agreements with investors and other legal constraints.

43.     Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 43, including the allegations respecting what authority a portfolio manager has to make investment changes under its agreements with investors and other legal constraints.

44.     Defendants admit that funds with identical assets will experience identical investment performance.  Defendants deny the remaining allegations in Paragraph 44.

## VII.   THE WELLS FARGO TARGET FUND SUITE'S BENCHMARKS

### A.     The S&P Target Date Indices and Morningstar Peer Universes Are Meaningful Benchmarks to Compare Investment Performance

45.     Paragraph 45 asserts legal conclusions to which no response is required. Defendants lack sufficient information to admit or deny, and therefore deny, plaintiff's

allegations as to how funds are categorized by Morningstar.  Defendants deny the remaining allegations in Paragraph 45.

      **1.**      **The Plan and Wells Fargo Identify the S&P Target Date Indices as Benchmarks**

46.      Paragraph 46 asserts legal conclusions to which no response is required. Defendants admit that the Plan included the S&P Target Date Index Series as "the name and returns of an appropriate broad-based securities market index" for the Plan's target date option in notices containing Plan and investment-related information that were provided to Plan participants pursuant to 29 C.F.R. § 2550.404a-5 ("Participant Disclosure Notices") beginning in March 2019.  Defendants lack sufficient information to admit or deny, and therefore deny, plaintiff's allegations as to communications from Wells Fargo directly to Plan participants and to the public.

      **2.**      **Portfolio Analysis is the Key to Morningstar Peer Universe Categories**

47.      Paragraph 47 asserts legal conclusions to which no response is required. Defendants lack sufficient information to admit or deny, and therefore deny, plaintiff's allegations as to how funds are categorized by Morningstar.  Defendants deny the remaining allegations in Paragraph 47.

48.      Paragraph 48 asserts legal conclusions to which no response is required. Defendants lack sufficient information to admit or deny, and therefore deny, plaintiff's allegations as to how funds are categorized by Morningstar.  Defendants deny the remaining allegations in Paragraph 48.

49.     Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 49.

50.     Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 50.

51.     Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 51.

52.     Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 52 regarding the structure, investments, objectives, and other characteristics of what the Complaint labels the "Comparator Funds," including whether those characteristics are similar to the characteristics of Plan's target date option.

53.     Paragraph 53 asserts legal conclusions to which no response is required. Defendants deny that the identified funds are similar to the Plan's target date option, and lack sufficient information to admit or deny, and therefore deny, plaintiff's allegations as to how funds are categorized by Morningstar.

## VIII.   UNITEDHEALTH'S BREACHES

### A.     The UnitedHealth Defendants Imprudently Retained the Family of Poorly Performing Wells Fargo Target Date Funds

54.     Paragraph 54 asserts legal conclusions to which no response is required. Defendants admit that, in their understanding, target date funds generally comprise a "suite" of funds.  Defendants further admit that, during the putative class period, Wells Fargo managed the allocation of assets and risk in all retirement year vintages of the Plan's target date option.  Defendants deny the remaining allegations in Paragraph 54.

55.     Paragraph 55 asserts legal conclusions to which no responses is required. Defendants admit that, in their understanding, target date funds generally comprise a "suite" of funds.  Defendants further admit that the Wells Fargo DJ Target 2010 N, Wells Fargo DJ Target 2015 N, Wells Fargo DJ Target 2020 N, Wells Fargo DJ Target 2025 N, Wells Fargo DJ Target 2030 N, Wells Fargo DJ Target 2035 N, Wells Fargo DJ Target 2040 N, Wells Fargo DJ Target 2045 N, Wells Fargo DJ Target 2050 N, and Wells Fargo DJ Target Today N were added to the Plan in 2010.  Defendants further admit that, during the putative class period, Wells Fargo managed the allocation of assets and risk in all retirement year vintages of the Plan's target date option.  Defendants deny the remaining allegations in Paragraph 55.

56.     Defendants admit that the Wells Fargo DJ Target 2010 N, Wells Fargo DJ Target 2015 N, Wells Fargo DJ Target 2020 N, Wells Fargo DJ Target 2025 N, Wells Fargo DJ Target 2030 N, Wells Fargo DJ Target 2035 N, Wells Fargo DJ Target 2040 N, Wells Fargo DJ Target 2045 N, Wells Fargo DJ Target 2050 N, and Wells Fargo DJ Target Today N were added to the Plan in 2010.  Defendants deny that the foregoing funds were retained in the Plan throughout the entire putative class period, and deny the remaining allegations in Paragraph 56.

57.     Defendants admit that during the putative class period, the Plan's target date offering was designated as the Plan's QDIA.  Defendants further admit that the QDIA for each participant was generally the target date fund with the target retirement year that was closest to the participant's 65th birthday.  Defendants deny the remaining allegations in Paragraph 57.

-14-

58.    Defendants admit that the Wells Fargo DJ Target 2010 N, Wells Fargo DJ Target 2015 N, Wells Fargo DJ Target 2020 N, Wells Fargo DJ Target 2025 N, Wells Fargo DJ Target 2030 N, Wells Fargo DJ Target 2035 N, Wells Fargo DJ Target 2040 N, Wells Fargo DJ Target 2045 N, Wells Fargo DJ Target 2050 N, and Wells Fargo DJ Target Today N were added to the Plan in 2010, and that the market offered a choice of target date suites at the time.  Defendants deny the remaining allegations in Paragraph 58.

59.    Paragraph 59 asserts legal conclusions to which no responses is required. Defendants admit that the Wells Fargo DJ Target 2010 N, Wells Fargo DJ Target 2015 N, Wells Fargo DJ Target 2020 N, Wells Fargo DJ Target 2025 N, Wells Fargo DJ Target 2030 N, Wells Fargo DJ Target 2035 N, Wells Fargo DJ Target 2040 N, Wells Fargo DJ Target 2045 N, Wells Fargo DJ Target 2050 N, and Wells Fargo DJ Target Today N were added to the Plan in 2010, and that Plan participants invested over $1 billion in the foregoing funds as of December 31, 2011.  Defendants deny the remaining allegations in Paragraph 59.

60.    Denied.

61.    Paragraph 61 asserts legal conclusions to which no response is required. Defendants admit that the Wells Fargo DJ Target 2055 N (EIN: 45-7008802) was added to the Plan in 2013 and the Wells Fargo DJ Target 2060 N (EIN: 47-6668828) was added to the Plan in 2015.  Defendants deny that the same target date funds were retained in the Plan throughout the entire putative class period, and deny the remaining allegations in Paragraph 61.

62.     Defendants lack sufficient information to admit or deny, and therefore deny, plaintiff's allegations as to how funds are categorized and ranked by Morningstar. Defendants deny the remaining allegations in Paragraph 62.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Defendants admit that there are a variety of target date funds in the marketplace, including what the Complaint labels the "Comparator Funds." Defendants lack sufficient knowledge to admit or deny, and therefore deny, the allegations in Paragraph 67 about how the identified managers distribute their products. Defendants deny the remaining allegations in Paragraph 67.

68.     Denied.

69.     Paragraph 69 asserts legal conclusions to which no response is required. Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 69 concerning plaintiff's knowledge. Defendants deny the remaining allegations in Paragraph 69.

**1.     Wells Fargo 2010 Fund**

70.     Defendants admit that the Plan invested in the Wells Fargo DJ Target 2010 N (EIN: 27-6745191) beginning in 2010. Defendants deny the remaining allegations in Paragraph 70.

-16-

71.     Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2010 N (EIN: 27-6745191) as of April 23, 2015, and deny the remaining allegations in Paragraph 71.

72.     Defendants admit that Paragraph 72 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2010 N (EIN: 27-6745191) and the Wells Fargo Target 2010 CIT E3 (EIN: 82-6539202) between January 1, 2016 and December 31, 2020.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 72 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 72.

73.     Defendants state that Paragraph 73 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 73.

74.     Defendants state that Paragraph 74 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 74.

**2.     Wells Fargo 2015 Fund**

75.     Defendants admit that the Plan invested in the Wells Fargo DJ Target 2015 N (EIN: 27-6745203) beginning in 2010.  Defendants deny the remaining allegations in Paragraph 75.

76.     Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2015 N (EIN: 27-6745203) as of April 23, 2015, and deny the remaining allegations in Paragraph 76.

77.     Defendants admit that Paragraph 77 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2015 N (EIN: 27-6745203) and the Wells Fargo Target 2015 CIT E3 (EIN: 82-6542271) between January 1, 2016 and December 31, 2020.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 77 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 77.

78.     Defendants state that Paragraph 78 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 78.

79.     Defendants state that Paragraph 79 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 79.

**3.     Wells Fargo 2020 Fund**

80.     Defendants admit that the Plan invested in the Wells Fargo DJ Target 2020 N (EIN: 27-6745217) beginning in 2010.  Defendants deny the remaining allegations in Paragraph 80.

81.     Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2020 N (EIN: 27-6745217) as of April 23, 2015, and deny the remaining allegations in Paragraph 81.

82.     Defendants admit that Paragraph 82 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2020 N (EIN: 27-6745217)  and the Wells Fargo Target 2020 CIT E3 (EIN: 82-6545168)

-18-

between January 1, 2016 and December 31, 2020.  Defendants lack sufficient information

to admit or deny, and therefore deny, the allegations in Paragraph 82 regarding the

returns of other funds.  Defendants deny the remaining allegations in Paragraph 82.

83.     Defendants state that Paragraph 83 purports to characterize a document or

report, and that the document or report itself is the best evidence of its contents.

Defendants deny the remaining allegations in Paragraph 83.

84.     Defendants state that Paragraph 84 asserts hypothetical arguments to which

no response is required.  To the extent a response is required, Defendants deny the

allegations in Paragraph 84.

**4.     Wells Fargo 2025 Fund**

85.     Defendants admit that the Plan invested in the Wells Fargo DJ Target 2025

N (EIN: 27-6745238) beginning in 2010.  Defendants deny the remaining allegations in

Paragraph 85.

86.     Defendants admit that the Plan was invested in the Wells Fargo DJ Target

2025 N (EIN: 27-6745238) as of April 23, 2015, and deny the remaining allegations in

Paragraph 86.

87.     Defendants admit that Paragraph 87 reflects the calendar year-end returns,

as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2025 N

(EIN: 27-6745238) and the Wells Fargo Target 2025 CIT E3 (EIN: 82-6547850) between

January 1, 2016 and December 31, 2020.  Defendants lack sufficient information to admit

or deny, and therefore deny, the allegations in Paragraph 87 regarding the returns of other

funds.  Defendants deny the remaining allegations in Paragraph 87.

88.     Defendants state that Paragraph 88 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 88.

89.     Defendants state that Paragraph 89 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 89.

**5.     Wells Fargo 2030 Fund**

90.     Defendants admit that the Plan invested in the Wells Fargo DJ Target 2030 N (EIN: 27-6745249) beginning in 2010.  Defendants deny the remaining allegations in Paragraph 90.

91.     Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2030 N (EIN: 27-6745249) as of April 23, 2015, and deny the remaining allegations in Paragraph 91.

92.     Defendants admit that Paragraph 92 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2030 N (EIN: 27-6745249) and the Wells Fargo Target 2030 CIT E3 (EIN: 82-6551318) between January 1, 2016 and December 31, 2020.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 92 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 92.

93.     Defendants state that Paragraph 93 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 93.

94.     Defendants state that Paragraph 94 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 94.

**6.     Wells Fargo 2035 Fund**

95.     Defendants admit that the Plan invested in the Wells Fargo DJ Target 2035 N (EIN: 27-6745261) beginning in 2010.  Defendants deny the remaining allegations in Paragraph 95.

96.     Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2035 N (EIN: 27-6745261) as of April 23, 2015, and deny the remaining allegations in Paragraph 96.

97.     Defendants admit that Paragraph 97 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2035 N (EIN: 27-6745261) and the Wells Fargo Target 2035 CIT E3 (EIN: 82-6554416) between January 1, 2016 and December 31, 2020.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 97 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 97.

98.     Defendants state that Paragraph 98 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 98.

99.     Defendants state that Paragraph 99 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 99.

### 7.    Wells Fargo 2040 Fund

100.    Defendants admit that the Plan invested in the Wells Fargo DJ Target 2040 N (EIN: 27-6745274) beginning in 2010.  Defendants deny the remaining allegations in Paragraph 100.

101.    To the extent a response is required, Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2040 N (EIN: 27-6745274) as of April 23, 2015, and deny the remaining allegations in Paragraph 101.

102.    Defendants admit that Paragraph 102 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2040 N (EIN: 27-6745274) and the Wells Fargo Target 2040 CIT E3 (EIN: 82-6557908) between January 1, 2016 and December 31, 2020.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 102 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 102.

103.    Defendants state that Paragraph 103 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 103.

104.    Defendants state that Paragraph 104 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 104.

### 8.    Wells Fargo 2045 Fund

105.    Defendants admit that the Plan invested in the Wells Fargo DJ Target 2045 N (EIN: 27-6745287) beginning in 2010.  Defendants deny the remaining allegations in Paragraph 105.

106.    To the extent a response is required, Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2045 N (EIN: 27-6745287) as of April 23, 2015, and deny the remaining allegations in Paragraph 106.

107.    Defendants admit that Paragraph 107 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2045 N (EIN: 27-6745287) and the Wells Fargo Target 2045 CIT E3 (EIN: 82-6560165) between January 1, 2016 and December 31, 2020.  Defendants deny the allegation purporting to state the Fund's "Cumulative Compound Performance."  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 107 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 107.

108.    Defendants state that Paragraph 108 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 108.

109.    Defendants state that Paragraph 109 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 109.

### 9.   Wells Fargo 2050 Fund

110.   Defendants admit that the Plan invested in the Wells Fargo DJ Target 2050 N (EIN: 27-6745297) beginning in 2010.  Defendants deny the remaining allegations in Paragraph 110.

111.   To the extent a response is required, Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2050 N (EIN: 27-6745297) as of April 23, 2015, and deny the remaining allegations in Paragraph 111.

112.   Defendants admit that Paragraph 112 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2050 N (EIN: 27-6745297) and the Wells Fargo Target 2050 CIT E3 (EIN: 82-6563190) between January 1, 2016 and December 31, 2020.  Defendants deny the allegation purporting to state the Fund's "Cumulative Compound Performance."  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 112 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 112.

113.   Defendants state that Paragraph 113 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 113.

114.   Defendants state that Paragraph 114 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 114.

10.     **Wells Fargo 2055 Fund**

115.     Defendants admit that the Plan invested in the Wells Fargo DJ Target 2055 N (EIN: 45-7008802) beginning in 2013, and deny the remaining allegations in Paragraph 115.  Defendants deny the remaining allegations in Paragraph 115.

116.     To the extent a response is required, Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2055 N (EIN: 45-7008802) as of April 23, 2015, and deny the remaining allegations in Paragraph 116.

117.     Defendants admit that Paragraph 117 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2055 N (EIN: 45-7008802) and the Wells Fargo Target 2055 CIT E3 (EIN: 82-6566776) between January 1, 2016 and December 31, 2020.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 117 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 117.

118.     Defendants state that Paragraph 118 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 118.

119.     Defendants state that Paragraph 119 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 119.

**11.    Wells Fargo 2060 Fund**

120.    Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2060 N (EIN: 47-6668828) as of December 31, 2015, and deny the remaining allegations in Paragraph 120.

121.    Defendants admit that Paragraph 121 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2060 N (EIN: 47-6668828) and the Wells Fargo Target 2060 CIT E3 (EIN: 82-6570747) between January 1, 2016 and December 31, 2020.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 121 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 121.

122.    Defendants state that Paragraph 122 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 122.

123.    Defendants state that Paragraph 123 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 123.

**IX.    CLASS ACTION ALLEGATIONS**

124.    Paragraph 124 asserts legal conclusions to which no response is required.

125.    Paragraph 125 asserts legal conclusions to which no response is required. Defendants admit that plaintiff purports to bring this action on behalf of the class described in Paragraph 125.

126.     Paragraph 126 asserts legal conclusions to which no response is required. Defendants admit that the Plan has more than 10,000 participants, and deny the remaining allegations in Paragraph 126.

127.     Paragraph 127 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 127.

128.     Paragraph 128 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 128.

129.     Paragraph 129 asserts legal conclusions to which no response is required. Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 129 concerning plaintiff's knowledge, and deny the remaining allegations in Paragraph 129.

130.     Paragraph 130 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 130.

131.     Paragraph 131 asserts legal conclusions to which no response is required. Defendants lack sufficient information to admit or deny, and therefore deny, the remaining allegations in Paragraph 131.

### X.    CAUSES OF ACTION

### COUNT I

**Breach of Duty of Prudence by Failing to Remove Imprudent Investments from the Plan During the Class Period**

**(Violation of ERISA, 29 U.S.C. § 1104)**
**(Against All UnitedHealth Defendants)**

132.    Defendants incorporate herein by reference their answers to all allegations in the Complaint.

133.    Defendants admit that UnitedHealth Group Incorporated offers the Plan as an employee benefit.

134.    Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 134.

135.    Paragraph 135 asserts legal conclusions to which no response is required.

136.    Paragraph 136 asserts legal conclusions to which no response is required.

137.    Paragraph 137 asserts legal conclusions to which no response is required.

138.    Paragraph 138 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 138.

139.    Paragraph 139 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 139.

140.    Paragraph 140 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 140.

141.    Paragraph 141 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 141.

142.     Paragraph 142 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 142.

143.     Paragraph 143 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 143.

## COUNT II

### Failure to Monitor

### (Against All UnitedHealth Defendants)

144.     Defendants incorporate herein by reference their answers to all allegations in the Complaint.

145.     Paragraph 145 asserts legal conclusions to which no response is required.

146.     Paragraph 146 asserts legal conclusions to which no response is required.

147.     Paragraph 147 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 147.

148.     Paragraph 148 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 148.

149.     Paragraph 149 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 149.

### PRAYER FOR RELIEF

The "Prayer for Relief" paragraph of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that plaintiff seeks the relief requested, but deny that plaintiff is entitled to any relief whatsoever.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Standing)

Plaintiff lacks constitutional and statutory standing to bring the claims alleged.

### Second Affirmative Defense

### (Failure to State a Claim)

Plaintiff fails to state a claim or cause of action upon which relief can be granted.

### Third Affirmative Defense

### (No Fiduciary Status)

Plaintiff's claims, and those of the members of the putative class, against certain Defendants are barred in whole or in part because those Defendants are not ERISA fiduciaries with respect to the conduct alleged in the Complaint.

### Fourth Affirmative Defense

### (Prudent Action)

Without conceding that all Defendants are fiduciaries with respect to the conduct alleged in the Complaint, plaintiff's claims, and those of the members of the putative class, are barred in whole or in part because Defendants' actions were prudent and cannot give rise to fiduciary liability under ERISA § 409(a), 29 U.S.C. § 1109(a).

### Fifth Affirmative Defense

### (Causation)

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part because any losses alleged by plaintiff were not caused by any breach of

fiduciary duty by Defendants, including, without limitation, on the ground that the Plan's target date option was at all times objectively reasonable and provided reasonable returns that were commensurate with the target date option's level of investment risk.

## Sixth Affirmative Defense

## (Absence of Cognizable Loss)

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part because they did not experience any cognizable loss from their investments in the Plan's target date option.

## Seventh Affirmative Defense

## (Lack of Control)

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part because any losses alleged by plaintiff were not caused by the fault or wrongdoing of Defendants or persons or entities over which Defendants had responsibility or control.

## Eighth Affirmative Defense

## (Independent Control)

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part by ERISA § 404(c), 29 U.S.C. § 1104(c), to the extent that plaintiff's claims are based on plaintiff's exercise of independent control over her individual account.

**Ninth Affirmative Defense**

**(Statutes of Limitation and Repose)**

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part by the applicable statute of limitations and statute of repose, including but not limited to ERISA § 413, 29 U.S.C. § 1113.

**Tenth Affirmative Defense**

**(Laches)**

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part by the doctrine of laches.

**Eleventh Affirmative Defense**

**(Failure to Exhaust Administrative Remedies)**

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part because of plaintiff's failure to exhaust administrative remedies available under the Plan.

**Twelfth Affirmative Defense**

**(Not Appropriate Relief)**

The claimed relief does not constitute appropriate relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

### Thirteenth Affirmative Defense

### (Failure to Mitigate)

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part because plaintiff or members of the putative class have proximately caused, contributed to, or failed to mitigate any and all claimed losses.

### Fourteenth Affirmative Defense

### (Setoff)

If any damages have been sustained by plaintiff, or by members of the putative class, Defendants are entitled under the equitable doctrine of setoff to eliminate or reduce any such damages by gains accruing to plaintiff and the putative class as a result of the conduct alleged.

### Fifteenth Affirmative Defense

### (Recoupment)

If any damages have been sustained by plaintiff, or by members of the putative class, Defendants are entitled under the equitable doctrine of recoupment to eliminate or reduce any such damages or gains accruing to plaintiff and the putative class as a result of the conduct alleged.

### Sixteenth Affirmative Defense

### (Estoppel)

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part by the doctrine of estoppel.

## Seventeenth Affirmative Defense

## (Waiver)

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part by the doctrine of waiver.

## Eighteenth Affirmative Defense

## (Release)

The claims of members of the putative class are barred in whole or in part to the extent that they have been released.

## Nineteenth Affirmative Defense

## (Covenant Not to Sue)

The claims of members of the putative class are barred in whole or in part to the extent that they are subject to a covenant not to sue.

## Twentieth Affirmative Defense

## (Bad Faith)

The claims alleged in the Complaint were brought in bad faith and on the basis of insufficient factual investigation by plaintiff and plaintiff's counsel, resulting in an unreasonable and vexatious proceeding. Under ERISA § 502(g)(1), 29 U.S.C. § 1132(g), and 28 U.S.C. § 1927, Defendants' costs and attorneys' fees should be assessed against plaintiff and plaintiff's counsel and awarded to UnitedHealth Group Incorporated.

## Reservation of Rights to Assert Additional Affirmative Defenses

Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery

proceedings or otherwise in this case and hereby reserve the right to amend their Answer to assert any such defense.

## <u>DEFENDANTS' PRAYER FOR RELIEF</u>

WHEREFORE, Defendants pray that the Court determine and adjudge:

a.    that the suit cannot be maintained as a class action;

b.    that the Complaint be dismissed on the merits;

c.    that plaintiff take nothing by the Complaint;

d.    that Defendants be awarded their costs, attorney's fees, and expenses incurred herein; and

e.    that Defendants be awarded such other and further relief as the Court may deem proper.

Dated: December 16, 2021            O'MELVENY & MYERS LLP


By: /s/ *Meaghan VerGow*
    Meaghan VerGow


Meaghan VerGow, DC Bar No. 977165*
Brian D. Boyle, DC Bar No. 419773*
**O'MELVENY & MYERS LLP**
1625 Eye Street, N.W.
Washington, DC  20006-4061
Telephone: (202) 383-5300
Facsimile: (202) 383 5414
mvergow@omm.com
bboyle@omm.com

Deborah A. Ellingboe, MN Bar No. 26216X
Isaac B. Hall, MN Bar No. 0395398
**FAEGRE DRINKER BIDDLE & REATH LLP**
2200 Wells Fargo Center 90 S.
Seventh Street
Minneapolis, Minnesota 55402
Telephone:    +1 612 766-8713
Facsimile:    +1 612 766-1600
debbie.ellingboe@faegredrinker.com
isaac.hall@faegredrinker.com

Counsel for Defendants

* Admitted *pro hac vice*