# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

KIM SNYDER, *on behalf of herself and all others similarly situated*,

                                                    Plaintiff,          Civil No. 21-1049 (JRT/BRT)

v.                                                                              **ORDER**

UNITEDHEALTH GROUP, INC. et al.
                                                    Defendants.

---

Alexandra Harwin, **SANFORD HEISLER SHARP,** 1350 Avenue of the Americas, 31st Floor, New York, NY 10019, for plaintiff.

Brian D Boylek, **O'MELVENY & MYERS LLP,** 1625 Eye Street, NW, Washington, DC 20006, for defendants.

The parties filed a Stipulation Concerning Class Certification (ECF No. 103) agreeing to certification of a proposed Class and, on the basis of that Stipulation after independent inquiry and the filings and proceedings in this case, the Court **HEREBY ORDERS THAT**:

1. The Court hereby finds that the requirements for class certification set forth in Fed. R. Civ. P. 23(a) and 23(b)(1)(A)&(B) are satisfied.

   a. The numerosity requirement in Fed. R. Civ. P. 23(a)(1) is satisfied, as the Class contains thousands of members.

   b. The commonality requirement in Fed. R. Civ. P. 23(a)(2) is satisfied, as Plaintiff's Complaint at ¶ 126 alleges multiple questions that are common to the claims of all Class members.

c. The typicality requirement in Fed. R. Civ. P. 23(a)(3) is satisfied, as Plaintiff and the Class members all participated in the UnitedHealth Group 401(k) Savings Plan and all invested in the Wells Fargo Target Fund Suite (or were beneficiaries of such participants), and the Class Claims (as hereafter defined) are based on alleged violations of ERISA that do not vary between Plaintiff and the Class members.

d. The adequacy requirement in Fed. R. Civ. P. 23(a)(4) is satisfied, as Plaintiff Kim Snyder has selected qualified counsel to represent her and has affirmed her commitment to serve as class representative.

e. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A), as prosecuting separate actions by Class members would create a risk of inconsistent adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Plan fiduciaries.

f. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(B), as adjudication of Plaintiff's claims as a practical matter would be dispositive of the interests of the other Class members.

2. Based on the Court's foregoing findings of fact, the Court hereby certifies the Class defined below with respect to the Class Claims specified.

a. <u>Class Definition:</u> All participants and beneficiaries of the UnitedHealth Group 401(k) Savings Plan ("Plan") who, through the Plan, invested in the Wells Fargo Target Fund Suite (comprising first the Wells Fargo Target CIT

E3 funds and then the Wells Fargo DJ Target N funds for target date vintages 2010, 2015, 2020, 2025, 2030, 2035, 2040, 2045, 2050, 2055, and 2060) from April 23, 2015, through the date of judgment (the "Class Period"), excluding any individuals who served during the Class Period as members of UnitedHealth Group Incorporated's board of directors, any individuals who served during the Class Period as members of the UnitedHealth Group Retirement Plan's Investment Review Committee, the UnitedHealth Group Employee Benefits Plans Investment Committee, or the UnitedHealth Group Employee Benefits Plans Administrative Committee, and any individual who served during the Class Period as UnitedHealth Group's Executive Vice President of Human Capital.

b. <u>Class Claims:</u> (1) breach of the duty of prudence set forth in the Employee Retirement Income Security Act of 1974 ("ERISA") based on Defendants' alleged failure to remove the Wells Fargo Target Fund Suite from the UnitedHealth Group 401(k) Savings Plan during the Class Period, and (2) breach of the duty of prudence set forth in ERISA based on Defendants' alleged failure during the Class Period to monitor the individuals who possessed delegated authority to remove the Wells Fargo Target Fund Suite from the UnitedHealth Group 401(k) Savings Plan.

3. The Court previously reviewed the credentials of Sanford Heisler Sharp, LLP and specific attorneys from Sanford Heisler Sharp, LLP to serve as class counsel

3

pursuant to Fed. R. Civ. P. 26(g)(1), and the Court appointed them as Interim Class

Counsel at Doc. 49.  The Court hereby appoints David Sanford, Charles H. Field,

Alexandra Harwin, Kevin Sharp, Leigh Anne St. Charles, Johan Conrod, and Sanford

Heisler Sharp, LLP as Class Counsel in this case pursuant to Fed. R. Civ. P. 23(g)(1).

Dated: February 2, 2022                              s/John R. Tunheim
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                               Chief Judge
                                              United States District Court

4