**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

Kim Snyder,

        Plaintiff,

      v.                                  Case No. 0:21-cv-01049 (JRT/BRT)

UnitedHealth Group, Inc. et al.,

        Defendants.

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
AMENDED COMPLAINT**

Defendants UnitedHealth Group, Inc., the Board of Directors of UnitedHealth Group, Inc., David S. Wichmann, John Rex, and the UnitedHealth Group Employee Benefits Plans Investment Committee (collectively, "Defendants") submit this answer to plaintiff's Amended Complaint (ECF No. 119) pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure.

Unless specifically admitted, Defendants deny all the allegations in the numbered paragraphs of the Amended Complaint.  To the extent plaintiff has included headings, footnotes, illustrations, or allegations not contained within the specifically numbered paragraphs of the Amended Complaint, no response is necessary.  To the extent any headings, footnotes, illustrations, or allegations not contained within the specifically numbered paragraphs of the Amended Complaint require a response, Defendants deny them.  With respect to those allegations that do not specify an applicable time period, unless otherwise noted Defendants have answered as of the present date where possible. Defendants expressly reserve the right to seek to amend and/or supplement this Answer as may be necessary.

## I.   INTRODUCTION[1]

1.      Paragraph 1 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 1.

2.      Paragraph 2 asserts legal conclusions to which no response is required. Defendants admit that, during the putative class period, the UnitedHealth Group 401(k)

---

[1] Defendants have repeated the headings used by the Amended Complaint for organizational purposes only.

Savings Plan's ("Plan") target date option was designated the Plan's qualified default investment alternative ("QDIA") and that the Plan invested in target date suites managed by Wells Fargo & Company (together with its affiliates, "Wells Fargo") and its successor, Allspring Global Investments ("Allspring") (hereafter together referred to as the "Wells Fargo Target Fund Suite") until April 2022.  Defendants deny the remaining allegations in Paragraph 2.

3.     Denied.

4.     Paragraph 4 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 4.

## II.     OVERVIEW OF CLAIMS

5.     Paragraph 5 asserts legal conclusions to which no response is required. Defendants admit that plaintiff purports to bring the action described in Paragraph 5.

6.     Paragraph 6 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 6.

7.     Paragraph 7 asserts legal conclusions to which no response is required. Defendants admit that the UnitedHealth Group Employee Benefits Plans Investment Committee ("Investment Committee") currently has responsibility for selecting the options offered for investment through the Plan and for designating the Plan's QDIA. Defendants further admit that, during the putative class period, the Plan's target date option was at all times designated the QDIA for the Plan, and that Wells Fargo managed the allocation of assets and risk in the Plan's target date option until November 2021. Defendants deny the remaining allegations in Paragraph 7.

8.      Admitted.

9.      Defendants state that Paragraph 9 purports to characterize one or more documents, and refer to those documents as the best evidence of their contents. Defendants otherwise admit that there are a variety of target date options available in the marketplace, and lack sufficient information to admit or deny, and therefore deny, the remaining allegations in Paragraph 9.

10.     Defendants admit that, in their understanding, target date options generally comprise a "suite" of funds.  Defendants further admit that the Plan's target date option during the putative class period included multiple retirement year vintages.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations regarding what plans can "generally" select, and otherwise deny the allegations in Paragraph 10.

11.     Denied.

12.     Paragraph 12 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 12.

13.     Paragraph 13 asserts legal conclusions to which no response is required. Defendants admit that as of December 31, 2020, the UnitedHealth Group 401(k) Savings Plan Master Trust ("Master Trust") in which the Plan's assets were invested held over $7 billion in the same target date funds that were available for investment in the Plan. Defendants deny the remaining allegations in Paragraph 13.

14.     Paragraph 14 asserts legal conclusions to which no response is required. Defendants admit that plaintiff purports to bring this action and seek the relief as described in Paragraph 14, but deny that plaintiff is entitled to any relief whatsoever.

## II.     PARTIES

### A.     Plaintiff

15.     Paragraph 15 asserts legal conclusions to which no response is required. Defendants admit that plaintiff participated in the Plan during the putative class period, and that she allocated her Plan account in part to the Wells Fargo DJ Target 2035 N (EIN: 27-6745261) and the Wells Fargo Target 2035 CIT E3 (EIN: 82-6554416). Defendants further admit that plaintiff purports to bring this action as described in Paragraph 15.  Defendants deny the remaining allegations in Paragraph 15.

### B.     Defendants

16.     Defendants admit that UnitedHealth Group Incorporated ("UnitedHealth Group") is a Delaware corporation headquartered in Minnetonka, Minnesota, that it has a board of directors, and that it has substantial business operations in the health care industry.  Defendants further admit that UnitedHealth Group is the Plan's sponsor. Defendants deny the remaining allegations in Paragraph 16.

17.     Paragraph 17 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the Investment Committee currently has responsibility for selecting the options offered for investment through the Plan.

18.     Paragraph 18 asserts legal conclusions to which no response is required. Defendants admit that David S. Wichmann was previously employed as Chief Executive Officer of UnitedHealth Group.  Defendants deny the remaining allegations in Paragraph 18.

19.     Defendants admit that John Rex has served as Chief Financial Officer of UnitedHealth Group since June 2016, and that Mr. Rex was a member of the Investment Committee from January 1, 2017 to August 16, 2018, during which time he participated in Investment Committee decisions.  Defendants deny the remaining allegations in Paragraph 19.

### III.     JURISDICTION, VENUE, AND STANDING

20.     Paragraph 20 asserts legal conclusions to which no response is required.

21.     Paragraph 21 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that UnitedHealth Group may be found in this District, and deny the remaining allegations in Paragraph 21.

22.     Paragraph 22 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants admit that plaintiff participated in the Plan and allocated her Plan account in part to the Wells Fargo DJ Target 2035 N (EIN: 27-6745261) and the Wells Fargo Target 2035 CIT E3 (EIN: 82-6554416) during the putative class period, and that she purports to bring this action and seek the relief as described in Paragraph 22, but deny that plaintiff is entitled to any relief whatsoever.

23.     Paragraph 23 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23.

### IV.     ERISA'S FIDUCIARY STANDARDS

### A.     Overview of ERISA's Fiduciary Duties

24.     Paragraph 24 asserts legal conclusions to which no response is required.

25.     Paragraph 25 asserts legal conclusions to which no response is required.

26.     Paragraph 26 asserts legal conclusions to which no response is required.

27.     Paragraph 27 asserts legal conclusions to which no response is required.

28.     Paragraph 28 asserts legal conclusions to which no response is required.

29.     Paragraph 29 asserts legal conclusions to which no response is required.

**B.     Fiduciary Liability Under ERISA**

30.     Paragraph 30 asserts legal conclusions to which no response is required.

**C.     Co-Fiduciary Liability**

31.     Paragraph 31 asserts legal conclusions to which no response is required.

**V.     THE PLAN**

32.     Paragraph 32 asserts legal conclusions to which no response is required. Defendants admit that the Plan was first established on July 1, 1985, that the Plan is maintained under a written plan document, that UnitedHealth Group is the Plan's sponsor, and that the Plan maintained an Investment Policy Statement throughout the putative class period.

33.     Defendants admit that the Investment Committee currently has responsibility for selecting the options offered for investment through the Plan, which includes the responsibility to designate a QDIA under the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendants further admit that the Plan's QDIA for each Plan participant is the target date fund with the target retirement year that is closest to the participant's 65th birthday, except where a participant's date of birth is not available, in which case the QDIA is the shortest vintage retirement year offered within the Plan lineup. Defendants deny the remaining allegations in Paragraph 33.

34.     Defendants admit that, as of December 31, 2020, the Plan had approximately 200,000 participants with nonzero account balances, and that those participants were comprised of employees, former employees, and/or their beneficiaries. Defendants further admit that the Plan allows Plan participants to accumulate savings for retirement, and that a participant's account balance depends on contributions to the account as well as on the net-of-fee performance of the investment options to which the participant allocates his or her account.  Defendants lack sufficient information to admit or deny, and therefore deny, the extent to which small differences in investment performance can result in significant differences in savings available at retirement. Defendants deny the remaining allegations in Paragraph 34, including the allegation that all UnitedHealth Defendants control the selection and retention of the Plan's investment options.

35.     Defendants admit that, as of December 31, 2020, the Plan was one of fourteen plans with assets invested in the Master Trust.  Defendants further admit that Fidelity Management Trust Company is the trustee to the Master Trust.  Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants state that Paragraph 36 purports to characterize one or more documents, and refer to those documents as the best evidence of their contents.  To the extent a further response is required, Defendants admit that as of December 31, 2020, the Master Trust in which the Plan's assets were invested held over $8 billion in the same target date funds that were available for investment in the Plan.

37.     Paragraph 37 asserts legal conclusions to which no response is required. Defendants admit that as of December 31, 2020, the Master Trust in which the Plan's assets were invested held over $8 billion in target date fund assets, and deny the remaining allegations in Paragraph 37.

**VI.     THE WELLS FARGO TARGET FUND SUITE**

38.     Defendants admit that, from 2010 through 2021, the Plan offered a single target date option at any given time, and that Wells Fargo and it successor, Allspring, managed the allocation of assets and risk in the Plan's target date option until April 2022. Defendants lack sufficient information to admit or deny, and therefore deny, the remaining allegations in Paragraph 38 concerning Plan participants' general investment opportunities.  Defendants deny the remaining allegations in Paragraph 38.

39.     Defendants admit that, in their understanding, the assets in a target date fund may be allocated according to the fund's target or anticipated retirement date, and that the name of the fund may refer to its target or anticipated retirement date. Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 39 as to the general investment objective of a target date fund.

40.     Defendants admit that the funds offered through the Plan's target date option during the putative class period were structured as pooled investment funds, and that the funds invest directly in other funds.  Defendants state that Paragraph 40 asserts hypotheticals that require no response.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegation regarding what "nearly all target-date funds"

or "most target-date funds" do.  Defendants deny the remaining allegations in Paragraph 40.

41.     Defendants admit that the equity component of the Plan's target date option has at all times provided diversified exposure to equity investments.  Defendants state that Paragraph 41 asserts arguments that require no response.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 41 regarding what is "typical."

42.     Defendants admit that the fixed income component of the Plan's target date option has at all times provided diversified exposure to fixed income investments.  Defendants state that Paragraph 42 asserts arguments that require no response.

43.     Defendants admit that the Plan's target date option is designed to reduce investment risk over time.

44.     Defendants state that Paragraph 44 includes a graphical illustration to which no response is required.  Defendants admit that, in their understanding, a target date fund's allocation of assets and risk over time is its "glidepath," and that a target date fund's glidepath is designed to reduce investment risk over time.  Defendants state that Paragraph 44 asserts hypotheticals that require no response.  Defendants lack sufficient information to admit or deny, and therefore deny, the remaining allegations in Paragraph 44.

45.     Defendants admit that, in their understanding, a target date fund glidepath may be designed to take an investor "to" or "through" retirement.  Defendants state that Paragraph 45 asserts hypotheticals that require no response.  Defendants lack sufficient

information to admit or deny, and therefore deny, the allegations in Paragraph 45 regarding how assets are "generally" allocated.

46.     Defendants admit that, during the putative class period, the Plan's target date option employed a "through" glidepath that reached its most conservative asset allocation after the target retirement date.  Defendants state that Paragraph 46 asserts hypotheticals that require no response.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 46 regarding how assets are "generally" allocated.

47.     Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 47, including the allegations respecting what authority a portfolio manager has to make investment changes under its agreements with investors and other legal constraints.

48.     Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 48, including the allegations respecting what authority a portfolio manager has to make investment changes under its agreements with investors and other legal constraints.

49.     Defendants admit that funds with identical assets will experience identical investment performance.  Defendants deny the remaining allegations in Paragraph 49.

## VII.   THE WELLS FARGO TARGET FUND SUITE'S BENCHMARKS

### A.   The S&P Target Date Indices and Morningstar Peer Universes Are Meaningful Benchmarks to Compare Investment Performance

50.     Paragraph 50 asserts legal conclusions to which no response is required. Defendants lack sufficient information to admit or deny, and therefore deny, plaintiff's allegations as to how funds are categorized by Morningstar.  Defendants deny the remaining allegations in Paragraph 50.

#### 1.   The Plan and Wells Fargo Identified the S&P Target Date Indices as Benchmarks

51.     Paragraph 51 asserts legal conclusions to which no response is required. Defendants admit that the Plan included the S&P Target Date Index Series as "the name and returns of an appropriate broad-based securities market index" for the Plan's target date option in notices containing Plan and investment-related information that were provided to Plan participants pursuant to 29 C.F.R. § 2550.404a-5 ("Participant Disclosure Notices") beginning in March 2019.  Defendants lack sufficient information to admit or deny, and therefore deny, plaintiff's allegations as to communications from Wells Fargo directly to Plan participants and to the public.

#### 2.   Portfolio Analysis is the Key to Morningstar Peer Universe Categories

52.     Paragraph 52 asserts legal conclusions to which no response is required. Defendants lack sufficient information to admit or deny, and therefore deny, plaintiff's allegations as to how funds are categorized by Morningstar.  Defendants deny the remaining allegations in Paragraph 52.

53.     Paragraph 53 asserts legal conclusions to which no response is required. Defendants lack sufficient information to admit or deny, and therefore deny, plaintiff's allegations as to how funds are categorized by Morningstar.  Defendants deny the remaining allegations in Paragraph 53.

54.     Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 54.

55.     Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 55.

56.     Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 56.

57.     Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 57 regarding the structure, investments, objectives, and other characteristics of what the Amended Complaint labels the "Comparator Funds," including whether those characteristics are similar to the characteristics of the Plan's historical target date options.

58.     Defendants admit that the Investment Committee considered, at various points in time, an array of target date products for potential inclusion in the Plan, including the Fidelity Blend Target Date Funds, Fidelity Index Target Date Funds, State Street Target Retirement Funds, T. Rowe Price Retirement Hybrid Funds, and Vanguard Target Retirement Funds.  Defendants further admit that Mercer, the Plan's independent investment consultant, periodically compared the performance of the Plan's target date

funds with the performance of other target date funds in its reports to the Investment Committee.  Defendants deny the remaining allegations in Paragraph 58.

59.     Paragraph 59 asserts legal conclusions to which no response is required. Defendants admit that the Investment Committee considered, at various points in time, an array of target date products for potential inclusion in the Plan, including the Fidelity Blend Target Date Funds, Fidelity Index Target Date Funds, State Street Target Retirement Funds, T. Rowe Price Retirement Hybrid Funds, and Vanguard Target Retirement Funds.  Defendants deny that the identified funds were similar to the Wells Fargo Target Fund Suite, and lack sufficient information to admit or deny, and therefore deny, plaintiff's allegations as to how funds are categorized by Morningstar.  Defendants deny the remaining allegations in Paragraph 59.

## VIII.   UNITEDHEALTH'S BREACHES OF ERISA

### A.     The UnitedHealth Defendants Imprudently Retained the Family of Poorly Performing Wells Fargo Target Date Funds

60.     Defendants admit that the Wells Fargo DJ Target 2010 N, Wells Fargo DJ Target 2015 N, Wells Fargo DJ Target 2020 N, Wells Fargo DJ Target 2025 N, Wells Fargo DJ Target 2030 N, Wells Fargo DJ Target 2035 N, Wells Fargo DJ Target 2040 N, Wells Fargo DJ Target 2045 N, Wells Fargo DJ Target 2050 N, and Wells Fargo DJ Target Today N were added to the Plan in 2010.  Defendants further admit that Wells Fargo has been a customer of UnitedHealthcare since before 2010.  Defendants deny the remaining allegations in Paragraph 60.

61.     Paragraph 61 asserts legal conclusions to which no response is required. Defendants admit that, in their understanding, target date funds generally comprise a "suite" of funds.  Defendants further admit that, from April 23, 2015 to November 1, 2021, Wells Fargo managed the allocation of assets and risk in all retirement year vintages of the Plan's target date option.  Defendants deny the remaining allegations in Paragraph 61.

62.     Paragraph 62 asserts legal conclusions to which no response is required. Defendants admit that, in their understanding, target date funds generally comprise a "suite" of funds.  Defendants further admit that the Wells Fargo DJ Target 2010 N, Wells Fargo DJ Target 2015 N, Wells Fargo DJ Target 2020 N, Wells Fargo DJ Target 2025 N, Wells Fargo DJ Target 2030 N, Wells Fargo DJ Target 2035 N, Wells Fargo DJ Target 2040 N, Wells Fargo DJ Target 2045 N, Wells Fargo DJ Target 2050 N, and Wells Fargo DJ Target Today N were added to the Plan in 2010.  Defendants further admit that Wells Fargo and it successor, Allspring, managed the allocation of assets and risk in all retirement year vintages of the Plan's target date option until April 2022.  Defendants deny the remaining allegations in Paragraph 62.

63.     Defendants admit that the Wells Fargo DJ Target 2010 N, Wells Fargo DJ Target 2015 N, Wells Fargo DJ Target 2020 N, Wells Fargo DJ Target 2025 N, Wells Fargo DJ Target 2030 N, Wells Fargo DJ Target 2035 N, Wells Fargo DJ Target 2040 N, Wells Fargo DJ Target 2045 N, Wells Fargo DJ Target 2050 N, and Wells Fargo DJ Target Today N were added to the Plan in 2010.  Defendants deny that the foregoing

funds were retained in the Plan through 2021, and deny the remaining allegations in Paragraph 63.

64.     Defendants admit that during the putative class period, the Plan's target date offering was designated as the Plan's QDIA.  Defendants further admit that the QDIA for each participant was generally the target date fund with the target retirement year that was closest to the participant's 65th birthday.  Defendants deny the remaining allegations in Paragraph 64.

65.     Paragraph 65 asserts legal conclusions to which no response is required. Defendants admit that the Wells Fargo DJ Target 2010 N, Wells Fargo DJ Target 2015 N, Wells Fargo DJ Target 2020 N, Wells Fargo DJ Target 2025 N, Wells Fargo DJ Target 2030 N, Wells Fargo DJ Target 2035 N, Wells Fargo DJ Target 2040 N, Wells Fargo DJ Target 2045 N, Wells Fargo DJ Target 2050 N, and Wells Fargo DJ Target Today N were added to the Plan in 2010, and that Plan participants invested over $1 billion in the foregoing funds as of December 31, 2011.  Defendants deny the remaining allegations in Paragraph 65.

**B.      The UnitedHealth Defendants Recognized that the Wells Fargo Target Fund Suite Was an Imprudent Investment But Still Retained It To Curry Favor With and Benefit Their Key Business Partner, Wells Fargo**

66.     Defendants admit that Mercer, the Plan's independent investment consultant, recommended in October 2014 that the Investment Committee conduct a search to evaluate alternative target date strategies.  Defendants further admit that the UnitedHealth Group Retirement Plan's Investment Review Committee and the Investment

Committee, with Mercer's help, thereafter conducted extensive analyses of alternative target date strategies.  Defendants deny the remaining allegations in Paragraph 66.

67.     Defendants admit that the Investment Committee did not include the legacy Wells Fargo target date option in its August 2016 pool of finalists.  Defendants deny the remaining allegations in Paragraph 67.

68.     Defendants admit that members of the Investment Committee briefed John Rex and Ellen Wilson on a variety of topics in November 2016.  Defendants deny the remaining allegations in Paragraph 68.

69.     Defendants admit that the CFO of UnitedHealth Group is generally aware of the company's significant business relationships.  Defendants deny the remaining allegations in Paragraph 69.

70.     Denied.

71.     Defendants admit that John Rex and Ellen Wilson were appointed to the Investment Committee, effective January 1, 2017.  Defendants deny the remaining allegations in Paragraph 71.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Paragraph 75 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 75.

76.     Defendants state that Paragraph 76 purports to characterize a document, and that the document itself is the best evidence of its contents.  Defendants deny the remaining allegations in Paragraph 76.

77.     Denied.

78.     Paragraph 78 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 78.

79.     Denied.

80.     Denied.

**C.      The Wells Fargo Target Fund Suite Underperformed Compared to Numerous Meaningful Benchmarks For More than a Decade**

81.     Denied.

82.     Paragraph 82 asserts legal conclusions to which no response is required. Defendants admit that the Wells Fargo DJ Target 2055 N (EIN: 45-7008802) was added to the Plan in 2013 and the Wells Fargo DJ Target 2060 N (EIN: 47-6668828) was added to the Plan in 2015.  Defendants deny that the same target date funds were retained in the Plan throughout the entire putative class period, and deny the remaining allegations in Paragraph 82.

83.     Defendants lack sufficient information to admit or deny, and therefore deny, plaintiff's allegations as to how funds are categorized and ranked by Morningstar. Defendants deny the remaining allegations in Paragraph 83.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Defendants admit that there are a variety of target date funds in the marketplace, including what the Amended Complaint labels the "Comparator Funds." Defendants lack sufficient knowledge to admit or deny, and therefore deny, the allegations in Paragraph 88 about how the identified managers distribute their products. Defendants deny the remaining allegations in Paragraph 88.

89.     Paragraph 89 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 89.

90.     Paragraph 90 asserts legal conclusions to which no response is required. Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 90 concerning plaintiff's knowledge.  Defendants deny the remaining allegations in Paragraph 90.

**1.     Wells Fargo 2010 Fund**

91.     Defendants admit that the Plan invested in the Wells Fargo DJ Target 2010 N (EIN: 27-6745191) beginning in 2010.  Defendants deny the remaining allegations in Paragraph 91.

92.     Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2010 N (EIN: 27-6745191) as of April 23, 2015, and deny the remaining allegations in Paragraph 92.

93.     Defendants admit that Paragraph 93 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2010 N

(EIN: 27-6745191) and the Wells Fargo Target 2010 CIT E3 (EIN: 82-6539202) between January 1, 2016 and December 31, 2020.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 93 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 93.

94.     Defendants state that Paragraph 94 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 94.

95.     Defendants state that Paragraph 95 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 95.

**2.     Wells Fargo 2015 Fund**

96.     Defendants admit that the Plan invested in the Wells Fargo DJ Target 2015 N (EIN: 27-6745203) beginning in 2010.  Defendants deny the remaining allegations in Paragraph 96.

97.     Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2015 N (EIN: 27-6745203) as of April 23, 2015, and deny the remaining allegations in Paragraph 97.

98.     Defendants admit that Paragraph 98 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2015 N (EIN: 27-6745203) and the Wells Fargo Target 2015 CIT E3 (EIN: 82-6542271) between January 1, 2016 and December 31, 2020.  Defendants lack sufficient information to admit

or deny, and therefore deny, the allegations in Paragraph 98 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 98.

99.     Defendants state that Paragraph 99 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 99.

100.     Defendants state that Paragraph 100 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 100.

**3.     Wells Fargo 2020 Fund**

101.     Defendants admit that the Plan invested in the Wells Fargo DJ Target 2020 N (EIN: 27-6745217) beginning in 2010.  Defendants deny the remaining allegations in Paragraph 101.

102.     Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2020 N (EIN: 27-6745217) as of April 23, 2015, and deny the remaining allegations in Paragraph 102.

103.     Defendants admit that Paragraph 103 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2020 N (EIN: 27-6745217) and the Wells Fargo Target 2020 CIT E3 (EIN: 82-6545168) between January 1, 2016 and December 31, 2020.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 103 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 103.

104.    Defendants state that Paragraph 104 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 104.

105.    Defendants state that Paragraph 105 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 105.

### 4.    Wells Fargo 2025 Fund

106.    Defendants admit that the Plan invested in the Wells Fargo DJ Target 2025 N (EIN: 27-6745238) beginning in 2010.  Defendants deny the remaining allegations in Paragraph 106.

107.    Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2025 N (EIN: 27-6745238) as of April 23, 2015, and deny the remaining allegations in Paragraph 107.

108.    Defendants admit that Paragraph 108 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2025 N (EIN: 27-6745238) and the Wells Fargo Target 2025 CIT E3 (EIN: 82-6547850) between January 1, 2016 and December 31, 2020.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 108 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 108.

109.    Defendants state that Paragraph 109 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 109.

110.    Defendants state that Paragraph 110 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 110.

### 5.    Wells Fargo 2030 Fund

111.    Defendants admit that the Plan invested in the Wells Fargo DJ Target 2030 N (EIN: 27-6745249) beginning in 2010.  Defendants deny the remaining allegations in Paragraph 111.

112.    Paragraph 112 asserts legal conclusions to which no response is required. Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2030 N (EIN: 27-6745249) as of April 23, 2015, and deny the remaining allegations in Paragraph 112.

113.    Defendants admit that Paragraph 113 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2030 N (EIN: 27-6745249) and the Wells Fargo Target 2030 CIT E3 (EIN: 82-6551318) between January 1, 2016 and December 31, 2020.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 113 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 113.

114.    Defendants state that Paragraph 114 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 114.

115.    Defendants state that Paragraph 115 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 115.

###### 6.       Wells Fargo 2035 Fund

116.    Defendants admit that the Plan invested in the Wells Fargo DJ Target 2035 N (EIN: 27-6745261) beginning in 2010.  Defendants deny the remaining allegations in Paragraph 116.

117.    Paragraph 117 asserts legal conclusions to which no response is required. Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2035 N (EIN: 27-6745261) as of April 23, 2015, and deny the remaining allegations in Paragraph 117.

118.    Defendants admit that Paragraph 118 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2035 N (EIN: 27-6745261) and the Wells Fargo Target 2035 CIT E3 (EIN: 82-6554416) between January 1, 2016 and December 31, 2020.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 118 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 118.

119.    Defendants state that Paragraph 119 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 119.

120.    Defendants state that Paragraph 120 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 120.

### 7. Wells Fargo 2040 Fund

121.   Defendants admit that the Plan invested in the Wells Fargo DJ Target 2040 N (EIN: 27-6745274) beginning in 2010.  Defendants deny the remaining allegations in Paragraph 121.

122.   Paragraph 122 asserts legal conclusions to which no response is required. Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2040 N (EIN: 27-6745274) as of April 23, 2015, and deny the remaining allegations in Paragraph 122.

123.   Defendants admit that Paragraph 123 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2040 N (EIN: 27-6745274) and the Wells Fargo Target 2040 CIT E3 (EIN: 82-6557908) between January 1, 2016 and December 31, 2020.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 123 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 123.

124.   Defendants state that Paragraph 124 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 124.

125.   Defendants state that Paragraph 125 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 125.

### 8.    Wells Fargo 2045 Fund

126.    Defendants admit that the Plan invested in the Wells Fargo DJ Target 2045 N (EIN: 27-6745287) beginning in 2010.  Defendants deny the remaining allegations in Paragraph 126.

127.    Paragraph 127 asserts legal conclusions to which no response is required. Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2045 N (EIN: 27-6745287) as of April 23, 2015, and deny the remaining allegations in Paragraph 127.

128.    Defendants admit that Paragraph 128 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2045 N (EIN: 27-6745287) and the Wells Fargo Target 2045 CIT E3 (EIN: 82-6560165) between January 1, 2016 and December 31, 2020.  Defendants deny the allegation purporting to state the Fund's "Cumulative Compound Performance."  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 128 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 128.

129.    Defendants state that Paragraph 129 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 129.

130.    Defendants state that Paragraph 130 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 130.

### 9.   Wells Fargo 2050 Fund

131.   Defendants admit that the Plan invested in the Wells Fargo DJ Target 2050 N (EIN: 27-6745297) beginning in 2010.  Defendants deny the remaining allegations in Paragraph 131.

132.   Paragraph 132 asserts legal conclusions to which no response is required. Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2050 N (EIN: 27-6745297) as of April 23, 2015, and deny the remaining allegations in Paragraph 132.

133.   Defendants admit that Paragraph 133 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2050 N (EIN: 27-6745297) and the Wells Fargo Target 2050 CIT E3 (EIN: 82-6563190) between January 1, 2016 and December 31, 2020.  Defendants deny the allegation purporting to state the Fund's "Cumulative Compound Performance."  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 133 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 133.

134.   Defendants state that Paragraph 134 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 134.

135.   Defendants state that Paragraph 135 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 135.

10.     **Wells Fargo 2055 Fund**

136.    Defendants admit that the Plan invested in the Wells Fargo DJ Target 2055 N (EIN: 45-7008802) beginning in 2013.  Defendants deny the remaining allegations in Paragraph 136.

137.    Paragraph 137 asserts legal conclusions to which no response is required.  Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2055 N (EIN: 45-7008802) as of April 23, 2015, and deny the remaining allegations in Paragraph 137.

138.    Defendants admit that Paragraph 138 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2055 N (EIN: 45-7008802) and the Wells Fargo Target 2055 CIT E3 (EIN: 82-6566776) between January 1, 2016 and December 31, 2020.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 138 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 138.

139.    Defendants state that Paragraph 139 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents.  Defendants deny the remaining allegations in Paragraph 139.

140.    Defendants state that Paragraph 140 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 140.

### 11.    Wells Fargo 2060 Fund

141.    Defendants admit that the Plan was invested in the Wells Fargo DJ Target 2060 N (EIN: 47-6668828) as of December 31, 2015, and deny the remaining allegations in Paragraph 141.

142.    Defendants admit that Paragraph 142 reflects the calendar year-end returns, as disclosed in Participant Disclosure Notices, of the Wells Fargo DJ Target 2060 N (EIN: 47-6668828) and the Wells Fargo Target 2060 CIT E3 (EIN: 82-6570747) between January 1, 2016 and December 31, 2020.  Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 142 regarding the returns of other funds.  Defendants deny the remaining allegations in Paragraph 142.

143.    Defendants state that Paragraph 143 purports to characterize a document or report, and that the document or report itself is the best evidence of its contents. Defendants deny the remaining allegations in Paragraph 143.

144.    Defendants state that Paragraph 144 asserts hypothetical arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 144.

### IX.    CLASS ACTION ALLEGATIONS

145.    Paragraph 145 asserts legal conclusions to which no response is required.

146.    Paragraph 146 asserts legal conclusions to which no response is required. Defendants admit that plaintiff purports to bring this action on behalf of the class described in Paragraph 146.

147.    Paragraph 147 asserts legal conclusions to which no response is required. Defendants admit that the Plan has more than 10,000 participants, and deny the remaining allegations in Paragraph 147.

148.    Paragraph 148 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 148.

149.    Paragraph 149 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 149.

150.    Paragraph 150 asserts legal conclusions to which no response is required. Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 150 concerning plaintiff's knowledge, and deny the remaining allegations in Paragraph 150.

151.    Paragraph 151 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 151.

152.    Paragraph 152 asserts legal conclusions to which no response is required. Defendants lack sufficient information to admit or deny, and therefore deny, the remaining allegations in Paragraph 152.

X.     **CAUSES OF ACTION**

<u>**COUNT I**</u>

**Breach of Duty of Prudence by Failing to Remove Imprudent Investments from the Plan Within a Reasonable Time During the Class Period**

**(Violation of ERISA, 29 U.S.C. § 1104)**
**(Against All UnitedHealth Defendants)**

153.    Defendants incorporate herein by reference their answers to all allegations in the Amended Complaint.

154.    Defendants admit that UnitedHealth Group offers the Plan as an employee benefit.

155.    Defendants lack sufficient information to admit or deny, and therefore deny, the allegations in Paragraph 155.

156.    Paragraph 156 asserts legal conclusions to which no response is required.

157.    Paragraph 157 asserts legal conclusions to which no response is required.

158.    Paragraph 158 asserts legal conclusions to which no response is required.

159.    Paragraph 159 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 159.

160.    Paragraph 160 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 160.

161.    Paragraph 161 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 161.

162.    Paragraph 162 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 162.

163.    Paragraph 163 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 163.

164.    Paragraph 164 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 164.

## COUNT II

### Failure to Act in Accordance with Governing Plan Documents

### (Violation of ERISA, 29 U.S.C. § 1104(a)(1)(D))
### (Against All UnitedHealth Defendants)

165.    Defendants incorporate herein by reference their answers to all allegations in the Amended Complaint.

166.    Paragraph 166 asserts legal conclusions to which no response is required.

167.    Paragraph 167 asserts legal conclusions to which no response is required.

168.    Paragraph 168 asserts legal conclusions to which no response is required. Defendants admit that the Plan maintained an Investment Policy Statement throughout the putative class period, and that the Plan's Investment Policy Statement was amended from time to time.  Defendants deny the remaining allegations in Paragraph 168.

169.    Defendants state that Paragraph 169 purports to characterize one or more documents, and refer to those documents as the best evidence of their contents.  To the extent a further response is required, Defendants deny the allegations in Paragraph 169.

170.    Denied.

171.    Defendants state that Paragraph 171 purports to characterize one or more documents, and refer to those documents as the best evidence of their contents. Defendants deny the remaining allegations in Paragraph 171.

172.    Paragraph 172 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 172.

173.    Paragraph 173 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 173.

174.    Paragraph 174 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 174.

## COUNT III

**Breach of Duty of Loyalty by Retaining the Wells Fargo Target Fund Suite**

**(Violation of ERISA, 29 U.S.C. § 1104)**
**(Against All UnitedHealth Defendants)**

175.    Defendants incorporate herein by reference their answers to all allegations in the Amended Complaint.

176.    Paragraph 176 asserts legal conclusions to which no response is required.

177.    Denied.

178.    Defendants admit that UnitedHealth Group and Wells Fargo have had various business relationships over time.  To the extent a further response is required, Defendants deny the allegations in Paragraph 178.

179.    Paragraph 179 asserts legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 179.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Paragraph 183 asserts legal conclusions to which no response is required.
To the extent a response is required, Defendants deny the allegations in Paragraph 183.

184.    Paragraph 184 asserts legal conclusions to which no response is required.
To the extent a response is required, Defendants deny the allegations in Paragraph 184.

185.    Paragraph 185 asserts legal conclusions to which no response is required.
To the extent a response is required, Defendants deny the allegations in Paragraph 185.

186.    Paragraph 186 asserts legal conclusions to which no response is required.
To the extent a response is required, Defendants deny the allegations in Paragraph 186.

187.    Paragraph 187 asserts legal conclusions to which no response is required.
To the extent a response is required, Defendants deny the allegations in Paragraph 187.

## COUNT IV

### Prohibited Transactions

### (Violation of ERISA, 29 U.S.C. § 1106(a)(1)(D), 1106(b)(1))
### (Against All UnitedHealth Defendants)

188.    Defendants incorporate herein by reference their answers to all allegations
in the Amended Complaint.

189.    Paragraph 189 asserts legal conclusions to which no response is required.
To the extent a response is required, Defendants deny the allegations in Paragraph 189.

190.    Paragraph 190 asserts legal conclusions to which no response is required.

191.    Paragraph 191 asserts legal conclusions to which no response is required.

192.    Paragraph 192 asserts legal conclusions to which no response is required.
To the extent a further response is required, Defendants deny the allegations in Paragraph
192.

193.    Paragraph 193 asserts legal conclusions to which no response is required.
To the extent a response is required, Defendants deny the allegations in Paragraph 193.

194.    Paragraph 194 asserts legal conclusions to which no response is required.
To the extent a response is required, Defendants deny the allegations in Paragraph 194.

195.    Paragraph 195 asserts legal conclusions to which no response is required.
To the extent a response is required, Defendants deny the allegations in Paragraph 195.

196.    Paragraph 196 asserts legal conclusions to which no response is required.
To the extent a response is required, Defendants deny the allegations in Paragraph 196.

## COUNT V

### Failure to Monitor

### (Against All UnitedHealth Defendants)

197.    Defendants incorporate herein by reference their answers to all allegations
in the Amended Complaint.

198.    Paragraph 198 asserts legal conclusions to which no response is required.

199.    Paragraph 199 asserts legal conclusions to which no response is required.

200.    Paragraph 200 asserts legal conclusions to which no response is required.
To the extent a response is required, Defendants deny the allegations in Paragraph 200.

201.    Paragraph 201 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 201.

202.    Paragraph 202 asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 202.

## PRAYER FOR RELIEF

The "Prayer for Relief" paragraph of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that plaintiff seeks the relief requested, but deny that plaintiff is entitled to any relief whatsoever.

## <u>DEFENDANTS' AFFIRMATIVE DEFENSES</u>

### First Affirmative Defense

### (Standing)

Plaintiff lacks constitutional and statutory standing to bring the claims alleged.

### Second Affirmative Defense

### (Failure to State a Claim)

Plaintiff fails to state a claim or cause of action upon which relief can be granted.

### Third Affirmative Defense

### (No Fiduciary Status)

Plaintiff's claims, and those of the members of the putative class, against certain Defendants are barred in whole or in part because those Defendants are not ERISA fiduciaries with respect to the conduct alleged in the Amended Complaint.

**Fourth Affirmative Defense**

**(Prudent Action)**

Without conceding that all Defendants are fiduciaries with respect to the conduct alleged in the Amended Complaint, plaintiff's claims, and those of the members of the putative class, are barred in whole or in part because Defendants' actions were prudent and cannot give rise to fiduciary liability under ERISA § 409(a), 29 U.S.C. § 1109(a).

**Fifth Affirmative Defense**

**(Causation)**

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part because any losses alleged by plaintiff were not caused by any breach of fiduciary duty by Defendants, including, without limitation, on the ground that the Plan's target date option was at all times objectively reasonable and provided reasonable returns that were commensurate with the target date option's level of investment risk.

**Sixth Affirmative Defense**

**(Absence of Cognizable Loss)**

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part because they did not experience any cognizable loss from their investments in the Plan's target date option.

**Seventh Affirmative Defense**

**(Lack of Control)**

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part because any losses alleged by plaintiff were not caused by the fault or

wrongdoing of Defendants or persons or entities over which Defendants had responsibility or control.

### Eighth Affirmative Defense

### (Independent Control)

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part by ERISA § 404(c), 29 U.S.C. § 1104(c), to the extent that plaintiff's claims are based on plaintiff's exercise of independent control over her individual account.

### Ninth Affirmative Defense

### (Statutes of Limitation and Repose)

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part by the applicable statute of limitations and statute of repose, including but not limited to ERISA § 413, 29 U.S.C. § 1113.

### Tenth Affirmative Defense

### (Laches)

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part by the doctrine of laches.

### Eleventh Affirmative Defense

### (Failure to Exhaust Administrative Remedies)

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part because of plaintiff's failure to exhaust administrative remedies available under the Plan.

-38-

## Twelfth Affirmative Defense

## (Not Appropriate Relief)

The claimed relief does not constitute appropriate relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## Thirteenth Affirmative Defense

## (Failure to Mitigate)

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part because plaintiff or members of the putative class have proximately caused, contributed to, or failed to mitigate any and all claimed losses.

## Fourteenth Affirmative Defense

## (Setoff)

If any damages have been sustained by plaintiff, or by members of the putative class, Defendants are entitled under the equitable doctrine of setoff to eliminate or reduce any such damages by gains accruing to plaintiff and the putative class as a result of the conduct alleged.

## Fifteenth Affirmative Defense

## (Recoupment)

If any damages have been sustained by plaintiff, or by members of the putative class, Defendants are entitled under the equitable doctrine of recoupment to eliminate or reduce any such damages or gains accruing to plaintiff and the putative class as a result of the conduct alleged.

## Sixteenth Affirmative Defense

### (Estoppel)

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part by the doctrine of estoppel.

## Seventeenth Affirmative Defense

### (Waiver)

Plaintiff's claims, and those of the members of the putative class, are barred in whole or in part by the doctrine of waiver.

## Eighteenth Affirmative Defense

### (Release)

The claims of members of the putative class are barred in whole or in part to the extent that they have been released.

## Nineteenth Affirmative Defense

### (Covenant Not to Sue)

The claims of members of the putative class are barred in whole or in part to the extent that they are subject to a covenant not to sue.

## Twentieth Affirmative Defense

### (Bad Faith)

The claims alleged in the Amended Complaint were brought in bad faith and on the basis of insufficient factual investigation by plaintiff and plaintiff's counsel, resulting in an unreasonable and vexatious proceeding. Under ERISA § 502(g)(1), 29 U.S.C.

§ 1132(g), and 28 U.S.C. § 1927, Defendants' costs and attorneys' fees should be assessed against plaintiff and plaintiff's counsel and awarded to UnitedHealth Group.

**Reservation of Rights to Assert Additional Affirmative Defenses**

Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend their Answer to assert any such defense.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that the Court determine and adjudge:

a.     that the suit cannot be maintained as a class action;

b.     that the Amended Complaint be dismissed on the merits;

c.     that plaintiff take nothing by the Amended Complaint;

d.     that Defendants be awarded their costs, attorney's fees, and expenses incurred herein; and

e.     that Defendants be awarded such other and further relief as the Court may deem proper.

Dated: September 7, 2022          O'MELVENY & MYERS LLP


By: /s/ *Meaghan VerGow*
    Meaghan VerGow


Meaghan VerGow, DC Bar No. 977165*
Brian D. Boyle, DC Bar No. 419773*
Alexander Reed, DC Bar No. 1643688*
**O'MELVENY & MYERS LLP**
1625 Eye Street, N.W.
Washington, DC  20006-4061
Telephone: (202) 383-5300
Facsimile: (202) 383 5414
mvergow@omm.com
bboyle@omm.com
areed@omm.com

Deborah A. Ellingboe, MN Bar No. 26216X
Isaac B. Hall, MN Bar No. 0395398
**FAEGRE DRINKER BIDDLE & REATH LLP**
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, Minnesota 55402
Telephone:   +1 612 766-8713
Facsimile:   +1 612 766-1600
debbie.ellingboe@faegredrinker.com
isaac.hall@faegredrinker.com

Counsel for Defendants

*Admitted *pro hac vice*