UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kim Snyder, | Civ. No. 21-1049 (JRT/BRT) |
| Plaintiff, | |
| v. | **FIRST AMENDED PRETRIAL SCHEDULING ORDER** |
| UnitedHealth Group, Inc., et al., | |
| Defendants. | |

The Complaint in this case was filed on April 23, 2021. With the approval of the Court, the parties held their Rule 26(f) conference in August 2021, and a Pretrial Scheduling Conference was held on October 1, 2021. (Doc. No. 81.) This matter is before the Court on the parties' August 12, 2022 joint stipulated proposal to amend the Pretrial Scheduling Order. (Doc. No. 116.) An Amended Complaint was filed on August 24, 2022. (Doc. No. 119.)

A status conference was held on August 30, 2022. (Doc. No. 120.) After a thorough discussion, the Court requested and received further proposals from counsel on September 21, 2022. The Court finds good cause for amending the Pretrial Scheduling Order (Doc. No. 85). The Court further advises counsel that the deadlines set forth in this First Amended Pretrial Scheduling Order are unlikely to be modified again if further extensions would jeopardize the just, speedy, and inexpensive determination of this action.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule will govern these proceedings unless modified by this Court's order. This Pretrial Scheduling Order has been tailored to the needs of the case with the input of the parties. The parties and their counsel must diligently work to meet all the deadlines and obligations set forth in the Order.

**STIPULATED PROPOSALS TO AMEND THE SCHEDULING ORDER**

If the parties agree on proposals to amend this Pretrial Scheduling Order, a formal motion is not necessary unless the provision on "Modification of a Scheduling Order" below applies. Any stipulation to support a proposed amendment must show good cause and explain how the requirements of Local Rule 16.3 are satisfied. Agreement between the parties is not sufficient. Stipulated proposals must be filed, and the parties must submit a proposed order in Word format to chambers.

**MODIFICATION OF A SCHEDULING ORDER—CIRCUMSTANCES WHERE MOTION IS REQUIRED**

If any portion of a proposed amended scheduling order seeks to resurrect an expired deadline, or is opposed, a motion to modify the Pretrial Scheduling Order must be made in accordance with Local Rule 16.3.

**PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY**

The parties have discussed any issues about preserving discoverable information. The parties have also discussed the scope of discovery, including relevance and proportionality. The parties agreed to the following provision:

The parties must negotiate in good faith to reach agreement and present to the Court, on or before **October 28, 2021**, a Joint Stipulation and Proposed Order for Discovery of Electronically Stored Information. The parties must negotiate in good faith to reach agreement, by **December 9, 2021**, on the parameters for ESI searches (including ESI custodians and ESI search terms) in connection with any document requests to which responses (and, if applicable, objections) have been served. Any disputes regarding ESI searches must be presented to the Court on or before **January 11, 2022**. These deadlines have already passed.

The parties are advised that an e-Discovery Guide is available on the Court's website http://www.mnd.uscourts.gov.[1]

**INITIAL DISCLOSURES**

The parties made their initial disclosures under Fed. R. Civ. P. 26(a)(1) on **September 21, 2021**. If a description by category and location of the documents is offered pursuant to Rule 26(a)(1)(A)(ii), the party must provide a copy of their initial disclosure documents by **February 1, 2022**, to the extent they are in that party's possession and control. These deadlines have already passed.

---

[1]   If a formal plan or protocol is appropriate, the parties should: (1) consider whether their plan should be submitted to the Court as a proposed order; (2) serve early document requests pursuant to Rule 34 to facilitate their discussions about electronic discovery, or, if early document requests are impracticable, serve a list of the types of documents the party will seek in discovery; (3) discuss where discovery sought is stored, including storage on the party's premises, data stored by a party using third-party providers (e.g., the "cloud"), storage on devices used by a party (or its employees, for example) including laptops, smart phones, or other personal devices; (4) discuss whether email or other electronic communications will be sought and identify what electronic discovery tools or techniques will be applied; and (5) discuss the other topics relating to electronic discovery set forth in the Federal Rules of Civil Procedure. A plan or protocol should be clear on how the plan or protocol will operate during the course of fact discovery to satisfy a party's obligation to respond to a first and subsequent set of document requests.

**FACT DISCOVERY**

- The parties are not required to commence the review and production of documents (including preparing any privilege log(s)), or to provide substantive answers to any interrogatories or requests for admission, until **February 1, 2022** (except as otherwise provided below). This deadline has already passed.

- Prior to February 1, 2022, however, the parties must take reasonable steps to prepare the case for discovery to immediately proceed after **February 1, 2022**. This deadline has already passed.

- The parties must serve timely written objections, if applicable, to any other interrogatories and any requests for admissions served by **December 31, 2021**, in accordance with the Federal Rules of Civil Procedure, and must serve substantive answers on **February 1, 2022**. These deadlines have already passed.

- Document discovery procedures, including documents sought through Rule 45 subpoenas, must be commenced in time for document production to be substantially complete by **July 1, 2022**. This deadline has already passed. No additional subpoenas for documents may be served.

- Any written discovery necessary for the taking of fact depositions must be commenced in time for that written discovery to be complete by **December 13, 2022**.

- All other fact discovery, including the completion of fact depositions must be commended in time for all fact discovery to be completed by **April 3, 2023**.

- Any additional written discovery seeking information disclosed during a deposition must be commenced in time for that discovery to be completed by the fact discovery deadline. Fact discovery will not be further extended because a party (or that party's counsel) learns something new at a deposition taken late in the fact discovery period. Accordingly, counsel and the parties must take this into account when scheduling any fact depositions.

**ADDITIONAL DISCOVERY LIMITATIONS**

The following discovery limitations apply:

1. No more than a total of 25 interrogatories, counted in accordance with Fed. R. Civ. P. 33(a), shall be served by either side.

2. No more than 100 document requests shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents

4

       or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

3. Except for requests for admission for the authentication of documents, no more than 50 requests for admissions shall be served by each side.

4. The parties agree to limit each side to the following number of fact depositions: thirteen (13) 30(b)(1) depositions of persons who are parties or current or former employees of UnitedHealth Group, Inc.; up to three (3) 30(b)(6) depositions of UnitedHealth Group, Inc., the UnitedHealth Group Employee Benefit Plans Investment Committee, and the Investment Sub-Committee of the UnitedHealth Group Employee Benefits Plans Investment Committee, though the parties agree that any witness identified as a corporate representative of all three entities will be made available for a single deposition on the designated topic(s) to avoid undue burden, given the substantial overlap in the noticed topics; and six (6) other non-party depositions (inclusive of any 30(b)(6) depositions of non-parties). Additional depositions will not be permitted absent leave of court with a particularized showing of why the discovery is necessary and that the circumstances necessitating the deposition were not known to or reasonably ascertainable by counsel as of the date of this Scheduling Order.

5. The parties must file a fact deposition schedule no later than **November 10, 2022**, setting forth a schedule for the deposition of the parties and current employees of UnitedHealth Group, Inc.

6. Unless otherwise ordered, any notices for Rule 30(b)(6) depositions with particularized topics must be served no later than **August 1, 2022**. This deadline has already passed. The parties must promptly meet and confer about the topics consistent with the Rule. Any disputes regarding a Rule 30(b)(6) deposition must brought to the Court via the procedures set forth in this Pretrial Scheduling Order and Local Rules and any motions must be filed at least 28 days before the deposition is set to be taken.

7. Any amended or additional notices for Rule 30(b)(6) testimony of third parties must be served by **January 19, 2023**.

**DEADLINES FOR EXPERT DISCOVERY**

Disclosure of the identity of expert witnesses under Fed. R. Civ. P. 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), and production of the written report prepared and signed by the expert witness, must be made as follows:

1. Plaintiff anticipates calling at least 3 experts in the fields of fiduciary process, investment products and analysis, and damages/loss valuation. Defendants anticipate calling an equal number of experts in the same fields. Counsel for the parties must meet and confer to confirm the fields (not necessarily the identities) of expert witnesses no later than **July 1, 2022**. This deadline has already passed.

2. This requirement is intended to avoid surprises and to allow each party to retain and work with experts efficiently. This early deadline also provides the parties time to request any amendment of the scheduling order regarding the sequencing of expert disclosures.

3. The identity of Plaintiff's and Defendants' respective initial experts must be disclosed no later than **March 24, 2023**.

4. Plaintiff's and Defendants' initial expert written report(s), completed in accordance with Fed. R. Civ. P. 26(a)(2)(B), must be served no later than **April 14, 2023.**

5. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed no later than **April 28, 2023**.

6. Any rebuttal expert written report(s) completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served no later than **May 12, 2023**.

7. All expert discovery, including expert depositions, must be completed by no later than **June 2, 2023** following the deadline for the completion of fact discovery.

    The parties must meet and confer to coordinate expert depositions immediately following each disclosure of experts so that all expert depositions can be coordinated and completed on time. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

8. Any expert who is disclosed and provides any report(s) shall be deposed only once, barring leave of Court.

6

## PRIVILEGE LOG

Counsel must meet and confer to discuss how they plan to comply with Rule 26(a)(5) and attempt to reach agreement on the format of any privilege log. Below are potential topics for discussion:

- **Timing**. When will privilege logs be produced, with or shortly after each production or after the production is substantially complete?
- **Detail**. What information will be contained on the log and how much detail will describe the privilege asserted and content withheld/redacted?
- **Exclusions/Date Limitations**. Will certain categories or date ranges of communications be excluded, e.g., communications with outside litigation counsel, or privileged documents or ESI dated on or after the date of the complaint?
- **Format**. Will the log be provided as a spreadsheet containing agreed-upon metadata from the load file along with the privilege rationale?

The parties must negotiate in good faith to reach agreement about privilege log topics and present their agreement to the Court, on or before **November 4, 2021**, by filing a joint letter or a stipulation. This deadline has already passed.

## NON-DISPOSITIVE MOTION DEADLINES

1. Motions seeking to join other parties must be filed and served **October 14, 2022**. The parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

2. Motions seeking to amend the pleadings must be filed and served **October 14, 2022**. The parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

3. Other non-dispositive motions.

    a) All non-dispositive motions relating to discovery necessary for fact depositions must be filed and served by **December 20, 2022**.

    b) All non-dispositive motions relating to fact discovery (other than discovery necessary for fact depositions) must be filed and served by **April 10, 2023**.

      c)      All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by **May 26, 2023**.

      d)      The parties must meet and confer to resolve fact and expert discovery disputes when they arise, and if unresolved, bring discovery disputes promptly to the Court's attention.

## INFORMAL DISPUTE RESOLUTION (IDR) (NOT INVOLVING THIRD PARTIES)

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. **All parties must agree to participate before the Court will consider IDR. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal non-dispositive motion practice.**

If the parties agree to pursue the IDR process, they must send a short joint email to the chambers of the assigned magistrate judge to request IDR. The email must generally describe the dispute in a few sentences. The assigned magistrate judge will review the joint email and determine next steps, which may include, setting a status conference, deadlines for submission of IDR letters, or setting a telephone or video hearing.

## NON-DISPOSITIVE MOTIONS

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling chambers of the assigned magistrate prior to filing.

Even if the parties agree that a motion can be submitted on the papers without oral argument, chambers of the assigned magistrate judge must be contacted to set the date for submission of the matter to the Court. When there is no oral argument, the matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing. Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties should jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the **notice of hearing** informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and remaining motion papers no later than 14 days before the hearing date, unless a different briefing schedule is set. A party may not call chambers to secure a hearing date without that party serving and filing a notice of hearing immediately after securing the hearing date. In other words, parties may not call chambers to "hold" a hearing date without giving all parties notice of the hearing date immediately following the call.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

**DISPOSITIVE MOTIONS**

All dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) shall be served and filed by the moving party on or before **August 4, 2023.**

All dispositive motions must comply with Local Rule 7.1. Responses to dispositive motions shall be filed with the Court and served on or before twenty-one days after the service of the supporting memorandum to the original motion. Replies to responsive briefs shall be served and filed fourteen days after the service of the response to the dispositive motion. Upon the motion being fully briefed and filed, counsel for the moving party shall e-mail Chief Judge John R. Tunheim's chambers at ***tunheim_chambers@mnd.uscourts.gov*** to request a hearing date. Upon receiving a hearing date, time, and location from Judge Tunheim's Courtroom Deputy, the moving party shall file the amended notice of hearing at that time.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via ECF a letter of no more than three pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

**PROTECTIVE ORDER**

The parties have submitted a proposed protective order and the Court has since issued a Protective Order at Doc. No. 82.

**FILING DOCUMENTS UNDER SEAL**

If the parties file documents under seal, they must follow the procedures set forth in Local Rule 5.6. This Court notes that the Committee Notes to the Local Rule are instructive. *See* http://www.mnd.uscourts.gov/local_rules/LR-5-6.pdf.

**PRIVILEGE/PROTECTION**

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents.

**SETTLEMENT CONFERENCE**

In view of the impending retirement of the undersigned, no rescheduled settlement conference date will be set at this time. However, the parties should jointly contact the chambers of the next assigned magistrate judge no later than **14 days** after this case is reassigned to request a Settlement Conference. The parties agree that the best timing for a Settlement Conference will be Spring 2023. The Settlement Conference set for **October 25, 2022** before the undersigned is canceled.

**TRIAL**

This case will be ready for a **bench** trial on or about **December 4, 2023**. Plaintiff believes the anticipated length of trial is **15 days**. The Defendants believe the anticipated length of trial is **5-7 days**.

To the extent they do not conflict with this First Amended Pretrial Scheduling Order, all other deadlines and requirements set forth in the Pretrial Scheduling Order (Doc. No. 85) remain in full force and effect.


Date:   September 22, 2022            *s/ Becky R. Thorson*
                                      BECKY R. THORSON
                                      United States Magistrate Judge