UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Kim Snyder, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>UnitedHealth Group, Inc., et al.,<br><br>Defendants. | No. 21-cv-1049 (JRT/DJF)<br><br>**SUPPLEMENTAL ORDER ON SUPPLEMENT TO JOINT MOTION REGARDING JOINT SEALING** |

---

On November 19, 2021, Magistrate Judge Thorson issued an Order on Joint Motion on Continued Sealing (ECF No. 93) for documents filed in connection with: Defendants' Motion to Dismiss Plaintiff's Complaint Or, In the Alternative, For Summary Judgment (ECF No. 40); Plaintiff's Memorandum of Law In Opposition to Defendants' Motion to Dismiss Or, In the Alternative, For Summary Judgment (ECF No. 57); and Defendants' Reply in Support of Defendants' Motion to Dismiss Plaintiff's Complaint Or, In the Alternative, For Summary Judgment (ECF No. 68).

As set forth in Magistrate Judge Thorson's November 19, 2021 Order, in the first Joint Motion Regarding Continued Sealing (ECF No. 75), Defendants did not sufficiently explain why certain documents were confidential in their entirety or why it was impracticable to make redactions to certain documents. As a result, Magistrate Judge Thorson deferred ruling on certain documents to allow Defendants the opportunity to offer proposed redactions and better tailored reasons for permanent sealing of entire documents

or portions of documents in a "SUPPLEMENT TO JOINT MOTION AT DOCKET NUMBER 75 REGARDING JOINT SEALING." (ECF No. 93.)

Meanwhile, on December 2, 2021, the District Court issued a Memorandum Opinion and Order, denying Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, finding that Plaintiff "has plausibly pled imprudence by identifying several meaningful benchmarks and demonstrating that the Wells Fargo Target Date Funds (the 'Wells Fargo TDFs') chronically underperformed each of these benchmarks over the course of eleven years." (ECF No. 96 at 2.) Applying the proper legal standard for reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the District Court relied on the facts alleged in Plaintiff's complaint to determine if the complaint stated "a claim to relief that is plausible on its face." (ECF No. 96 at 8, citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).) The District Court did not cite any of the disputed documents in its December 2, 2021 Memorandum and Order.[1] And, significantly, the District Court summarily denied Defendants' Motion for Summary Judgment as premature because discovery had not yet begun.[2] (ECF No. 96 at 7, 13.)

---

[1] The only documents cited in the District Court's Order were Exhibits 5 and 8 to the Declaration of Meaghan VerGow at ECF No. 43, and Exhibits 1-10 to the Declaration of Kelly Bryant at ECF No. 44. (ECF No. 96 at 3-4). These documents are not at issue in this sealing motion.

[2] The First Amended Pretrial Scheduling Order sets an August 4, 2023 deadline for serving and filing dispositive motions. This Court's ruling on documents was irrelevant to the District Court's ruling on Defendants' early motion and will have no bearing on whether documents relating to other motions should remain sealed.

About a month later, on January 3, 2022, the parties filed their Supplement to Joint Motion at Docket Number 75 Regarding Joint Sealing. (ECF No. 101.)

In their Supplement[3], the parties agree that the following documents may be unsealed in full:

>   Document No. 45-18
>   Document No. 45-19
>   Document No. 45-21
>   Document No. 45-22
>   Document No. 45-23
>   Document No. 45-24
>   Document No. 45-25
>   Document No. 45-26
>   Document No. 45-27
>   Document No. 45-28
>   Document Nos. 59-1 through 59-12
>   Document No. 60-2

(ECF No. 101 at 19–22, 44–45.)

The parties disagree as to whether the following documents should remain sealed:

>   Document No. 45-1 (Exhibit 11 to Bryant Declaration)[4]
>   Document No. 45-2 (Exhibit 12 to Bryant Declaration)
>   Document No. 45-3 (Exhibit 13 to Bryant Declaration)
>   Document No. 45-4 (Exhibit 14 to Bryant Declaration)
>   Document No. 45-5 (Exhibit 15 to Bryant Declaration)
>   Document No. 45-6 (Exhibit 16 to Bryant Declaration)
>   Document No. 45-7 (Exhibit 17 to Bryant Declaration)
>   Document No. 45-8 (Exhibit 18 to Bryant Declaration)
>   Document No. 45-9 (Exhibit 19 to Bryant Declaration)
>   Document No. 45-10 (Exhibit 20 to Bryant Declaration)
>   Document No. 45-11 (Exhibit 21 to Bryant Declaration)

---

[3] In contrast to the explanation offered by Defendants in the first Joint Motion Regarding Continued Sealing (ECF No. 75), Defendants' explanation in the Supplemental Joint Motion, (ECF No. 101), presents more detailed reasons for nondisclosure.

[4] Defendants filed the Declaration of Kelly Bryant at ECF No. 44 (public filing) and ECF No. 45 (sealed exhibits) on June 23, 2021.

    Document No. 45-12 (Exhibit 22 to Bryant Declaration)
    Document No. 45-13 (Exhibit 23 to Bryant Declaration)
    Document No. 45-14 (Exhibit 24 to Bryant Declaration)
    Document No. 45-15 (Exhibit 25 to Bryant Declaration)
    Document No. 45-16 (Exhibit 26 to Bryant Declaration)
    Document No. 45-17 (Exhibit 27 to Bryant Declaration)
    Document No. 45-20 (Exhibit 30 to Bryant Declaration)
    Document No. 45-29 (Exhibit 39 to Bryant Declaration)
    Document No. 45-30 (Exhibit 40 to Bryant Declaration)
    Document No. 45-31 (Exhibit 41 to Bryant Declaration)
    Document No. 45-32 (Exhibit 42 to Bryant Declaration)
    Document No. 45-33 (Exhibit 43 to Bryant Declaration)
    Document No. 45-34 (Exhibit 44 to Bryant Declaration)
    Document No. 45-35 (Exhibit 45 to Bryant Declaration)
    Document No. 45-36 (Exhibit 46 to Bryant Declaration)
    Document No. 45-37 (Exhibit 47 to Bryant Declaration)
    Document No. 45-38 (Exhibit 48 to Bryant Declaration)
    Document No. 45-39 (Exhibit 49 to Bryant Declaration)
    Document No. 45-40 (Exhibit 50 to Bryant Declaration)
    Document No. 45-41 (Exhibit 51 to Bryant Declaration)
    Document No. 45-42 (Exhibit 52 to Bryant Declaration)
    Document No. 45-43 (Exhibit 53 to Bryant Declaration)
    Document No. 45-44 (Exhibit 54 to Bryant Declaration)
    Document No. 45-45 (Exhibit 55 to Bryant Declaration)
    Document No. 45-46 (Exhibit 56 to Bryant Declaration)
    Document No. 45-47 (Exhibit 57 to Bryant Declaration)
    Document No. 45-48 (Exhibit 58 to Bryant Declaration)
    Document No. 45-49 (Exhibit 59 to Bryant Declaration)
    Document No. 45-50 (Exhibit 60 to Bryant Declaration)
    Document No. 45-51 (Exhibit 61 to Bryant Declaration)
    Document No. 45-52 (Exhibit 62 to Bryant Declaration)
    Document No. 45-53 (Exhibit 63 to Bryant Declaration)
    Document No. 60-1 (Exhibit A to St. Charles Declaration)[5]
    Document No. 61 (Exhibit 1 to Field Declaration)[6]

---

[5] Plaintiff filed the Declaration of Leigh Ann St. Charles in Opposition to Defendants' Motion for Summary Judgment on August 4, 2021. (ECF No. 60.) Exhibit A at issue is a chart Plaintiff's counsel compiled using data Mercer prepared for the UnitedHealth Group 401(k) Savings Plan. (ECF No. 60-1.)

[6] Plaintiff filed the Declaration of Charles Field in Opposition to Defendants' Motion for Summary Judgment on August 4, 2021. (ECF No. 59 (public filing); ECF No. 61 (sealed exhibits).) Defendants produced the sealed exhibits.

        Document No. 61-1 (Exhibit 2 to Field Declaration)
        Document No. 61-2 (Exhibit 3 to Field Declaration)
        Document No. 61-3 (Exhibit 4 to Field Declaration)
        Document No. 61-4 (Exhibit 5 to Field Declaration)
        Document No. 61-5 (Exhibit 6 to Field Declaration)
        Document No. 61-6 (Exhibit 7 to Field  Declaration)
        Document No. 61-7 (Exhibit 8 to Field Declaration)
        Document No. 61-8 (Exhibit 9 to Field Declaration)
        Document No. 61-9 (Exhibit 10 to Field Declaration)
        Document No. 61-10 (Exhibit 11 to Field Declaration)
        Document No. 61-11(Exhibit 12 to Field Declaration)
        Document No. 70-1 (Exhibit A Bryant Declaration)[7]
        Document No. 70-2 (Exhibit B to Bryant Declaration)
        Document No. 70-3 (Exhibit C to Bryant Declaration)
        Document No. 70-4 (Exhibit D to Bryant Declaration)
        Document No. 70-5 (Exhibit E to Bryant Declaration)
        Document No. 70-6 (Exhibit F to Bryant Declaration)
        Document No. 70-7 (Exhibit G to Bryant Declaration)
        Document No. 70-8 (Exhibit H to Bryant Declaration)
        Document No. 70-9 (Exhibit I to Bryant Declaration)
        Document No. 70-10 (Exhibit J to Bryant Declaration)
        Document No. 70-11 (Exhibit K to Bryant Declaration)
        Document No. 70-12 (Exhibit L to Bryant Declaration)
        Document No. 70-13 (Exhibit M to Bryant Declaration)
        Document No. 70-14 (Exhibit N to Bryant Declaration)
        Document No. 70-15 (Exhibit O to Bryant Declaration)
        Document No. 70-16 (Exhibit P to Bryant Declaration)
        Document No. 70-17 (Exhibit Q to Bryant Declaration)
        Document No. 70-18 (Exhibit R to Bryant Declaration)
        Document No. 70-19 (Exhibit S to Bryant Declaration)
        Document No. 70-20 (Exhibit T to Bryant Declaration)
        Document No. 70-21 (Exhibit U to Bryant Declaration)
        Document No. 70-22 (Exhibit V to Bryant Declaration)

(ECF No. 101 at 2–19, 23–69.)

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). The public's right of access "is not absolute, but requires

---

[7] Defendants filed the Declaration of Kelly Bryant in support of Defendants' Reply on August 25, 2021. (ECF No. 69.)

a weighing of competing interests." *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980 (D. Minn. 2016) (quotations omitted). Specifically, the district court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. "The weight that the court gives to the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Skky*, 191 F. Supp. 3d at 980 (quotations omitted).

When considering Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the District Court relied on the facts alleged in Plaintiff's Complaint. The District Court did not cite any of the disputed documents in its December 2, 2021 Memorandum and Order. Moreover, the District Court summarily denied Defendants' Motion for Summary Judgment as premature without addressing the merits. (ECF No. 96.) Had the District Court considered Defendants' Motion for Summary Judgment, the weight of the presumption of access would be strong. Here, however, the weight of the presumption is weaker. Simply put, the public does not need to view the under-seal documents at issue to understand the District Court's decision. *See In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*, No. 15-md-2666 (JNE/DTS), 2020 WL 4035548, *2 (D. Minn. July 17, 2020). Defendants have offered countervailing reasons for keeping the remaining, at issue, documents under seal and Defendants' interest in maintaining the confidentiality of the information found in the documents outweighs the

6

public's weak interest in accessing documents submitted to, but not relied on by, the District Court. (*Id.*) Accordingly, based on the Supplement to Joint Motion at ECF No. 75 Regarding Joint Sealing (ECF No. 101), and the Court's review of the documents, pursuant to Local Rule 5.6 the Court finds that Defendants' countervailing reasons for nondisclosure of the remaining documents at issue outweigh the public's right of access at this stage of the case.  Further, the Court finds it impracticable to edit and redact the at issue documents to disclose only publicly available information.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Clerk of Court is directed to **unseal** the following documents 28 days after the issuance of this Order unless a timely motion for further consideration is filed under Local Rule 5.6(d)(3)[8]:

---

[8] As outlined in the 2017 Advisory Committee Note to Local Rule 5.6, this Court's Order completes Step Three of the four-step procedure to determine whether information filed in connection with Defendants' motion under LR 7.1 will be sealed.  Step Four remains available to the parties pursuant to Local Rule 5.6(d)(2)(D), "[a] party or nonparty who objects to the order must file a motion for further consideration under LR 5.6(d)(3)." Local Rule 5.6(d)(3)–(4) provides:

> (3) *Motion for Further Consideration of Sealing*. Within 28 days after entry of the magistrate judge's order disposing of a joint motion regarding continued sealing under LR 5.6(d)(2), a party or nonparty may file a motion for further consideration by the magistrate judge.  If the motion for further consideration relates to information that a nonparty has designated as confidential or proprietary, the movant must serve on that nonparty a copy of the motion and all documents filed in support of the motion.  The motion for further consideration is a nondispositive motion governed by LR 7.1(b).
>
> (4) *Objection to Order Disposing of Motion for Further Consideration of Sealing*. A party or nonparty may object to a magistrate judge's order disposing of a motion for further consideration of sealing, but only if that party or nonparty filed or opposed the motion.  The objection is governed by LR 72.2(a).

7

        Document No. 45-18
        Document No. 45-19
        Document No. 45-21
        Document No. 45-22
        Document No. 45-23
        Document No. 45-24
        Document No. 45-25
        Document No. 45-26
        Document No. 45-27
        Document No. 45-28
        Document Nos. 59-1 through 59-12
        Document No. 60-2

2.     The Clerk of Court is directed to keep the following documents **under seal**:

        Document No. 45-1
        Document No. 45-2
        Document No. 45-3
        Document No. 45-4
        Document No. 45-5
        Document No. 45-6
        Document No. 45-7
        Document No. 45-8
        Document No. 45-9
        Document No. 45-10
        Document No. 45-11
        Document No. 45-12
        Document No. 45-13
        Document No. 45-14
        Document No. 45-15
        Document No. 45-16
        Document No. 45-17
        Document No. 45-20
        Document No. 45-29
        Document No. 45-30
        Document No. 45-31
        Document No. 45-32
        Document No. 45-33
        Document No. 45-34

---

D. Minn. LR 5.6(d)(3)–(4).

Document No. 45-35
Document No. 45-36
Document No. 45-37
Document No. 45-38
Document No. 45-39
Document No. 45-40
Document No. 45-41
Document No. 45-42
Document No. 45-43
Document No. 45-44
Document No. 45-45
Document No. 45-46
Document No. 45-47
Document No. 45-48
Document No. 45-49
Document No. 45-50
Document No. 45-51
Document No. 45-52
Document No. 45-53
Document No. 60-1
Document No. 61
Document No. 61-1
Document No. 61-2
Document No. 61-3
Document No. 61-4
Document No. 61-5
Document No. 61-6
Document No. 61-7
Document No. 61-8
Document No. 61-9
Document No. 61-10
Document No. 61-11
Document No. 70-1
Document No. 70-2
Document No. 70-3
Document No. 70-4
Document No. 70-5
Document No. 70-6
Document No. 70-7
Document No. 70-8
Document No. 70-9
Document No. 70-10
Document No. 70-11

        Document No. 70-12
        Document No. 70-13
        Document No. 70-14
        Document No. 70-15
        Document No. 70-16
        Document No. 70-17
        Document No. 70-18
        Document No. 70-19
        Document No. 70-20
        Document No. 70-21
        Document No. 70-22

Dated: November 2, 2022                  *s/ Dulce J. Foster*
                                                           DULCE J. FOSTER
                                                           United States Magistrate Judge