## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

KIM SNYDER, *on behalf of herself and all
others similarly situated*,

|  |  |
|---|---|
| Plaintiff, | Civil No. 21-1049 (JRT/BRT) |

v.                                                          **ORDER**

UNITEDHEALTH GROUP, INC. et al.
                                    Defendants.

---

Alexandra Harwin, **SANFORD HEISLER SHARP,** 1350 Avenue of the Americas, 31st Floor, New York, NY 10019, for plaintiff.

Meaghan VerGow, **O'MELVENY & MYERS LLP,** 1625 Eye Street, NW, Washington, DC 20006, for defendants.

The parties filed an Amended Stipulation Concerning Class Certification (ECF No. 133) agreeing to certification of a proposed Class with additional Class Claims and, on the basis of that Stipulation after independent inquiry and the filings and proceedings in this case, the Court **HEREBY ORDERS THAT**:

1. <u>Findings of Fact</u>: The Court hereby FINDS that the requirements for class certification set forth in Fed. R. Civ. P. 23(a) and 23(b)(1)(A)&(B) are satisfied.

    a. The numerosity requirement in Fed. R. Civ. P. 23(a)(1) is satisfied, as the Class contains thousands of members.

    b. The commonality requirement in Fed. R. Civ. P. 23(a)(2) is satisfied, as Plaintiff's Amended Complaint, at ¶ 147, alleges multiple questions that are common to the claims of all Class members.

    c. The typicality requirement in Fed. R. Civ. P. 23(a)(3) is satisfied, as Plaintiff and the Class members all participated in the UnitedHealth Group 401(k) Savings Plan and  all invested in the Wells Fargo Target Fund Suite (as

hereafter defined), or were beneficiaries of such participants, and the Class Claims (as hereafter defined) are based on alleged violations of ERISA that do not vary between Plaintiff and the Class members.

d.  The adequacy requirement in Fed. R. Civ. P. 23(a)(4) is satisfied, as Plaintiff Kim Snyder has selected qualified counsel to represent her and has affirmed her commitment to serving as class representative.

e.  Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A), as prosecuting separate actions by Class members would create a risk of inconsistent adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Plan fiduciaries.

f.  Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(B), as adjudication of Plaintiff's claims as a practical matter would be dispositive of the interests of the other Class members.

2.  <u>Class Certification</u>: Based on the Court's foregoing findings of fact, the Court hereby CERTIFIES the Class defined below with respect to the Class Claims specified below during the Class Period (defined as April 23, 2015 through the date of judgment).

a.  <u>Class Definition:</u> All participants and beneficiaries of the UnitedHealth Group 401(k) Savings Plan ("Plan") who, through the Plan, invested in the Wells Fargo Target Fund Suite, as defined in Section 2(c), *infra*, during the Class Period, excluding any individual who served during the Class Period as a member of UnitedHealth Group Incorporated's board of directors, the UnitedHealth Group Retirement Plan's Investment Review Committee, or the UnitedHealth Group Employee Benefits Plans Investment Committee; and excluding any individual who served during the Class Period as UnitedHealth Group's Executive Vice President of Human Capital.

b.  <u>Class Claims:</u> (1) breach of the duty of prudence set forth in the Employee Retirement Income Security Act of 1974 ("ERISA") based on Defendants' alleged failure to remove the Wells Fargo Target Fund Suite from the Plan within a reasonable time, (2) breach of the duty of loyalty set forth in ERISA based on Defendants' selection and/or retention of the Wells Fargo Target Fund Suite in the Plan, (3) prohibited transactions in violation of ERISA §§ 406(a)(1)(D) and 406(b)(1) based on Defendants' selection and/or retention of the Wells Target Fund Suite in the Plan, (4) failure to act in accordance with documents and instruments governing the Plan based on Defendants' selection and/or retention of the Wells Fargo Target Fund

2

Suite in the Plan, and (5) breach of the duties identified in Class Claims (1)-(4) based on Defendants' alleged failure to monitor the individuals who possessed delegated authority to remove the Wells Fargo Target Fund Suite from the Plan.

c. Wells Fargo Target Fund Suite: The Wells Fargo Target Fund Suite refers collectively to the funds with the following Employer Identification Numbers ("EINs"):

| EIN | Fund Name[1] |
|---|---|
| 27-6745191 | Wells Fargo DJ Target 2010 N |
| 27-6745203 | Wells Fargo DJ Target 2015 N |
| 27-6745217 | Wells Fargo DJ Target 2020 N |
| 27-6745238 | Wells Fargo DJ Target 2025 N |
| 27-6745249 | Wells Fargo DJ Target 2030 N |
| 27-6745261 | Wells Fargo DJ Target 2035 N |
| 27-6745274 | Wells Fargo DJ Target 2040 N |
| 27-6745287 | Wells Fargo DJ Target 2045 N |
| 27-6745297 | Wells Fargo DJ Target 2050 N |
| 45-7008802 | Wells Fargo DJ Target 2055 N |
| 47-6668828 | Wells Fargo DJ Target 2060 N |
| 82-6539202 | Wells Fargo Target 2010 CIT E3 |
| 82-6542271 | Wells Fargo Target 2015 CIT E3 |
| 82-6545168 | Wells Fargo Target 2020 CIT E3 |
| 82-6547850 | Wells Fargo Target 2025 CIT E3 |
| 82-6551318 | Wells Fargo Target 2030 CIT E3 |
| 82-6554416 | Wells Fargo Target 2035 CIT E3 |
| 82-6557908 | Wells Fargo Target 2040 CIT E3 |
| 82-6560165 | Wells Fargo Target 2045 CIT E3 |
| 82-6563190 | Wells Fargo Target 2050 CIT E3 |
| 82-6566776 | Wells Fargo Target 2055 CIT E3 |
| 82-6570747 | Wells Fargo Target 2060 CIT E3 |

3. Appointment of Class Counsel: The Court previously reviewed the credentials of Sanford Heisler Sharp, LLP and specific attorneys from Sanford Heisler Sharp, LLP to serve as class counsel pursuant to Fed. R. Civ. P. 23(g)(1), and the Court appointed them as Class Counsel at Doc. 109. The Court hereby APPOINTS David

---

[1] Wells Fargo Asset Management was sold and changed its name to Allspring Global Investments effective November 1, 2021. Reflecting this change, each Wells Fargo Target CIT E3 fund was renamed effective April 1, 2022 to a corresponding Allspring Target CIT E3 fund.

Sanford, Charles H. Field, Alexandra Harwin, Kevin Sharp, Leigh Anne St. Charles, and Sanford Heisler Sharp, LLP as Class Counsel in this case as to all Class Claims pursuant to Fed. R. Civ. P. 23(g)(1).

Dated: April 11, 2023
at Minneapolis, Minnesota.

_John N. Tunheim_

JOHN R. TUNHEIM
United States District Judge