# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| KIM SNYDER, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 0:21-cv-01049 (JRT/DJF) |
| v. | ) ) | **CLASS ACTION** |
| UNITEDHEALTH GROUP, INC., et al. | ) ) | **SETTLEMENT AGREEMENT** |
| Defendants. | ) ) | |

This Settlement Agreement, dated December 11, 2024 (the "Settlement Agreement"), is made and entered into by and among: (i) Plaintiff Kim Snyder ("Plaintiff") (on behalf of herself and each Class Member); and (ii) UnitedHealth Group, Inc. ("United" or the "Company"), the UnitedHealth Group Employee Benefits Plans Investment Committee (and its members), John Rex, and David S. Wichmann (collectively, "Defendants"), (defined below).[1] The Settlement Agreement is intended to fully, finally, and forever resolve, discharge, and settle the released claims, subject to the approval of the Court and the terms and conditions set forth in this Settlement Agreement.

## ARTICLE I

1.    **DEFINITIONS**

1.1    "Action" means the civil action captioned *Snyder v. UnitedHealth Group, Inc., et al.*, Civil No. 21-1049 (JRT/DJF), pending in the United States District Court for the District of Minnesota.

1.2    "Active Participant" means any Class Member who, as of the date of the Preliminary Approval Order, has a Plan account with a balance greater than $0.00 and is eligible to make contributions to the account.

1.3    "Alternate Payee" means a person, other than an Active Participant, Inactive Participant, Former Participant, or Beneficiary, who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order.

1.4    "Attorneys' Fees and Expenses" means the amount awarded by the Court as compensation for the services provided by Class Counsel and the litigation expenses incurred

---

[1] Except as otherwise specified, all capitalized terms shall have the meanings set forth in this Settlement Agreement.

by Class Counsel in connection with the Action, which shall be recovered from the Settlement Fund.

1.5    "Beneficiary" means a person who currently is entitled to receive a benefit under the Plan that is derivative of the interest of an Active Participant, Inactive Participant, or Former Participant, other than an Alternate Payee. A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, or child who currently is entitled to a benefit.

1.6    "CAFA Notice" means the notice required to be provided pursuant to the Class Action Fairness Act, 28 U.S.C. §1715.

1.7    "Class" means a non-opt out class pursuant to Fed. R. Civ. P. 23(b)(1) comprised of all participants in and beneficiaries of the UnitedHealth Group 401(k) Savings Plan (the "Plan") who, through the Plan, invested in the Wells Fargo Target Fund Suite during the Class Period (excluding any individual who served during the Class Period as a member of UnitedHealth Group Inc.'s Board of Directors, the UnitedHealth Group Retirement Plan's Investment Review Committee, or the UnitedHealth Group Employee Benefits Plans Investment Committee; and excluding any individual who served during the Class Period as UnitedHealth Group's Executive Vice President of Human Capital).

1.8    "Class Counsel" means Sanford Heisler Sharp McKnight, LLP.

1.9    "Class Member" means a member of the Class.

1.10    "Class Period" means April 23, 2015, through the date of judgment, inclusive.

1.11    "Class Representative" means the Plaintiff in this Action, Kim Snyder.

1.12    "Protective Order" means the Protective Order entered on October 13, 2021, in the Action.

1.13    "Court" means the United States District Court for the District of Minnesota.

1.14    "Defendants" means UnitedHealth Group, Inc., the UnitedHealth Group Employee Benefits Plans Investment Committee (and its members), John Rex, and David S. Wichmann.

1.15    "Defendants' Counsel" means Kirkland & Ellis, LLP.

1.16    "Defendants' Released Claims" means all claims, whether known or unknown (including Unknown Claims), and whether arising under federal, state, or any other law, which have been, or could have been, asserted in the Action or in any court or forum, by Defendants against Plaintiff or any Class Members, or their attorneys (including Class Counsel), which arise out of or relate in any way to the institution, prosecution or settlement of the Action, except for claims to enforce the Settlement Agreement.

1.17    "Dismissed Defendants" means Defendants, the Board of Directors of UnitedHealth Group, Inc., the UnitedHealth Group Employee Benefits Plans Administrative Committee (and its members), and Does 1-30.

1.18    "Effective Date" means one business day following the later of: (a) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; or (b) if there are any appeals, the date of dismissal or completion of any appeal, in a manner that finally affirms and leaves in place the Final Approval Order without any material modifications, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or rehearing or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand).

1.19    "Entitlement Amount" means that portion of the Net Settlement Fund payable

to an individual Class Member entitled to a share of the Net Settlement Fund, as determined according to the procedures described in Article V herein.

1.20    "ERISA" means the Employee Retirement Income Security Act of 1974, as amended.

1.21    "Escrow Account" means an account at an established financial institution or institutions that is established for the deposit of the Settlement Amount and amounts relating to it, such as income earned on the investment of the Settlement Amount.

1.22    "Escrow Agent" means Angeion Group, which will serve as escrow agent for any portion of the Settlement Amount deposited in or accruing in the Escrow Account pursuant to this Settlement.

1.23    "Fairness Hearing" means the hearing to be held before the Court pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Settlement Agreement should receive final approval by the Court.

1.24    "Final Judgment and Order of Dismissal with Prejudice" or "Final Approval Order" means the order and final judgment of the Court approving the Settlement, in substantially the form attached hereto as Exhibit B.

1.25    "First Amended Complaint" means the document captioned Amended Class Action Complaint filed at ECF 119 on August 24, 2022 in this Action.

1.26    "Former Participant" means any Class Member who had a Plan account with a balance greater than $0.00 during the Class Period but who does not have a Plan account with a balance greater than $0.00 as of the date of the Preliminary Approval Order.

1.27    "Former Participant Rollover Form" means the form described generally in Section 5.3 herein, substantially in the form attached as Exhibit A-2 hereto.

1.28    "Former Participant Rollover Form Deadline" means a date that is no later than forty-five (45) calendar days before the Fairness Hearing.

1.29    "Inactive Participant" means any Class Member who, as of the date of the Preliminary Approval Order, has a Plan account with a balance greater than $0.00 and is ineligible to make contributions to the account.

1.30    "Incentive Award" means the amount of incentive or service award awarded by the Court to the Plaintiff.

1.31    "Independent Fiduciary" means the person or entity selected by Defendants to serve as an independent fiduciary to the Plan with respect to the Settlement Agreement for the purpose of rendering the determination described in Section 2.2 herein.

1.32    "Net Settlement Fund" means the Settlement Amount, plus any interest or income earned on the Escrow Account, less Notice and Administration Costs, and any Attorneys' Fees and Expenses and Incentive Award awarded by the Court, and any other Court-approved deductions.

1.33    "Non-Rollover-Electing Former Participant" means a Former Participant who has not submitted a completed, satisfactory Former Participant Rollover Form by the Former Participant Rollover Form Deadline set by the Court, or whose Former Participant Rollover Form is rejected by the Settlement Administrator.

1.34    "Notice" means the Notice of Settlement of Class Action, substantially in the form of notice attached as Exhibit A-1 hereto or as otherwise approved by the Court. The Notice provided to Former Participants will include a link to the Former Participant Rollover Form.

1.35    "Notice and Administration Costs" means expenses incurred in the

administration of this Settlement Agreement, including: (a) all fees, expenses, and costs associated with the production and dissemination of the Notice to Class Members; (b) all expenses incurred by the Settlement Administrator and Plan's recordkeeper in administering and effectuating this Settlement (including taxes and tax expenses described in Section 4.5); (c) all fees and expenses associated with the Settlement Website and telephone support line described in Article III; (d) all fees charged by the Settlement Administrator; and (e) all fees and costs of the Independent Fiduciary. Notice and Administration Costs shall be paid from the Settlement Fund.

1.36    "Parties" means Plaintiff and Defendants.

1.37    "Plaintiff" means Kim Snyder.

1.38    "Plaintiff's Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether known or unknown (including Unknown Claims as defined herein), whether class, derivative, or individual in nature against any of the Released Parties and Defendants' Counsel:

(a)    that were asserted in the Action (including any assertion set forth in the Complaint, the First Amended Complaint, or any other submission made by the Class Representative, her expert witnesses, or Class Counsel in connection with the Action), or could have been asserted in the Action, or that otherwise arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions, or occurrences asserted in the Action, whether or not pleaded in the Complaint or the First Amended

Complaint, including, but not limited to, those that arise out of, relate to, are based on, or have any connection with: (1) the selection, retention, and monitoring of the Plan's investment options, including but not limited to Wells Fargo Target Fund Suite; (2) the performance, fees, and other characteristics of the Plan's investment options, including but not limited to the Wells Fargo Target Fund Suite; (3) the nomination, appointment, retention, monitoring, and removal of the Plan's fiduciaries; (4) compliance with the Plan's governing documents with respect to the selection, retention, and monitoring of the Plan's investment options, including but not limited to the Wells Fargo Target Fund Suite; (5) the compensation received by the Plan's service providers and investment advisers; (6); alleged breach of the duty of loyalty, care, prudence diversification or prohibited transactions during the Class Period in relation to the Plan's investment options; and (7) alleged failure to monitor the individuals who possessed delegated authority to remove the Wells Fargo Target Fund Suite from the Plan;

(b)        that would be barred by *res judicata* based on the Court's entry of the Final Judgment and Order of Dismissal with Prejudice;

(c)        that relate to the direction to calculate, the calculation of, and/or the method or manner of the allocation of the Net Settlement Fund pursuant to the Plan of Allocation; or

(d)        that relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought by the Independent Fiduciary alone.

1.39    Plaintiff's Released Claims do not include: (i) claims to enforce the

Settlement Agreement; (ii) claims for denial of benefits from the Plan other than as may be encompassed in subparagraph 1.43; and (iii) any claims not expressly released in Section 1.38.

1.40    "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Fund as described in Article V herein.

1.41    "Preliminary Approval Order" means the order of the Court preliminarily approving the Settlement Agreement, in substantially the form attached as Exhibit A hereto.

1.42    "PTE 2003-39" means U.S. Department of Labor Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75,632 (Dec. 31, 2003), as amended.

1.43    "Qualified Domestic Relations Order" means a judgment, decree, or order (including the approval of a property settlement) that is made pursuant to state domestic relations law (including community property law) and that relates to the provision of child support, alimony payments, or marital property rights for the benefit of a spouse, former spouse, child, or other dependent of an Active Participant, Inactive Participant, or Former Participant and which has been determined qualified pursuant to the Plan's procedures.

1.44    "Released Parties" means (a) each Defendant and Dismissed Defendant; (b) each Defendant's and each Dismissed Defendant's past, present, and future parent corporation(s); (c) each Defendant's and each Dismissed Defendant's past, present, and future affiliates, subsidiaries, divisions, predecessors, successors, successors-in-interest, and assigns; (d) with respect to (a) through (c) above, all of their affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), service providers (including their owners and employees), consultants, subcontractors, boards of trustees,

boards of directors, agents, associates, directors, employees, officers, parents, partners, managers, representatives, heirs, executors, attorneys, personal representatives, stockholders, servicers, subrogees, associates, controlling persons, counselors, insurers, co-insurers, re-insurers, financial or investment advisors, accountants, auditors, investment bankers, commercial bankers, personal representatives, and advisors of any of the foregoing, and all persons acting under, by, through, or in concert with any of them; (e) the Plan and any and all administrators, fiduciaries, parties in interest, and trustees of the Plan; and (f) any individual members of the UnitedHealth Group Employee Benefits Plans Investment Committee, and the spouses, members of the immediate families, representatives, and heirs of the individual members of the UnitedHealth Group Employee Benefits Plans Investment Committee, as well as any trust of which an individual member of the UnitedHealth Group Employee Benefits Plans Investment Committee is a settlor or which is for the benefit of them and/or member(s) of their family, and each of the heirs, executors, administrators, predecessors, successors, and assigns of the foregoing.

1.45    "Rollover-Electing Former Participant" means a Former Participant who has submitted a completed, satisfactory Former Participant Rollover Form by the Former Participant Rollover Form Deadline set by the Court and whose Former Participant Rollover Form is accepted by the Settlement Administrator.

1.46    "Settlement" or "Settlement Agreement" means the compromise and resolution embodied in this Settlement Agreement and its exhibits.

1.47    "Settlement Administrator" means Angeion Group, an independent contractor to be retained by Class Counsel and approved by the Court.

1.48    "Settlement Allocation Score" has the meaning ascribed to it in Article V

herein.

1.49 "Settlement Amount" means the sum of Sixty-Nine Million U.S. Dollars (USD $69,000,000.00), contributed to the Escrow Account, as described in Article IV herein. The payment of the Settlement Amount shall be the full and sole monetary payment to the Plaintiff, Class Members, and Class Counsel made on behalf of Defendants in connection with this Settlement Agreement, and is inclusive of attorneys' fees, costs, expenses, class representative service award, settlement administration expenses, and all other items of settlement. The Settlement Amount is not subject to any reversion to Defendants or their insurers except in the case of termination of the Settlement in which case the Settlement Amount, plus all interest and accretions thereto, and net of any expenses paid, including all expenses incurred for Notice and Administration Costs, taxes and tax expenses (incurred and accrued), shall revert to UnitedHealth Group, Inc., and its respective agents or insurers *pro rata* based on their respective contributions to the Escrow Account.

1.50 "Settlement Fund" means the Settlement Amount and all interest and accretions thereto.

1.51 "Settlement Website" means the internet website established by the Settlement Administrator as described in Section 3.3 herein.

1.52 "Unknown Claims" means (i) any and all of Plaintiff's Released Claims which Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the release of the Released Parties, or might have affected his, her, or its decision(s) to enter into the Settlement Agreement or not to object to this Settlement Agreement; and (ii) any and all of Defendants' Released

Claims which Defendants do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiff, Class Members, and Class Counsel, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the release of Plaintiff, Class Member, or Class Counsel or his, her, or its decision to enter into the Settlement Agreement. With respect to any and all of Plaintiff's Released Claims and Defendants' Released Claims, the Parties stipulate and agree that upon the Effective Date, the Parties and Class Members shall be deemed to have waived, and by operation of the entry of the Final Approval Order shall have expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Plaintiff's Released Claims and Defendants' Released Claims was separately bargained for and was a material and necessary element of the Settlement.

1.53    "Wells Fargo Target Fund Suite" refers collectively to the funds with the following Employer Identification Numbers ("EINs"):

| EIN | FUND NAME[2] |
|---|---|
| 27-6745191 | Wells Fargo DJ Target 2010 N |
| 27-6745203 | Wells Fargo DJ Target 2015 N |
| 27-6745217 | Wells Fargo DJ Target 2020 N |
| 27-6745238 | Wells Fargo DJ Target 2025 N |
| 27-6745249 | Wells Fargo DJ Target 2030 N |
| 27-6745261 | Wells Fargo DJ Target 2035 N |
| 27-6745274 | Wells Fargo DJ Target 2040 N |
| 27-6745287 | Wells Fargo DJ Target 2045 N |
| 27-6745297 | Wells Fargo DJ Target 2050 N |
| 45-7008802 | Wells Fargo DJ Target 2055 N |
| 47-6668828 | Wells Fargo DJ Target 2060 N |
| 82-6539202 | Wells Fargo Target 2010 CIT E3 |
| 82-6542271 | Wells Fargo Target 2015 CIT E3 |
| 82-6545168 | Wells Fargo Target 2020 CIT E3 |
| 82-6547850 | Wells Fargo Target 2025 CIT E3 |
| 82-6551318 | Wells Fargo Target 2030 CIT E3 |
| 82-6554416 | Wells Fargo Target 2035 CIT E3 |
| 82-6557908 | Wells Fargo Target 2040 CIT E3 |
| 82-6560165 | Wells Fargo Target 2045 CIT E3 |
| 82-6563190 | Wells Fargo Target 2050 CIT E3 |
| 82-6566776 | Wells Fargo Target 2055 CIT E3 |
| 82-6570747 | Wells Fargo Target 2060 CIT E3 |

## **ARTICLE II**

**2.    SETTLEMENT APPROVAL**

2.1    <u>Preliminary Approval by Court</u>. Plaintiff, through Class Counsel, shall apply to the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit A hereto, which shall include, among other provisions, a request that the Court:

(a)    approve the Parties' selection of Settlement Administrator and Escrow Agent;

(b)    preliminarily approve this Settlement for purposes of disseminating

---

[2] Wells Fargo Asset Management was sold and changed its name to Allspring Global Investments effective November 1, 2021. Reflecting this change, each Wells Fargo Target CIT E3 fund was renamed effective April 1, 2022 to a corresponding Allspring Target CIT E3 fund.

notice to the Class;

(c)      approve the form and contents of the Notice (including the Former Participant Rollover Form to be sent to Former Participants) and hold that emailing, or mailing copies of the Notice to Class Members by first class mail, postage prepaid, where no email is available, complies fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law;

(d)      preliminarily bar and enjoin the institution and prosecution of any Plaintiff's Released Claims against any Defendant and the Released Parties by Plaintiff and the Class and provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Plaintiff's Released Claims against the Defendants, the Released Parties, or the Plan;

(e)      provide that Class Members may object to the Settlement prior to the Fairness Hearing according to a designated schedule; and

(f)      schedule a Fairness Hearing for no sooner than one hundred thirty (130) calendar days after the date of the Preliminary Approval Order to (1) review comments and/or objections regarding this Settlement, and/or Class Counsel's request for an award of Attorneys' Fees and Expenses and Incentive Award to Plaintiff, (2) consider the fairness, reasonableness, and adequacy of this Settlement, (3) consider whether the Court should issue a Final Judgment and Order of Dismissal with Prejudice approving this Settlement, awarding any Attorneys' Fees and Expenses, and Incentive Award; and dismissing this Action with prejudice, and (4) consider such other matters

as the Court may deem appropriate.

2.2    <u>Review by Independent Fiduciary</u>.  UnitedHealth Group, Inc. ("United") shall select and retain the Independent Fiduciary, on behalf of the Plan, to determine whether to approve and authorize the settlement of Plaintiff's Released Claims as exempt from certain prohibited transaction restrictions as set forth in PTE 2003-39 on behalf of the Plan.

(a)    The Independent Fiduciary shall comply with all relevant requirements set forth in PTE 2003-39.

(b)    The Independent Fiduciary shall notify United of its determination in writing and in accordance with PTE 2003-39, which notification shall be delivered no later than seventy (70) calendar days before the Fairness Hearing. United will provide Class Counsel with a copy of the Independent Fiduciary's written notification no later than sixty (60) calendar days before the deadline to move for final approval of the Settlement, for the purpose of submitting the Independent Fiduciary's written notification to the Court in connection with the final approval process.

(c)    If the Independent Fiduciary disapproves or otherwise does not "authorize" (as provided under PTE 2003-39) the Settlement Agreement on behalf of the Plan, the Settlement Agreement shall terminate automatically pursuant to Section 9.2.

(d)    United, Defendants' Counsel, and Class Counsel shall comply with reasonable requests for information made by the Independent Fiduciary.

(e)    All fees and expenses associated with the Independent Fiduciary's retention and evaluation will constitute Notice and Administration Costs to be deducted from the Settlement Fund.

2.3     <u>Final Approval by Court</u>. No later than seven (7) calendar days before the Fairness Hearing, or by such other deadline as specified by the Court, Class Counsel shall apply to the Court for entry of the Final Judgment and Order of Dismissal with Prejudice in substantially the form attached as Exhibit B hereto, which shall include, among other provisions, a request that the Court:

(a)     dismiss the Action with prejudice and without costs, except as provided by this Settlement Agreement;

(b)     decree that neither the Final Judgment and Order of Dismissal with Prejudice nor this Settlement Agreement constitutes an admission by any Defendant or Released Party of any liability or wrongdoing whatsoever;

(c)     bar and enjoin all Class Members from asserting any of Plaintiff's Released Claims, on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, against any of the Released Parties;

(d)     determine that this Settlement Agreement is entered into in good faith and represents a fair, reasonable, and adequate settlement that is in the best interests of the Class Members;

(e)     that the Class Representatives and each Class Member shall release Defendants, Defendants' Counsel, the Released Parties, and the Plan from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Settlement Amount or Net Settlement Fund and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

(f)     that all applicable CAFA requirements have been satisfied;

(g)     that the Settlement Administrator shall have final authority to

determine the share of the Net Settlement Fund to be allocated to each Active Participant, each Inactive Participant, each Former Participant, and to each Alternate Payee and Beneficiary pursuant to the Plan of Allocation approved by the Court; and

(h)        preserve the Court's continuing and exclusive jurisdiction over the Parties and all Class Members to administer, construe, and enforce this Settlement Agreement in accordance with its terms for the mutual benefit of the Parties, but without affecting the finality of the Final Approval Order.

## **ARTICLE III**

3.        **SETTLEMENT ADMINISTRATION**

3.1        <u>CAFA Notice</u>. No later than ten (10) calendar days after Plaintiff's filing of this Settlement Agreement and motion for entry of the Preliminary Approval Order with the Court, the Settlement Administrator shall provide appropriate notice of this Settlement Agreement to the Attorney General of the United States and to the Attorneys General of all states in which Class Members reside, as specified in 28 U.S.C. §1715(b). Upon completing such notice, the Settlement Administrator shall provide written notice to Class Counsel and Defendants' Counsel.

3.2        <u>Notice to Class Members</u>.

(a)        All Notice and Administration Costs shall be paid from the Settlement Fund.

(b)        The Company shall cause the Plan's recordkeeper (or its designee) to provide to the Settlement Administrator all information reasonably necessary to disseminate the Notice to Class Members no later than thirty (30) calendar days after the entry of the Preliminary Approval Order.

(c)     The Settlement Administrator shall be bound by the Protective Order and must safeguard participant data and use processes consistent with the U.S. Department of Labor's cybersecurity standards and security standards to be provided by United. The Settlement Administrator shall use the data provided by United and the Plan's recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose. The Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

(d)     No later than sixty (60) calendar days after the entry of the Preliminary Approval Order, or by such other deadline as specified by the Court, the Settlement Administrator shall commence sending the Notice by email, or by first-class mail, postage prepaid, where no email is available, to Class Members.

(e)     The Notice shall be in the form approved by the Court, which shall be in substantially the form attached as Exhibit A-1 hereto. The Notice to Former Participants will include a link to the Former Participant Rollover Form.

(f)     The Notice shall be sent to the last known email or mailing address (where no email is available) of each Class Member provided by the Plan's recordkeeper (or its designee), unless an updated email or mailing address is obtained by the Settlement Administrator through its efforts to verify the last known address provided by the Plan's recordkeeper (or its designee). If any updated email or mailing address (where no email is available) is obtained by the Settlement Administrator, the

Settlement Administrator shall provide the address to the Company and the Plan's recordkeeper for purposes of administration of the Plan.

(g)    The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Notice is returned and mail such Notices to those Class Members one additional time.

(h)    The Settlement Administrator shall post a copy of the Notice and the Former Participant Rollover Form on the Settlement Website.

3.3    Settlement Website.

(a)    No later than twenty-one (21) calendar days after the entry of the Preliminary Approval Order, the Settlement Administrator shall establish the Settlement Website. The Settlement Administrator shall maintain the Settlement Website until no later than one year after the Effective Date or one hundred twenty (120) calendar days after the receipt of the notice(s) referenced in Section 5.6, whichever is earlier, at which point the Settlement Administrator shall take down the Settlement Website.

(b)    The Settlement Website shall contain a copy of the Notice, Former Participant Rollover Form, and a copy of all documents filed with the Court in connection with the Settlement. No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Parties in writing.

(c)    The Settlement Website shall also include a toll-free telephone number and mailing address through which Class Members may contact the Settlement Administrator (or its designee) directly. The Settlement Administrator and Class Counsel, with approval from Defendants' Counsel, shall develop a question-and-

answer script for use with callers to the toll- free telephone number. The Settlement Administrator (or its designee) will also be available via the toll-free telephone number to explain how distributions to Class Members under the Settlement are calculated.

3.4     Distribution of Net Settlement Fund. The Settlement Administrator shall distribute the Net Settlement Fund to Class Members in accordance with the Plan of Allocation as described in Article V herein. The Company shall cause the Plan's recordkeeper (or its designee) to provide to the Settlement Administrator all information reasonably necessary to implement the Plan of Allocation no later than sixty (60) calendar days after the entry of the Preliminary Approval Order. Subject to at least forty (40) calendar days' written notice from the Settlement Administrator, the Company shall use reasonable efforts to cause the Plan's recordkeeper (or its designee) to provide an updated list of Active Participants and Inactive Participants prior to the distribution, so as to identify any such participants who have taken a full distribution from their Plan account and no longer have a Plan account with a balance greater than $0.00.

3.5     Maintenance of Records. The Settlement Administrator shall maintain reasonably detailed records of its activities carried out under this Settlement Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices (including for no less than two (2) years following the completion of its activities carried out under this Settlement Agreement) and provide same to Class Counsel and Defendants' Counsel upon their request. The Settlement Administrator shall provide such information as may reasonably be requested by Plaintiff or Defendants or their counsel relating to the administration of the Settlement Agreement.  For the avoidance of doubt, this provision does not create any additional obligations on the Company or the

Plan's recordkeeper.

    3.6    <u>No Liability</u>. Defendants, Defendants' Counsel, and Released Parties shall have no responsibility for, interest in, or liability whatsoever, with respect to:

    (a)    any act, omission, or determination of the Settlement Administrator (or its designee), including with respect to protection of participant data;

    (b)    any act, omission, or determination of Class Counsel or their designees or agents in connection with the administration of the Settlement Agreement;

    (c)    the management, investment, or distribution of the Settlement Fund; or

    (d)    the determination, administration, calculation, allocation, or payment of any claims asserted against the Settlement Fund.

## ARTICLE IV

## 4.    ESTABLISHMENT OF THE ESCROW ACCOUNT AND SETTLEMENT FUND

    4.1    <u>Establishment of the Escrow Account</u>. No later than five (5) business days after entry of the Preliminary Approval Order, the Escrow Agent shall establish the Escrow Account. The Parties agree that the Escrow Account is intended to be, and will be, an interest-bearing "qualified settlement fund" within the meaning of U.S. Department of Treasury Regulation §1.468B-1 (26 C.F.R. §1.468B-1). In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in 26 C.F.R. §1.468B-l(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for

signature by all necessary parties, and thereafter to cause the appropriate filing to occur. Pending final distribution of the Net Settlement Fund in accordance with the Plan of Allocation, the Escrow Agent will maintain the Escrow Account.

       4.2    <u>Funding of the Escrow Account</u>.

       (a)    In consideration of all the promises and agreements set forth in the Settlement Agreement, United and/or its insurers will contribute, or cause to be contributed, the full balance of the Settlement Amount ($69,000,000.00), to the Escrow Account no later than thirty (30) calendar days after the later of: (i) entry of the Preliminary Approval Order, or (ii) establishment of the Escrow Account, and the Escrow Agent shall have furnished to Defendants in writing the Escrow Account name, IRS W-9 form, and all necessary instructions for payment by wire or by check.

       (b)    No other Defendant shall have any obligation to contribute financially to the Escrow Account.

       4.3    <u>Settlement Fund Administrator</u>. For the purpose of §468B of the Internal Revenue Code of 1986, as amended (26 U.S.C. §468B) and the regulations promulgated thereunder, the administrator of the Settlement Fund shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Settlement Amount (including without limitation applying for a taxpayer identification number for the Settlement Fund and filing the returns described in 26 C.F.R. §1.468B-2(k)). Such returns, as well as the election described in Section 4.1, shall be consistent with this Article and, in all events, shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned by the Settlement Fund shall be deducted and paid from

21

the Settlement Fund, as described in Section 4.5 herein.

      4.4    <u>Investment of the Settlement Amount</u>. The Escrow Agent will invest the Settlement Amount only in instruments backed by the full faith and credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof, or in money funds holding only instruments backed by the full faith and credit of the United States Government, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

      4.5    <u>Taxes on the Income of the Settlement Fund</u>.  All taxes on any income of the Settlement Fund and expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) are part of the Notice and Administration Costs and shall be timely paid by the Escrow Agent out of the Settlement Fund. The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. Defendants, Defendants' Counsel, and Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Settlement Fund.

      4.6    The Escrow Agent shall not disburse the Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defendants' Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

## ARTICLE V

**5.    PLAN OF ALLOCATION**

Calculation of payments to individual Class Members. Payments to each Class Member shall by calculated by the Settlement Administrator as follows, based on information provided by the Plan's recordkeeper:

5.1    For each Class Member, the Settlement Administrator shall determine a "Settlement Allocation Score." The Settlement Allocation Score shall be calculated as follows:

(a)    Each Class Member shall commence with one (1) point for every dollar held in a fund of the Wells Fargo Target Fund Suite ("WF Fund") at the beginning of each quarter during the Class Period.

(b)    Each Class Member's quarterly points shall then be multiplied by a Factor based on the performance of each WF Funds as compared to the Benchmark ("Benchmark Returns") for each quarter during the Class Period referred to as a "Fund/Quarter Factor."

(i) The Fund/Quarter Factor shall be represented as a number representing the performance of the WF Fund subtracted from its respective Benchmark Return in each quarter.

(ii) In any quarter in which the WF Fund outperformed relative to the Benchmark, the Fund/Quarter Factor will be negative; in any quarter in which the WF Fund underperformed relative to the Benchmark, the Fund/Quarter Factor will be positive.

(iii) The Benchmark shall be the S&P Target Date TR Index

23

corresponding to each WF Fund.

(iv) The quarterly returns of the Benchmarks and the WF Fund that will be used to calculate the Fund/Quarter Factors are listed in Table A.

(v) Each Fund/Quarter Factor is calculated as the Benchmark Return minus the Subject Fund return and are listed in Table B.

(c)     For each quarter, the Settlement Administrator shall calculate a Class Member's quarterly points as follows.

(i)  The Settlement Administrator shall determine the Points the Class Member receives for each WF Fund. To do so, the Settlement Administrator shall multiply the amount the Class Member held in each WF Fund by the Factor applicable to that WF Fund in that quarter. This determines the points the Class Member receives for that WF Fund in that quarter.

(ii) The Settlement Administrator shall then add up the Points the Class Member earned for each WF Fund in that quarter. The sum is the total points the Class Member receives for that quarter.

(d)    The Settlement Administrator will then add up the total number of Points the Class Member received in each quarter the Class Member held any WF Fund. The larger of this sum and zero is the Class Member's Settlement Allocation Score.

(e)    The Settlement Administrator shall calculate each Class Member's Settlement Allocation Score according to the above-described process.

5.2    The Settlement Administrator shall determine each Class Member's share of the Net Settlement Fund based on his or her Settlement Allocation Score compared to the

sum of all Class Members' Settlement Allocation Scores. Each Class Member's share of the Net Settlement Fund shall be referred to as the "Entitlement Amount." The Entitlement Amount is based on the quarterly values of each Class Member and the quarterly returns for both the WF TDF Fund vintage and the S&P TDF benchmark. Quarterly returns for all Vintages of the WF TDF Fund are reflected in Table A and the quarterly returns for all Vintages of the S&P TDF benchmark are reflected in Table B.

**TABLE A -** *Wells Fargo Target Date Funds*

| | Wells Fargo Target 2010 CIT E3 | Wells Fargo Target 2015 CIT E3 | Wells Fargo Target 2020 CIT E3 | Wells Fargo Target 2025 CIT E3 | Wells Fargo Target 2030 CIT E3 | Wells Fargo Target 2035 CIT E3 | Wells Fargo Target 2040 CIT E3 | Wells Fargo Target 2045 CIT E3 | Wells Fargo Target 2050 CIT E3 | Wells Fargo Target 2055 CIT E3 | Wells Fargo Target 2060 CIT E3 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/30/2015 | -1.54 | -1.46 | -1.37 | -1.28 | -1.14 | -1.09 | -0.99 | -0.97 | -0.91 | -0.93 | |
| 9/30/2015 | -2.30 | -2.97 | -3.89 | -4.93 | -6.23 | -7.50 | -8.87 | -8.94 | -9.09 | -9.10 | |
| 12/31/2015 | 0.50 | 0.81 | 0.92 | 1.58 | 1.78 | 2.37 | 3.03 | 3.55 | 3.80 | 3.81 | |
| 3/31/2016 | 3.60 | 3.35 | 2.87 | 1.84 | 1.08 | 0.97 | 0.25 | 0.24 | 0.85 | 0.84 | 0.39 |
| 6/30/2016 | 2.66 | 2.24 | 2.13 | 2.09 | 2.00 | 2.04 | 2.06 | 2.01 | 2.06 | 2.05 | 2.06 |
| 9/30/2016 | 1.89 | 2.12 | 2.59 | 3.34 | 3.79 | 4.75 | 5.26 | 5.69 | 5.57 | 5.58 | 5.77 |
| 12/31/2016 | -2.62 | -2.37 | -1.68 | -0.79 | 0.13 | 1.19 | 1.98 | 2.10 | 1.96 | 1.97 | 2.27 |
| 3/31/2017 | 2.54 | 2.65 | 3.14 | 3.66 | 4.33 | 4.89 | 5.47 | 5.55 | 5.50 | 5.52 | 5.60 |
| 6/30/2017 | 2.32 | 2.44 | 2.49 | 2.76 | 3.01 | 3.26 | 3.46 | 3.52 | 3.44 | 3.47 | 3.54 |
| 9/30/2017 | 2.27 | 2.38 | 2.77 | 3.25 | 3.74 | 4.25 | 4.65 | 4.77 | 4.74 | 4.68 | 4.88 |
| 12/31/2017 | 1.62 | 1.76 | 2.30 | 2.84 | 3.55 | 4.18 | 4.74 | 4.94 | 4.81 | 4.89 | 4.96 |
| 3/31/2018 | -1.60 | -1.59 | -1.60 | -1.47 | -1.47 | -1.40 | -1.38 | -1.34 | -1.38 | -1.38 | -1.33 |
| 6/30/2018 | 0.59 | 0.70 | 0.78 | 0.84 | 0.94 | 1.12 | 1.21 | 1.22 | 1.26 | 1.23 | 1.27 |

26

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 9/30/2018 | | | | | | | | | | |
| 1.62 | 1.75 | 2.07 | 2.54 | 3.17 | 3.67 | 3.96 | 4.11 | 4.05 | 4.10 | 4.14 |
| 12/31/2018 | | | | | | | | | | |
| -3.47 | -4.05 | -4.76 | -6.00 | -7.85 | -9.51 | -10.47 | -10.83 | -10.83 | -10.86 | -10.93 |
| 3/31/2019 | | | | | | | | | | |
| 6.21 | 6.37 | 7.32 | 8.10 | 9.21 | 10.29 | 10.82 | 11.06 | 11.06 | 11.07 | 11.08 |
| 6/30/2019 | | | | | | | | | | |
| 3.03 | 3.03 | 3.04 | 3.12 | 3.16 | 3.16 | 3.15 | 3.14 | 3.17 | 3.14 | 3.16 |
| 9/30/2019 | | | | | | | | | | |
| 1.85 | 1.83 | 1.75 | 1.49 | 1.23 | 0.94 | 0.76 | 0.70 | 0.74 | 0.76 | 0.76 |
| 12/31/2019 | | | | | | | | | | |
| 2.42 | 2.56 | 3.25 | 4.02 | 5.15 | 6.07 | 6.63 | 6.87 | 6.83 | 6.84 | 6.83 |
| 3/31/2020 | | | | | | | | | | |
| -7.34 | -8.19 | -10.66 | -12.42 | -15.98 | -19.31 | -21.42 | -22.38 | -22.36 | -22.39 | -22.42 |
| 6/30/2020 | | | | | | | | | | |
| 8.14 | 8.58 | 9.94 | 11.08 | 13.25 | 15.21 | 16.42 | 16.97 | 16.93 | 16.96 | 16.99 |
| 9/30/2020 | | | | | | | | | | |
| 2.68 | 2.88 | 3.44 | 3.86 | 4.74 | 5.58 | 6.12 | 6.36 | 6.38 | 6.39 | 6.41 |
| 12/31/2020 | | | | | | | | | | |
| 5.61 | 6.22 | 7.56 | 8.62 | 10.78 | 12.73 | 13.94 | 14.48 | 14.49 | 14.46 | 14.45 |
| 3/31/2021 | | | | | | | | | | |
| 0.12 | 0.40 | 1.36 | 1.62 | 2.91 | 4.21 | 5.06 | 5.52 | 5.49 | 5.52 | 5.55 |
| 6/30/2021 | | | | | | | | | | |
| 3.68 | 3.94 | 4.40 | 4.68 | 5.28 | 5.99 | 6.43 | 6.69 | 6.69 | 6.66 | 6.64 |
| 9/30/2021 | | | | | | | | | | |
| -0.12 | -0.16 | -0.25 | -0.45 | -0.68 | -0.97 | -1.11 | -1.20 | -1.20 | -1.18 | -1.19 |
| 12/31/2021 | | | | | | | | | | |
| 2.50 | 2.70 | 3.38 | 3.46 | 4.20 | 4.98 | 5.50 | 5.82 | 5.82 | 5.82 | 5.83 |
| 3/31/2022 | | | | | | | | | | |
| -5.22 | -5.15 | -5.14 | -5.25 | -5.35 | -5.30 | -5.11 | -5.06 | -5.01 | -5.00 | -4.97 |

**TABLE A -** *Benchmark Funds*

| | S&P Target Date 2010 TR USD | S&P Target Date 2015 TR USD | S&P Target Date 2020 TR USD | S&P Target Date 2025 TR USD | S&P Target Date 2030 TR USD | S&P Target Date 2035 TR USD | S&P Target Date 2040 TR USD | S&P Target Date 2045 TR USD | S&P Target Date 2050 TR USD | S&P Target Date 2055 TR USD | S&P Target Date 2060 TR USD |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/30/2015 | -0.72 | -0.66 | -0.54 | -0.41 | -0.32 | -0.23 | -0.17 | -0.12 | -0.07 | -0.04 | -0.06 |
| 9/30/2015 | -3.00 | -3.75 | -4.47 | -5.11 | -5.68 | -6.20 | -6.60 | -6.93 | -7.22 | -7.43 | -7.58 |
| 12/31/2015 | 1.66 | 2.21 | 2.65 | 3.04 | 3.38 | 3.70 | 3.92 | 4.10 | 4.32 | 4.41 | 4.47 |
| 3/31/2016 | 2.02 | 1.90 | 1.77 | 1.64 | 1.52 | 1.39 | 1.32 | 1.25 | 1.18 | 1.13 | 1.09 |
| 6/30/2016 | 1.89 | 1.95 | 1.98 | 2.01 | 2.02 | 2.02 | 2.01 | 2.00 | 1.94 | 1.92 | 1.89 |
| 9/30/2016 | 2.08 | 2.44 | 2.79 | 3.10 | 3.39 | 3.66 | 3.87 | 4.04 | 4.17 | 4.28 | 4.36 |
| 12/31/2016 | -0.29 | 0.12 | 0.51 | 0.87 | 1.19 | 1.52 | 1.75 | 1.95 | 2.14 | 2.29 | 2.40 |
| 3/31/2017 | 2.74 | 3.22 | 3.68 | 4.08 | 4.45 | 4.81 | 5.07 | 5.28 | 5.51 | 5.65 | 5.75 |
| 6/30/2017 | 2.04 | 2.30 | 2.55 | 2.79 | 3.01 | 3.22 | 3.36 | 3.45 | 3.54 | 3.57 | 3.59 |
| 9/30/2017 | 2.29 | 2.55 | 2.81 | 3.22 | 3.60 | 3.97 | 4.21 | 4.35 | 4.43 | 4.48 | 4.51 |
| 12/31/2017 | 2.53 | 2.85 | 3.20 | 3.73 | 4.24 | 4.71 | 5.03 | 5.20 | 5.34 | 5.38 | 5.47 |
| 3/31/2018 | -0.87 | -0.90 | -0.92 | -0.93 | -0.95 | -0.94 | -0.94 | -0.94 | -0.94 | -0.91 | -0.90 |

28

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/30/2018 | 0.82 | 0.97 | 1.09 | 1.24 | 1.40 | 1.52 | 1.64 | 1.66 | 1.72 | 1.70 | 1.77 |
| 9/30/2018 | 1.84 | 2.11 | 2.33 | 2.72 | 3.15 | 3.52 | 3.72 | 3.81 | 3.87 | 3.88 | 3.97 |
| 12/31/2018 | -4.80 | -5.72 | -6.49 | -7.81 | -9.26 | -10.55 | -11.33 | -11.75 | -12.05 | -12.10 | -12.22 |
| 3/31/2019 | 6.20 | 6.89 | 7.45 | 8.37 | 9.39 | 10.27 | 10.82 | 11.10 | 11.28 | 11.31 | 11.42 |
| 6/30/2019 | 2.81 | 2.79 | 2.88 | 2.99 | 3.09 | 3.18 | 3.27 | 3.32 | 3.32 | 3.34 | 3.37 |
| 9/30/2019 | 1.25 | 1.23 | 1.17 | 1.04 | 0.88 | 0.73 | 0.60 | 0.53 | 0.47 | 0.46 | 0.45 |
| 12/31/2019 | 3.39 | 3.75 | 4.19 | 4.97 | 5.81 | 6.61 | 7.15 | 7.48 | 7.65 | 7.73 | 7.81 |
| 3/31/2020 | -7.74 | -9.16 | -10.55 | -12.93 | -15.38 | -17.69 | -19.24 | -20.15 | -20.56 | -20.84 | -20.86 |
| 6/30/2020 | 8.92 | 9.77 | 10.65 | 12.25 | 13.94 | 15.55 | 16.66 | 17.29 | 17.61 | 17.76 | 17.93 |
| 9/30/2020 | 3.26 | 3.57 | 3.74 | 4.39 | 5.02 | 5.70 | 6.14 | 6.44 | 6.53 | 6.62 | 6.61 |
| 12/31/2020 | 5.96 | 6.79 | 7.37 | 9.01 | 10.52 | 12.20 | 13.36 | 14.02 | 14.40 | 14.56 | 14.56 |
| 3/31/2021 | 0.62 | 1.14 | 1.46 | 2.38 | 3.24 | 4.22 | 4.93 | 5.33 | 5.57 | 5.67 | 5.61 |
| 6/30/2021 | 3.45 | 3.77 | 3.90 | 4.43 | 4.92 | 5.45 | 5.79 | 6.00 | 6.08 | 6.15 | 6.12 |
| 9/30/2021 | -0.09 | -0.14 | -0.24 | -0.33 | -0.46 | -0.61 | -0.70 | -0.75 | -0.80 | -0.80 | -0.83 |
| 12/31/2021 | 2.45 | 3.05 | 3.42 | 3.85 | 4.44 | 5.21 | 5.73 | 6.04 | 6.20 | 6.22 | 6.21 |
| 3/31/2022 | -4.48 | -4.58 | -4.72 | -4.83 | -4.93 | -5.02 | -5.03 | -5.02 | -5.02 | -5.01 | -5.02 |

**TABLE B – Difference Between Wells Fargo Target Date Fund and Benchmark Fund**

| | Wells Fargo Target 2010 CIT E3 | Wells Fargo Target 2015 CIT E3 | Wells Fargo Target 2020 CIT E3 | Wells Fargo Target 2025 CIT E3 | Wells Fargo Target 2030 CIT E3 | Wells Fargo Target 2035 CIT E3 | Wells Fargo Target 2040 CIT E3 | Wells Fargo Target 2045 CIT E3 | Wells Fargo Target 2050 CIT E3 | Wells Fargo Target 2055 CIT E3 | Wells Fargo Target 2060 CIT E3 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/30/2015 | 0.82 | 0.81 | 0.83 | 0.88 | 0.83 | 0.86 | 0.82 | 0.86 | 0.85 | 0.89 | |
| 9/30/2015 | -0.70 | -0.78 | -0.58 | -0.19 | 0.55 | 1.30 | 2.28 | 2.02 | 1.87 | 1.67 | |
| 12/31/2015 | 1.16 | 1.40 | 1.73 | 1.45 | 1.60 | 1.33 | 0.89 | 0.55 | 0.52 | 0.60 | |
| 3/31/2016 | -1.57 | -1.45 | -1.11 | -0.21 | 0.44 | 0.43 | 1.07 | 1.01 | 0.32 | 0.28 | 0.69 |
| 6/30/2016 | -0.77 | -0.29 | -0.15 | -0.08 | 0.02 | -0.03 | -0.05 | -0.02 | -0.12 | -0.13 | -0.17 |
| 9/30/2016 | 0.20 | 0.32 | 0.20 | -0.24 | -0.40 | -1.09 | -1.39 | -1.65 | -1.40 | -1.29 | -1.40 |
| 12/31/2016 | 2.34 | 2.49 | 2.19 | 1.66 | 1.06 | 0.32 | -0.23 | -0.15 | 0.18 | 0.31 | 0.13 |
| 3/31/2017 | 0.21 | 0.57 | 0.54 | 0.43 | 0.12 | -0.09 | -0.40 | -0.26 | 0.01 | 0.12 | 0.15 |
| 6/30/2017 | -0.28 | -0.13 | 0.06 | 0.03 | 0.00 | -0.04 | -0.10 | -0.07 | 0.09 | 0.10 | 0.06 |
| 9/30/2017 | 0.02 | 0.18 | 0.04 | -0.03 | -0.14 | -0.27 | -0.44 | -0.42 | -0.31 | -0.20 | -0.37 |
| 12/31/2017 | 0.90 | 1.09 | 0.90 | 0.89 | 0.69 | 0.53 | 0.29 | 0.26 | 0.52 | 0.48 | 0.51 |
| 3/31/2018 | 0.73 | 0.69 | 0.68 | 0.54 | 0.52 | 0.46 | 0.44 | 0.40 | 0.44 | 0.48 | 0.43 |
| 6/30/2018 | 0.23 | 0.27 | 0.31 | 0.40 | 0.46 | 0.40 | 0.43 | 0.44 | 0.46 | 0.48 | 0.50 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 9/30/2018 | | | | | | | | | | |
| 0.23 | 0.36 | 0.26 | 0.18 | -0.02 | -0.15 | -0.24 | -0.30 | -0.18 | -0.22 | -0.16 |
| 12/31/2018 | | | | | | | | | | |
| -1.33 | -1.67 | -1.74 | -1.81 | -1.41 | -1.04 | -0.86 | -0.92 | -1.22 | -1.23 | -1.29 |
| 3/31/2019 | | | | | | | | | | |
| -0.01 | 0.52 | 0.12 | 0.27 | 0.18 | -0.02 | 0.00 | 0.04 | 0.23 | 0.24 | 0.34 |
| 6/30/2019 | | | | | | | | | | |
| -0.22 | -0.23 | -0.16 | -0.13 | -0.07 | 0.02 | 0.12 | 0.18 | 0.15 | 0.20 | 0.21 |
| 9/30/2019 | | | | | | | | | | |
| -0.60 | -0.59 | -0.58 | -0.45 | -0.35 | -0.21 | -0.17 | -0.16 | -0.27 | -0.30 | -0.31 |
| 12/31/2019 | | | | | | | | | | |
| 0.97 | 1.19 | 0.94 | 0.96 | 0.66 | 0.54 | 0.52 | 0.62 | 0.82 | 0.89 | 0.98 |
| 3/31/2020 | | | | | | | | | | |
| -0.40 | -0.98 | 0.11 | -0.51 | 0.60 | 1.62 | 2.18 | 2.23 | 1.80 | 1.55 | 1.56 |
| 6/30/2020 | | | | | | | | | | |
| 0.78 | 1.19 | 0.70 | 1.17 | 0.69 | 0.34 | 0.24 | 0.32 | 0.68 | 0.80 | 0.94 |
| 9/30/2020 | | | | | | | | | | |
| 0.57 | 0.68 | 0.30 | 0.53 | 0.28 | 0.12 | 0.03 | 0.07 | 0.15 | 0.23 | 0.21 |
| 12/31/2020 | | | | | | | | | | |
| 0.35 | 0.57 | -0.19 | 0.39 | -0.26 | -0.53 | -0.58 | -0.45 | -0.09 | 0.09 | 0.11 |
| 3/31/2021 | | | | | | | | | | |
| 0.50 | 0.74 | 0.10 | 0.76 | 0.32 | 0.01 | -0.13 | -0.18 | 0.08 | 0.15 | 0.06 |
| 6/30/2021 | | | | | | | | | | |
| -0.23 | -0.17 | -0.50 | -0.24 | -0.36 | -0.54 | -0.64 | -0.68 | -0.60 | -0.50 | -0.52 |
| 9/30/2021 | | | | | | | | | | |
| 0.02 | 0.03 | 0.01 | 0.12 | 0.23 | 0.36 | 0.42 | 0.45 | 0.40 | 0.37 | 0.37 |
| 12/31/2021 | | | | | | | | | | |
| -0.05 | 0.35 | 0.04 | 0.39 | 0.24 | 0.23 | 0.23 | 0.22 | 0.38 | 0.39 | 0.37 |
| 3/31/2022 | | | | | | | | | | |
| 0.75 | 0.56 | 0.43 | 0.42 | 0.42 | 0.27 | 0.08 | 0.04 | -0.01 | -0.01 | -0.06 |

5.3 <u>Payments to Class Members Who Are Active Participants and Inactive Participants</u>.

(a) Upon completing the calculation of each Class Member's Entitlement Amount and no later than sixty-five (65) calendar days following the Effective Date, the Settlement Administrator shall provide the Company (or its designee), Class Counsel, and the Plan's recordkeeper information in a mutually agreeable format concerning each Active Participant and each Inactive Participant's Entitlement Amount, and any other information requested by the Company or the Plan's recordkeeper as necessary to effectuate this Article.

(b) No later than ninety (90) calendar days after completing the steps described in Section 5.3(a) herein and upon written notice to the Company and the Plan's recordkeeper, the Settlement Administrator shall effect a transfer from the Settlement Fund to the Plan of all monetary payments payable to Active Participants and Inactive Participants. The Plan's recordkeeper shall thereafter within a reasonable time credit the individual Plan account of each Active Participant and Inactive Participant in an amount equal to that individual's Entitlement Amount. The monetary payments shall be credited to the existing pre-tax capital preservation vehicle within the Plan and any interest earned on the funds in that capital preservation vehicle between the date of transfer to the Plan's recordkeeper from the Settlement Administrator and the transfer of each Active Participant's and each Inactive Participant's Entitlement Amounts to their accounts shall be credited to those Active and Inactive Participants' accounts on a *pro rata* basis.

(c) Each Active Participant and each Inactive Participant's Entitlement

Amount shall be invested in accordance with and in proportion to such Active Participant's and Inactive Participant's investment elections then on file for new contributions to his or her Plan account. If the Active Participant or Inactive Participant does not have an investment election on file, then such individual shall be deemed to have directed payment of his or her Entitlement Amount to be invested in the Plan's qualified default investment alternative, as defined in 29 C.F.R. §2550.404c-5. Each Active Participant and each Inactive Participant shall be deemed 100% vested in their Entitlement Amount.

(d)     If, as of the date on which the Plan's recordkeeper credits the individual Plan account of each Active Participant and Inactive Participant with his or her Entitlement Amount, an individual believed to be an Active Participant or an Inactive Participant no longer has a Plan account balance greater than $0.00, he or she will be treated as a Former Participant. The Plan's recordkeeper shall promptly transmit a list of such individuals to the Settlement Administrator, along with the Entitlement Amounts for such individuals, who shall effectuate payment to such individuals in accordance with Section 5.4 herein.

5.4     Payments to Former Participants. Each Former Participant (or the Beneficiaries of Active Participants, Inactive Participants, or Former Participants or Alternate Payees of Former Participants) will have the opportunity to elect a tax-qualified rollover of his or her Entitlement Amount to an individual retirement account or other eligible employment plan, which he or she has identified on the Former Participant Rollover Form, provided that the Former Participant supplies adequate information to the Settlement Administrator (as requested on the form) to effect the rollover. Payments to each Former

Participant shall depend on whether each is a Rollover-Electing Former Participant or a Non-Rollover-Electing Former Participant:

(a)     Rollover-Electing Former Participants. Upon completing the calculation of each Class Member's Entitlement Amount and no later than ninety (90) calendar days following the Effective Date, the Settlement Administrator shall effect a rollover from the Settlement Fund to the individual retirement account or other eligible employer plan elected by each Rollover-Electing Former Participant in his or her Former Participant Rollover Form (if the conditions for such rollover are satisfied, as described on the form) and any associated paperwork necessary to transfer such Entitlement Amount by rollover (as requested on the form) is received by the Settlement Administrator. If the Settlement Administrator is unable to effectuate the rollover instructions of any Rollover-Electing Former Participant as provided in his or her Former Participant Rollover Form, he or she will be treated as a Non-Rollover-Electing Former Participant.

(b)     Non-Rollover-Electing Former Participants. Upon completing the calculation of each Class Member's Entitlement Amount and no later than ninety (90) calendar days following the Effective Date, the Settlement Administrator shall issue a check from the Settlement Fund to each Non-Rollover-Electing Former Participant, in the amount of each Former Participant's Entitlement Amount (less any withholdings), as long as the Entitlement Amount exceeds $10.00.

5.5     Payments to Beneficiaries and Alternate Payees.

(a)     Beneficiaries of Active Participants, Inactive Participants, or Former Participants or Alternate Payees of Former Participants that are entitled to receive all

or a portion of a Former Participant's Entitlement Amounts under this Article will receive such settlement payments under the methods described in Section 5.4 for Former Participants, as permitted by ERISA and the terms of the Plan.

(b)    Alternate Payees of Active Participants or Inactive Participants that are entitled to receive all or a portion of an Active Participant's or Inactive Participant's Entitlement Amounts under this Article shall receive such settlement payments pursuant to the terms of the applicable Qualified Domestic Relations Order. Alternate Payees of Former Participants that are entitled to receive all or a portion of a Former Participant's Entitlement Amounts under this Article will receive such settlement payments under the methods described in Section 5.4 for Former Participants.

(c)    The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article and as ordered by the Court.

(d)    All checks issued in accordance with the Plan of Allocation shall be mailed to the address of each Class Member (or his or her Beneficiary or Alternate Payee) provided by the Plan's recordkeeper or any updated address obtained by the Settlement Administrator.

5.6    Notice of Completion of Plan of Allocation.  Within three (3) business days of completing all aspects of the Plan of Allocation, the Settlement Administrator shall provide written notice of its implementation to Class Counsel and Defendants' Counsel. Such notice shall provide, in reasonable detail, a summary of the steps taken to implement the Plan of Allocation.

5.7    Disbursement of Undistributed Monies from the Settlement Fund.  All checks

issued pursuant to this Plan of Allocation shall expire one hundred twenty (120) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to the Settlement Fund and the Class Member on whose behalf such check had been made shall be deemed to have waived his or her entitlement to such payment. If for any reason, there is a portion of the Settlement Fund remaining after all distributions have been made, including Notice and Administration Costs, taxes and tax expenses, Attorneys' Fees and Expenses and any Incentive Award to the Plaintiff, such funds shall be donated to Mid-Minnesota Legal Aid.

       5.8    <u>Responsibility for Taxes</u>. Each Class Member who receives a payment pursuant to the Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state or local taxes resulting from or attributable to the payment received by such person. Defendants, Defendants' Counsel, Released Parties, Class Counsel, and the Settlement Administrator shall have no responsibility for or liability from: (a) any tax liability, including, without limitation, penalties and interest, related in any way to payments or credits under the Settlement Agreement, and (b) the costs (including, without limitation, fees, costs and expenses of attorneys, tax advisors, and experts) of any proceedings (including, without limitation, any investigation, response, and/or suit), related to such tax liability.

       5.9    <u>Restorative Payments</u>. The Net Settlement Fund to be allocated and distributed to the Former Participants and to the Plan for distribution to Active and Inactive Participants in accordance with the Plan of Allocation shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 for all purposes.

## ARTICLE VI

**6.    ATTORNEYS' FEES AND EXPENSES AND PLAINTIFF'S INCENTIVE AWARD**

6.1    <u>Attorneys' Fees and Expenses</u>. Class Counsel intends to submit an application for an award from the Settlement Fund for their reasonable Attorneys' Fees and Expenses, and any interest on such Attorneys' Fees and Expenses at the same rate and for the same periods as earned on the Settlement Fund. For the avoidance of doubt, by including this provision, Defendants take no position on the award of any Attorneys' Fees and Expenses, including any interest thereon, requested by Class Counsel, up to one-third (33 1/3%) of the settlement. The award of Attorneys' Fees and Expenses shall be paid to Class Counsel from the Settlement Fund upon the Effective Date, subject to the terms, conditions, and obligations of this Settlement Agreement. The Court's failure to approve in part any application for Attorneys' Fees and Expenses sought by Class Counsel shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination of the Settlement.

6.2    <u>Incentive Award</u>.  Class Counsel may file an application with the Court for payment of an Incentive Award to Plaintiff. For the avoidance of doubt, by including this provision, Defendants take no position on any Incentive Award requested by Class Counsel of up to $100,000. The Incentive Award shall be paid from the Settlement Fund upon the Effective Date. The Court's failure to approve in part any application for an Incentive Award sought by Class Counsel shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination of the Settlement.

## ARTICLE VII

**7.    RELEASES AND COVENANT NOT TO SUE**

7.1    <u>Releases</u>.  Subject to Article VIII herein, the obligations incurred pursuant to this Settlement Agreement shall be in full and final disposition and settlement of any and all of Plaintiff's Released Claims.

(a)    Upon the Effective Date, Plaintiff and every Class Member on behalf of themselves, their heirs, executors, administrators, successors, and assigns, and the Plan (subject to Independent Fiduciary approval as described in Section 2.2 herein) shall, with respect to each and every Plaintiff's Released Claims, be deemed to fully, finally and forever release, relinquish and forever discharge each and every Plaintiff's Released Claims (including Unknown Claims), whether arising before or after the Final Judgment and Order of Dismissal with Prejudice, against any and all of Defendants and the Released Parties, and forever shall be enjoined from prosecuting any such Plaintiff's Released Claims.

(b)    Upon the Effective Date, Defendants and the Released Parties, on behalf of themselves and their successors and assigns shall be deemed to fully, finally and forever release, relinquish and forever discharge each and every Defendants' Released Claims (including Unknown Claims), as to Plaintiff, the Class and their attorneys (including Class Counsel), and forever shall be enjoined from prosecuting any such claims.

(c)    Nothing herein shall preclude any action to enforce the Settlement Agreement.

7.2    <u>Covenant Not To Sue</u>. Upon the Effective Date, Plaintiff and the Class acting individually or together, or in combination with others, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of

law or equity, arbitration tribunal, IRS determination letter proceeding, Department of Labor proceeding, administrative forum or other forum of any kind, asserting any of the Plaintiff's Released Claims against Defendant and any of the Released Parties.

**ARTICLE VIII**

**8.     REPRESENTATIONS AND WARRANTIES**

    8.1    <u>Parties' Representations and Warranties</u>.     The Parties represent and warrant as follows, and each Party acknowledges that each other Party is relying on these representations and warranties in entering into the Settlement Agreement:

    (a)     that they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

    (b)     that they assume the risk of mistake as to facts or law;

    (c)     that they recognize that additional evidence may come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement Agreement;

    (d)     that they have carefully read the contents of the Settlement Agreement, they have consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that Party by his, her, or its counsel; and the Settlement Agreement is signed freely by each individual executing the Settlement Agreement on behalf of each

39

Party;

(e)    that they have made such investigation of the facts pertaining to the subject matter of the Settlement Agreement as they deem necessary; and

(f)    that at all relevant times the Parties and their respective counsel have complied with Rule 11 of the Federal Rules of Civil Procedure.

8.2    <u>Signatories' Representations and Warranties</u>. The persons executing the Settlement Agreement represent that they have been duly authorized to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement in order to effectuate its terms.

## **ARTICLE IX**

**9.    TERMINATION**

9.1    Each Party shall have the right to terminate and abandon the Settlement Agreement by providing written notice of their election to do so to the other Party no later than fourteen (14) calendar days after:

(a)    the Court declines to approve the Settlement Agreement or any material part of it;

(b)    the Court declines to enter the Preliminary Approval Order or materially modifies the contents of the Preliminary Approval Order;

(c)    the Court declines to enter the Final Approval Order or materially modifies the contents of the Final Approval Order; or

(d)    the Final Approval Order is vacated, reversed, or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Effective Date.

Notwithstanding anything herein, no order of the Court, or modification or reversal on appeal of any order of the Court, solely concerning Attorneys' Fees and Expenses or any Incentive Award to Plaintiff shall constitute grounds for termination of the Settlement Agreement.

9.2    <u>Automatic Termination</u>. The Settlement Agreement will automatically terminate if (1) either the Independent Fiduciary does not approve the releases or the Settlement Agreement, or disapproves any provision of the releases or the Settlement Agreement for any reason whatsoever, or United reasonably concludes that the Independent Fiduciary's approval does not include the determinations required by PTE 2003-39; and (2) the Parties do not mutually agree to modify the terms of the Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39.

9.3    <u>Reversion to Prior Positions</u>. If the Settlement Agreement is terminated in accordance with this Article, then (a) the Parties and Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement, (b) the Settlement Amount, plus all interest and accretions thereto, and net of any expenses paid, including all expenses incurred for Notice and Administration Costs, taxes and tax expenses (incurred and accrued), shall revert to United and its agents or insurers based on their respective contributions to the Escrow Account, (c) this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, (d) any order entered by the Court pursuant to the terms of this Settlement Agreement shall be treated as vacated *nunc pro tunc*, (e) the fact of this Settlement Agreement and the terms contained herein shall not be admissible in any proceeding for any purpose, and (f) the Parties expressly

and affirmatively reserve all claims, remedies, defenses, arguments, and motions as to all claims and requests for relief that might have been or might be later asserted in the Action.

## ARTICLE X

**10.    NO ADMISSION OF WRONGDOING**

10.1    The Settlement Agreement, whether or not consummated, and any proceedings taken pursuant to it, is for settlement purposes only and entered into solely for the purpose of avoiding possible future expenses, burdens, or distractions of litigation, and Defendants and the Released Parties deny any and all wrongdoing. Defendants and the Released Parties deny all liability to the Plaintiff and Class Members, deny all of the claims made in the Action, deny all allegations of wrongdoing made in any of the complaints in this Action, and deny that the Plaintiff, the Class Members, the Plan, or any of the Plan's current or former participants suffered any losses. Defendants and the Released Parties further maintain that they acted prudently and loyally at all times when acting in any fiduciary capacity with respect to the Plan. This Settlement Agreement, and the discussions between the Parties preceding it, shall in no event be construed as, or be deemed to be evidence of, an admission or concession on Defendants' or the Released Parties' part of any fault or liability whatsoever.

10.2    The Settlement Agreement, whether or not consummated, and any negotiations, proceedings, or agreements relating to the Settlement Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements:

(a)    shall not be offered or received against Defendants or any of the Released Parties as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by Defendants or a Released Party of the truth

of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing on the part of Defendants or any of the Released Parties, or the appropriateness of certifying a non-settlement class;

(b)    shall not be offered or received against Defendants or any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants or any of the Released Parties;

(c)    shall not be offered or received against Defendants or any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Defendants or any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if this Settlement Agreement is approved by the Court, Defendants or the Released Parties may refer to it to effectuate the liability protection granted them hereunder; and

(d)    shall not be construed against Defendants or any of the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could or would have been recovered after trial of the Action.

## ARTICLE XI

**11.    MISCELLANEOUS**

11.1    <u>Exhibits Included</u>. The exhibits to the Settlement Agreement are integral parts of the Parties' agreement and are incorporated by reference as if set forth herein.

11.2    <u>Cooperation</u>. Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court entry of the Preliminary Approval Order and Final Approval Order.

11.3    <u>Compliance with Protective Order.</u> Within ninety (90) calendar days after the Effective Date, the Parties shall either (a) return to the producing parties, or (b) destroy, all Confidential Documents pursuant to the Protective Order. Each Party shall serve a written notice to each producing party certifying that the Party has carried out the obligations imposed by the Protective Order.

The Parties, Class Counsel, and Defendants' Counsel agree that at all times they will honor the requirements of the Protective Order, notwithstanding the settlement of the Action.

11.4    Non-Disparagement.

(a)    While maintaining their position that the claims asserted in the Action are meritorious, Class Counsel shall not make any public statement or statements (whether or not for attribution) that disparage the business, conduct, or reputation of any Defendants, Released Parties, or Defendants' Counsel, that characterize the discovery record in the Action as it relates to Defendants' oversight of the Plan, or characterize the discovery record in the Action more generally in a way that suggests Plaintiff would have prevailed at trial. While maintaining their position that the claims asserted in the Action are not meritorious, Defendants and Defendants' Counsel shall

not make any public statement or statements (whether or not for attribution) that disparage the business, conduct, or reputation of Plaintiff or Class Counsel relating to the Action. Nothing in this paragraph shall prevent Class Counsel, Defendants, or Defendants' Counsel from discussing public information about the Action, including the claims alleged, the legal arguments made by the parties, or the terms or benefits of the Settlement. If a party or counsel is found to be in violation of this Section 11.4, that party or counsel shall be individually responsible for such breach and there shall not be joint and several liability among counsel or the parties.

(b)     Plaintiff agrees that she will not make any disparaging statements about the Defendants, Released Parties, or Defendants' Counsel that are (a) known to be false or are deliberate or reckless falsehoods, (b) misleading, defamatory or otherwise unlawful, (c) attacks upon Defendants, the Released Parties, or Defendants' Counsel in a manner reasonably calculated to harm their reputation or reduce their income, or (d) false or misleading and deliberately inflict on Defendants, the Released Parties, or Defendants' Counsel unrelated to legitimate protected concerted activities as defined under the NLRA. This paragraph does not prevent Plaintiff from engaging in any speech or conduct that is protected by the National Labor Relations Act.

11.5    Entire Agreement. This Settlement Agreement and all of the exhibits appended hereto constitute the entire agreement of the Parties with respect to their subject matter and supersede any prior agreement, whether written or oral, as to that subject matter. No representations or inducements have been made by or to any Party hereto concerning the Settlement Agreement or its exhibits other than those contained and memorialized in such documents. The provisions of the Settlement Agreement and its exhibits may not be modified

or amended, nor may any of their provisions be waived, except by a writing signed by all Parties hereto or their successors-in-interest.

11.6    <u>Waiver</u>. The waiver by any Party of a breach of the Settlement Agreement by any other Party shall not be deemed a waiver of any other breach of the Settlement Agreement.

11.7    <u>Construction of Agreement</u>.    This Settlement Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that the Settlement Agreement is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to its preparation.

11.8    <u>Headings</u>. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

11.9    <u>Governing Law</u>. The Settlement Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of Minnesota without regard to its conflict of law doctrines, except to the extent that federal law requires that federal law govern, and except that all computations of time with respect to the Settlement Agreement shall be governed by Federal Rule of Civil Procedure 6.

11.10    <u>Fees and Expenses</u>. Except as otherwise expressly set forth herein, each Party shall pay all fees, costs, and expenses incurred in connection with the Action, including fees, costs, and expenses incident to the negotiation, preparation, or compliance with the Settlement Agreement, and including any fees, expenses, and disbursements of its counsel and other advisors. Nothing in the Settlement Agreement shall require Defendants to pay any monies other than as expressly provided herein.

11.11   Execution in Counterparts. The Settlement Agreement may be executed in one or more counterparts and may be executed by facsimile signature. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties shall exchange among themselves signed counterparts.

11.12   Notices.  Unless otherwise provided herein, any notice, demand, or other communication under the Settlement Agreement (other than Notices to Class Members or other notices provided at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and delivered by hand, sent by registered or certified mail, postage prepaid, or delivered by reputable express overnight courier as follows:

(a)     if to Plaintiff:

Charles H. Field
Sanford Heisler Sharp McKnight, LLP
7911 Herschel Avenue, Suite 300
La Jolla, CA 92037

Leigh Anne St. Charles
Sanford Heisler Sharp McKnight, LLP
611 Commerce Street, Suite 3100
Nashville, TN 37203

(b)     if to Defendants:

Craig S. Primis, P.C.
K. Winn Allen, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004

Madelyn A. Morris
KIRKLAND & ELLIS LLP
333 Wolf Point Plaza
Chicago, IL 60654

11.13   Retention of Jurisdiction. The Parties shall request that the Court retain

jurisdiction of this matter after the Effective Date and enter such orders as are necessary or appropriate to effectuate the terms of the Settlement Agreement and enforce the Protective Order.

IN WITNESS WHEREOF, the Parties have caused the Settlement Agreement to be executed, by their duly authorized attorneys.


DATED: 12/11/2024                         SANFORD HEISLER SHARP
                                          McKNIGHT, LLP

                                          *Charles Field*
                                          Charles Field (Dec 11, 2024 16:18 PST)
                                          _____
                                          CHARLES H. FIELD
                                          *Counsel for Plaintiff and the Class*


DATED: 12/11/2024                         UNITEDHEALTH GROUP INCORPORATED


                                          *Michael A. Brille*
                                          _____
                                          MICHAEL A. BRILLE
                                          Chief Litigation Officer
                                          UnitedHealth Group Incorporated
                                          *Counsel for Defendants*

**<u>EXHIBIT A</u>**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| KIM SNYDER, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 0:21-cv-01049 (JRT/DJF) |
| v. | ) ) | CLASS ACTION |
| UNITEDHEALTH GROUP, INC., et al. | ) ) | **[PROPOSED] ORDER PRELIMINARILY APPROVING** |
| Defendants. | ) ) ) | **SETTLEMENT AND PROVIDNG FOR NOTICE** |
| | ) ) | **EXHIBIT A** |

WHEREAS, an action is pending before this Court entitled *Snyder v. UnitedHealth Group, Inc., et al.*, Civil No. 21-1049 (JRT/DJF) (the "Action");

WHEREAS, Plaintiff having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with a Settlement Agreement dated as of December 11, 2024, which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court has reviewed the Settlement Agreement and does hereby preliminarily approve the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below.

2.    The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Fairness Hearing described below.

3.    A hearing (the "Fairness Hearing") shall be held before this Court on ____, 2025, [a date that is at least 130 calendar days from the date of this Order], at the Diana E. Murphy United States Courthouse, 300 South Fourth Street, Suite 202, Minneapolis, MN 55415, to determine whether the proposed Settlement of the Action on the terms and conditions provided for

Exhibit A                                1

in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; whether the proposed Final Judgment and Order of Dismissal with Prejudice as provided under the Settlement Agreement should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine the amount of fees and expenses that should be awarded to Class Counsel; to determine whether an Incentive Award should be awarded to Plaintiff; and to address such other matters relating to this Settlement as may properly be before the Court. The Court may adjourn the Fairness Hearing without further notice to the members of the Class.

4.      The Court approves, as to form and content, the Notice and Former Participant Rollover Form annexed hereto as Exhibits A-1 and A-2, respectively, and finds that the mailing and distribution of the Notice (and for Former Participants will include a link to the Former Participant Rollover Form) substantially in the manner and form set forth in ¶ 6 of this Order: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the Settlement and to apprise Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), the Rules of this Court, and other applicable law.

5.      The firm of Angeion Group ("Settlement Administrator") is hereby appointed to supervise and administer the notice procedure as well as implement the Plan of Allocation and to distribute the Net Settlement Fund to Class Members as more fully set forth below.

6.      Not later than_____, 202_ [sixty (60) calendar days after the Court signs and enters

Exhibit A                                    2

this Order] (the "Notice Date"), the Settlement Administrator shall commence emailing or mailing the Notice (and for Former Participants will include a link to the Former Participant Rollover Form), substantially in the forms annexed hereto, by First-Class Mail, where no email is available, to all Class Members who can be identified with reasonable effort, and to be posted on its settlement website.

7.    At least fifty (50) calendar days prior to the Fairness Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing.

8.    Any member of the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Class Counsel.

9.    Any member of the Class may appear and show cause why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why Attorneys' Fees and Expenses should or should not be awarded to Class Counsel, or why Incentive Award to Plaintiff should or should not be awarded; provided, however, that no Class Member or any other person shall be heard or entitled to contest such matters, unless that person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before _____, 2025 [a date fourteen (14) calendar days before the Fairness Hearing], to Angeion Group, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of Minnesota, Diana E. Murphy United States Courthouse, 300 South Fourth Street, Suite 202, Minneapolis, MN 55415, on or before _____, 2025 [a date fourteen (14) calendar days before the

Fairness Hearing]. Any objections must: (i) state the name, address, and telephone number of the objector and must be signed by the objector; (ii) state that the objector is objecting to the proposed Settlement, Plan of Allocation, application for attorneys' fees or expenses, or request for Plaintiff's Incentive Award in this Action; (iii) state the objection(s) and the specific reasons for each objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention; and (iv) include documents sufficient to prove the objector's membership in the Class. In addition, the objection must identify all class actions to which the objector and his, her or its counsel have previously objected. The Court will consider a Class Member's objection only if the Class Member has complied with the above requirements. Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Settlement Agreement, to the Plan of Allocation, to the award of attorneys' fees and expenses to Class Counsel, or Incentive Award for Plaintiff, unless otherwise ordered by the Court. Class Members submitting written objections are not required to attend the Fairness Hearing, but any Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, the application for an award of attorneys' fees and expenses, and/or the request for Plaintiff's Incentive Award must file a written objection and indicate in the written objection their intention to appear at the hearing.

10. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

11. All opening briefs and supporting documents in support of final approval of the

Settlement, the Plan of Allocation, and any application by Class Counsel for attorneys' fees and expenses and Incentive Award for Plaintiff shall be filed and served by ___, 2025 [a date seven (7) calendar days before the Fairness Hearing]. Replies to any objections shall be filed and served by _____, 2025 [a date seven (7) calendar days before the Fairness Hearing].

12.    None of the Released Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for Attorneys' Fees and Expenses submitted by Class Counsel or Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

13.    At or after the Fairness Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees or payment of expenses, shall be approved.

14.    All reasonable expenses incurred in identifying and notifying Class Members, as well as the fees and costs of the Settlement Administrator and Plan's recordkeeper administering the Settlement Fund, and the fees and costs of the Independent Fiduciary, shall be paid as set forth in the Settlement Agreement. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiff nor any of her counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶ 3.2(a) or 4.5 of the Settlement Agreement.

Exhibit A                              5

15.     Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

16.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

17.     If the Settlement Agreement and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Settlement Agreement and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Parties *status quo ante* as set forth in ¶ 9.3 of the Settlement Agreement.

18.     Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pending final determination of whether the proposed Settlement should be approved, neither the Plaintiff nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, the Released Parties, or the Plan any action or proceeding in any court or tribunal asserting any of the Plaintiff's Released Claims.

19.     Except to the extent the Parties may agree to resolve through mediation or arbitration any disputes that may arise prior to the entry of judgment, the Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the

Settlement.

IT IS SO ORDERED.


DATED: _____                    _____ _____

                               THE HONORABLE JOHN R. TUNHEIM
                               UNITED STATES DISTRICT JUDGE

**EXHIBIT A-1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **KIM SNYDER, on behalf of herself and all others similarly situated,** | ) ) ) | |
| | ) | **Case No. 0:21-cv-01049** |
| ***Plaintiff*,** | ) | **(JRT/DJF)** |
| | ) | |
| **v.** | ) | **CLASS ACTION** |
| | ) | |
| **UNITEDHEALTH GROUP, INC., et al.** | ) ) | NOTICE OF SETTLEMENT OF CLASS ACTION |
| ***Defendants*.** | | EXHIBIT A-1 |

<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA</u>

**If you are or were a participant in the UnitedHealth Group 401(k) Savings Plan (the "Plan") who invested in the Wells Fargo Target Date Funds (formerly the Wells Fargo Dow Jones Target Date Funds) ("Wells Fargo Target Date Funds) at any time from April 23, 2015 to the present, you may be part of a class action settlement.**

IMPORTANT
PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT AND, IF YOU ARE A CLASS MEMBER, CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO OBJECT TO THE SETTLEMENT

**TO THE FOLLOWING CLASS:**

All persons who were participants in or beneficiaries of the UnitedHealth Group 401(k) Savings Plan (the "Plan") and who were at any time between April 23, 2015 to the present (the "Class Period") invested in the Wells Fargo Target Date Funds, excluding Defendants (identified below), any individual who served during the Class Period as a member of UnitedHealth Group Inc.'s Board of Directors, the UnitedHealth Group Retirement Plan's Investment Review Committee, or the UnitedHealth Group Employee Benefits Plans Investment Committee, any individual who served during the Class Period as UnitedHealth Group's Executive Vice President of Human Capital, and members of the immediate families and the legal representatives, heirs, successors, or assigns of any such excluded party.

**PLEASE READ THIS NOTICE CAREFULLY. A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION.**

Defendants have agreed that UnitedHealth Group, Inc. and/or its insurers will pay $69,000,000 into a settlement fund in this class action lawsuit, *Snyder v. UnitedHealth Group, Inc., et al.*, Civil No. 21-cv-1049 (JRT/DJF) (the "Action") brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Class Members are eligible to receive a *pro rata* share of the Net Settlement Fund pursuant to the Plan of Allocation set forth below. The Net Settlement Fund is the amount in the Settlement Fund remaining after payment of Notice and Administration Costs, any Attorneys' Fees and Expenses that the Court awards to Class Counsel, and any Incentive Award to Plaintiff.[1] The amount of each Class Member's payment is based on the Plan of Allocation. Payments to current Plan participants will be deposited into their respective Plan accounts. Payments to former Plan participants will be made directly to former

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in Settlement Agreement dated December 11, 2024, a copy of which is available on the Settlement website, www._____.com.

**Questions?  Please visit www.___.com or call 1 (800)___.**
**Do not call the Company or the Court as they cannot answer your questions.**

1

Plan participants by check, or former Plan participants can instead elect to receive their payment through a rollover to a qualified retirement account.

The United States District Court for the District of Minnesota (the "Court") has preliminarily approved the proposed settlement (the "Settlement"). The Settlement is between Plaintiff Kim Snyder ("Plaintiff"), individually and on behalf of the Class, and Defendants UnitedHealth Group, Inc. ("United" or the "Company"), the UnitedHealth Group Employee Benefits Plans Investment Committee (and its members), John Rex, and David S. Wichmann (collectively, "Defendants," and with Plaintiff, the "Parties"). The Settlement would release Defendants and certain related parties from any and all of Plaintiff's Released Claims defined below under question 11.

The Court has authorized this Notice to provide you with summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in the Settlement Agreement, dated December 11, 2024. Any capitalized terms used but not defined here have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement and additional information with respect to the Action and the Settlement are available at www._____.com or from Class Counsel, who are listed on page ___ below.

The Court has scheduled a hearing to determine whether to grant final approval of the Settlement and Class Counsel's motion for an award of Attorneys' Fees and Expenses and Plaintiff's Incentive Award (the "Fairness Hearing"). The Fairness Hearing, which will take place before the Honorable John R. Tunheim, is scheduled for ___, 202_, at _.m., in Courtroom _ at the Diana E. Murphy United States Courthouse, 300 South Fourth Street, Suite 202, Minneapolis, MN 55415. If approved, the Settlement will bind you as a member of the Class. You may appear at this hearing and/or object to the Settlement. Any objections to the Settlement, the Plan of Allocation, the request for Attorneys' Fees and Expenses, or the request for Incentive Award must be served in writing on the Court and the Parties' counsel. More information about the hearing and how to object is explained on pages __ through __ of this Notice.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT MAY AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT NEED TO APPEAR IN COURT, AND YOU ARE NOT REQUIRED TO HIRE AN ATTORNEY IN THIS CASE. YOU CAN, IF YOU DESIRE, RETAIN YOUR OWN COUNSEL AT YOUR OWN EXPENSE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU DO NOT NEED TO DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT UNDER THE PROCEDURES DESCRIBED BELOW AND AS FURTHER DETAILED HEREIN AT PAGE __.**

| THIS TABLE CONTAINS A SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **You Can DO NOTHING**<br>No Action is Necessary to Receive Payment. | If the Settlement is approved by the Court and you are a member of the Class, you will not need to do anything to receive a payment. |

**Questions?  Please visit www.___.com or call 1 (800)___.**
**Do not call the Company or the Court as they cannot answer your questions.**

| **You Can OBJECT by ___, 202_.** | You can write to the Court if you do not like the Settlement. If the Court approves the Settlement, you will get a share of the Settlement benefits to which you are entitled, regardless of whether you objected to the Settlement. |
|---|---|
| **You Can ATTEND A HEARING on ___, 202_.** | You can ask to speak in Court about the fairness of the Settlement. If the Court approves the Settlement, you will get a share of the Settlement benefits to which you are entitled, regardless of whether you spoke in Court about the fairness of the Settlement. |

These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

  At the Fairness Hearing, the Court will determine whether to approve the Settlement. Payments will be made to authorized members of the Class only if the Court approves the Settlement and that approval is upheld in the event of any appeals. Further information regarding this Action and this Notice may be obtained by contacting the Settlement Administrator at 1 (800) _____ or by visiting the Settlement Website at www._____.com

**Questions?  Please visit www.____.com or call 1 (800)___.**
**Do not call the Company or the Court as they cannot answer your questions.**

## <u>WHAT THIS NOTICE CONTAINS</u>

SUMMARY OF CASE .................................................................................................... 5

SUMMARY OF SETTLEMENT ................................................................................... 6

STATEMENT OF POTENTIAL OUTCOME OF THE ACTION ................................. 6

STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT IN THE ACTION **Error! Bookmark not defined.**

WHAT WILL THE PLAINTIFF GET? ......................................................................... 6

BASIC INFORMATION ............................................................................................... 6

    1.    Why did I get this Notice package? ................................................... 6

    2.    Why is this case a class action? ........................................................ 7

    3.    What is the Action about and what has happened? ........................... 7

    4.    Why is there a settlement? ................................................................ 8

WHO IS IN THE SETTLEMENT .................................................................................. 8

    5.    How do I know whether I am part of the Settlement? ....................... 8

    6.    Are there exceptions to being included? ........................................... 8

THE SETTLEMENT BENEFITS .................................................................................. 9

    7.    What does the Settlement provide? ................................................... 9

    8.    How much will an individual payment be? ....................................... 9

    9.    How can I get a payment? ................................................................. 9

    10.    When will payments be made? .......................................................... 10

PLAINTIFF'S AND THE CLASS'S RELEASE OF CLAIMS .................................... 10

    11.    What Do I Give Up as a Result of the Settlement? ........................... 10

PARTICIPATION IN THE SETTLEMENT ................................................................. 11

    12.    Can I exclude myself from the Settlement? ...................................... 11

THE LAWYERS REPRESENTING YOU ................................................................... 11

    13.    Do I have a lawyer in the case? ........................................................ 11

    14.    How will the lawyers be paid? .......................................................... 11

OBJECTING TO THE SETTLEMENT OR THE ATTORNEY FEES ........................ 11

    15.    How do I tell the Court that I don't like the Settlement? .................. 12

THE COURT'S FAIRNESS HEARING ....................................................................... 12

    16.    When and where will the Court decide whether to approve the Settlement? ........ 12

    17.    Do I have to come to the hearing? .................................................... 13

    18.    May I speak at the hearing? .............................................................. 13

IF YOU DO NOTHING ................................................................................................ 13

    19.    What happens if I do nothing at all? ................................................. 13

GETTING MORE INFORMATION ............................................................................. 13

    20.    Are there more details about the Settlement? ................................... 13

    21.    How do I get more information? ........................................................ 13

**Questions?  Please visit www.____.com or call 1 (800)____.**
**Do not call the Company or the Court as they cannot answer your questions.**

## SUMMARY OF CASE

This is a certified class action on behalf of all participants in or beneficiaries of the UnitedHealth Group 401(k) Savings Plan (the "Plan") and who were at any time between April 23, 2015 to the present (the "Class Period") invested in the Wells Fargo Target Date Fund Suite (collectively, the "Wells Fargo Target Date Funds"). Plaintiff filed a class action complaint against Defendants, alleging that Defendants violated ERISA's fiduciary duties of prudence and loyalty by retaining the Wells Fargo Target Date Funds. A complete description of Plaintiff's allegations is in the Amended Class Action Complaint filed on August 24, 2022 (which is the operative complaint and hereafter referred to as the "Complaint"), a copy of which is available on the Settlement Website at www._____.com.

Defendants deny all of the claims made in the Complaint, deny all allegations of wrongdoing, and deny that the Plaintiff, the Class Members, the Plan, or any of the Plan's current or former participants suffered any losses. Defendants are settling the Action solely to avoid the expense, inconvenience, and inherent risk and disruption of litigation.

On April 11, 2023, the Court certified a class of Plan participants who invested in any of the following during the Class Period:

| EIN | FUND NAME[4] |
|---|---|
| 27-6745191 | Wells Fargo DJ Target 2010 N |
| 27-6745203 | Wells Fargo DJ Target 2015 N |
| 27-6745217 | Wells Fargo DJ Target 2020 N |
| 27-6745238 | Wells Fargo DJ Target 2025 N |
| 27-6745249 | Wells Fargo DJ Target 2030 N |
| 27-6745261 | Wells Fargo DJ Target 2035 N |
| 27-6745274 | Wells Fargo DJ Target 2040 N |
| 27-6745287 | Wells Fargo DJ Target 2045 N |
| 27-6745297 | Wells Fargo DJ Target 2050 N |
| 45-7008802 | Wells Fargo DJ Target 2055 N |
| 47-6668828 | Wells Fargo DJ Target 2060 N |
| 82-6539202 | Wells Fargo Target 2010 CIT E3 |
| 82-6542271 | Wells Fargo Target 2015 CIT E3 |
| 82-6545168 | Wells Fargo Target 2020 CIT E3 |
| 82-6547850 | Wells Fargo Target 2025 CIT E3 |
| 82-6551318 | Wells Fargo Target 2030 CIT E3 |
| 82-6554416 | Wells Fargo Target 2035 CIT E3 |
| 82-6557908 | Wells Fargo Target 2040 CIT E3 |

---

[4] Wells Fargo Asset Management was sold and changed its name to Allspring Global Investments effective November 1, 2021. Reflecting this change, each Wells Fargo Target CIT E3 fund was renamed effective April 1, 2022 to a corresponding Allspring Target CIT E3 fund.

**Questions?  Please visit www.___.com or call 1 (800)___.**
**Do not call the Company or the Court as they cannot answer your questions.**

| 82-6560165 | Wells Fargo Target 2045 CIT E3 |
| 82-6563190 | Wells Fargo Target 2050 CIT E3 |
| 82-6566776 | Wells Fargo Target 2055 CIT E3 |
| 82-6570747 | Wells Fargo Target 2060 CIT E3 |

Copies of the Complaint, relevant Court orders, and documents related to the Settlement are available at www._____.com.

## SUMMARY OF SETTLEMENT

United and/or its insurers will contribute, or cause to be contributed, into an Escrow Account $69,000,000.00 in cash. After payment of Attorneys' Fees and Expenses, Incentive Award to the Plaintiff, and Notice and Administration Costs, the amount remaining (the "Net Settlement Fund") shall be allocated among authorized members of the Class according to a Plan of Allocation to be approved by the Court. The Plan of Allocation is described in further detail in the Settlement Agreement available at www._____.com.

## STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Class Counsel believe Plaintiff's claims against Defendants are well grounded in law and fact, and that Defendants breached their fiduciary duties under ERISA. Throughout this Action, Defendants have denied and continue to deny the factual allegations and legal claims asserted by Plaintiff. The Court has not decided in favor of either side in this Action.

As with any litigated case, the Class would face an uncertain outcome if Plaintiff continued the Action against Defendants. Continuing the Action could result in a judgment or verdict greater or less than the recovery under the Settlement Agreement, or it could result in no recovery at all. In evaluating the Settlement, Class Counsel have considered the range of possible recoveries and believe the Settlement is in the best interests of the Class Members and the Plan. Both sides avoid the cost and risk of a trial, and the affected current and former Plan participants will get substantial benefits that they would not otherwise receive if Plaintiff had litigated the case and lost.

## WHAT WILL THE PLAINTIFF GET?

Plaintiff will share in the allocation of the money paid to the Plan on the same basis and to the same extent as all other members of the Class. In addition, Class Counsel will petition the Court for an Incentive Award not to exceed $100,000 for the Plaintiff in recognition of her efforts as Class Representative prosecuting this Action for approximately three and a half years on behalf of the Class.

## BASIC INFORMATION

### 1. Why did I get this Notice package?

You or someone in your family is or may have been a participant in the Plan, and invested in the Wells Fargo Target Date Funds through an account in the Plan between April 23, 2015 and the present. The Court ordered this Notice to be sent to you because, if you fall within that group, you have a right to know about the Settlement and about all of your options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the net amount of the Settlement Fund will be allocated among authorized members of the Class according to a Court-approved Plan of Allocation. This Notice package describes the Action, the Settlement, your legal rights, the benefits available, who is

**Questions?  Please visit www.____.com or call 1 (800)____.**
**Do not call the Company or the Court as they cannot answer your questions.**

eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the District of Minnesota. The individual who sued is called the "Plaintiff," and the people and entities she sued are called "Defendants."

| 2.   Why is this case a class action? |
|---|

In this type of class action, one or more plaintiffs called "Class Representatives" sue on behalf the Plan and all people who have similar claims. All of the individuals on whose behalf the Class Representative is suing are "Class Members." In a class action, one court resolves the issues for all Class Members. The Class Representative in this Action is Plaintiff Kim Snyder, who was a participant in the Plan during the Class Period, and is referred to in this Notice as the "Plaintiff."

| 3.   What is the Action about and what has happened? |
|---|

Plaintiff filed a class action complaint against Defendants on April 23, 2021, alleging that Defendants violated ERISA's fiduciary duties of prudence and loyalty by retaining the Wells Fargo Target Date Funds. A complete description of Plaintiff's allegations is in the Amended Class Action Complaint filed on August 24, 2022 (which is the operative complaint and hereafter referred to as the "Complaint"), a copy of which is available on the Settlement Website at www._____.com.

Defendants deny all of the claims made in the Complaint, deny all allegations of wrongdoing, and deny that the Plaintiff, the Class Members, the Plan, or any of the Plan's current or former participants suffered any losses. Defendants are settling the Action solely to avoid the expense, inconvenience, and inherent risk and disruption of litigation.

On April 11, 2023, the Court certified a class of Plan participants who invested in any of the following during the Class Period:

| EIN | FUND NAME[5] |
|---|---|
| 27-6745191 | Wells Fargo DJ Target 2010 N |
| 27-6745203 | Wells Fargo DJ Target 2015 N |
| 27-6745217 | Wells Fargo DJ Target 2020 N |
| 27-6745238 | Wells Fargo DJ Target 2025 N |
| 27-6745249 | Wells Fargo DJ Target 2030 N |
| 27-6745261 | Wells Fargo DJ Target 2035 N |
| 27-6745274 | Wells Fargo DJ Target 2040 N |
| 27-6745287 | Wells Fargo DJ Target 2045 N |
| 27-6745297 | Wells Fargo DJ Target 2050 N |

---

[5] Wells Fargo Asset Management was sold and changed its name to Allspring Global Investments effective November 1, 2021. Reflecting this change, each Wells Fargo Target CIT E3 fund was renamed effective April 1, 2022 to a corresponding Allspring Target CIT E3 fund.

**Questions?  Please visit www.____.com or call 1 (800)____.**
**Do not call the Company or the Court as they cannot answer your questions.**

| | |
|---|---|
| 45-7008802 | Wells Fargo DJ Target 2055 N |
| 47-6668828 | Wells Fargo DJ Target 2060 N |
| 82-6539202 | Wells Fargo Target 2010 CIT E3 |
| 82-6542271 | Wells Fargo Target 2015 CIT E3 |
| 82-6545168 | Wells Fargo Target 2020 CIT E3 |
| 82-6547850 | Wells Fargo Target 2025 CIT E3 |
| 82-6551318 | Wells Fargo Target 2030 CIT E3 |
| 82-6554416 | Wells Fargo Target 2035 CIT E3 |
| 82-6557908 | Wells Fargo Target 2040 CIT E3 |
| 82-6560165 | Wells Fargo Target 2045 CIT E3 |
| 82-6563190 | Wells Fargo Target 2050 CIT E3 |
| 82-6566776 | Wells Fargo Target 2055 CIT E3 |
| 82-6570747 | Wells Fargo Target 2060 CIT E3 |

In July 2024, Class Counsel and Defendants' Counsel mediated the Action under the supervision of Robert A. Meyer, Esq., a mediator experienced in ERISA and other complex class actions. Following a full-day mediation, counsel for the Parties continued to conduct extensive, arm's-length negotiations with the assistance of mediator Robert A. Meyer, Esq. which eventually resulted in the Parties reaching an agreement-in-principle, memorialized in the Settlement Agreement.

Copies of the Complaint, relevant Court orders, Settlement Agreement, and other documents related to the Settlement are available at www._____.com.

| 4. Why is there a settlement? |
|---|

No final decision has been reached with respect to Plaintiff's claims against Defendants. Instead, Plaintiff and Defendants have agreed to a settlement. In reaching the Settlement, they have avoided the costs, risks, uncertainty, time, and disruption of prolonged litigation and trial.

Class Counsel believe the Settlement is in the best interests of the Class. The reasons they believe this to be so are described above in the section entitled "Statement of Potential Outcome of the Action."

## WHO IS IN THE SETTLEMENT

To determine if any of the proceeds of this Settlement will be allocated to you, you first must determine whether you are a member of the Class.

| 5. How do I know whether I am part of the Settlement? |
|---|

All participants in the Plan during the Class Period, who were invested in one or more of the Wells Fargo Target Date Funds (defined in "Summary of Case" above) are members of the Class.

**It is not necessary for you to provide any records. Your claim will be processed and your allocation calculated by the Settlement Administrator.**

| 6. Are there exceptions to being included? |
|---|

**Questions? Please visit www.___.com or call 1 (800)___.**
**Do not call the Company or the Court as they cannot answer your questions.**

Excluded from the Class are (a) Defendants, (b) any individual who served during the Class Period as a member of UnitedHealth Group Inc.'s Board of Directors, the UnitedHealth Group Retirement Plan's Investment Review Committee, or the UnitedHealth Group Employee Benefits Plans Investment Committee, (c) any individual who served during the Class Period as UnitedHealth Group's Executive Vice President of Human Capital, and (d) members of the immediate families and the legal representatives, heirs, successors, or assigns of any such excluded party.

## THE SETTLEMENT BENEFITS

| 7. What does the Settlement provide? |
| --- |

The Settlement Amount is $69,000,000. Defendants shall contribute, or cause to be contributed, the Settlement Amount into an interest-bearing Escrow Account. The net amount in the Escrow Account, after payment of Court-approved Attorneys' Fees and Expenses, the Incentive Award, and Notice and Administration Costs (the "Net Settlement Fund"), will be allocated to Class Members according to a Plan of Allocation to be approved by the Court if and when the Court enters an order finally approving the Settlement.

| 8. How much will an individual payment be? |
| --- |

United and/or its insurers have agreed to pay $69,000,000 into a Settlement Fund, which will be used to pay Notice and Administration Costs, Attorneys' Fees and Expenses, and Incentive Award to Plaintiff (the latter two items requiring Court approval), and payments to Class Members. The amount of each Class Member's payment will be based in part on the amount of his or her Plan account balance that was invested in the Wells Fargo Target Date Funds over the Class Period, and will be determined according to a Plan of Allocation set forth in the Settlement Agreement, which is available on the Settlement Website at [ ___ ].

**You do not need to submit records concerning your Plan account to receive a payment.** If you are entitled to a share of the Net Settlement Fund, you will receive a statement from the Plan's recordkeeper or the Settlement Administrator showing the amount of your share and how it was calculated. If you have questions regarding the Settlement or the Plan of Allocation, please contact the Settlement Administrator at 1 (800) _____ or at www._____.com.

| 9. How can I get a payment? |
| --- |

Class Members do not have to submit claim forms in order to receive Settlement benefits.

The benefits of the Settlement will be distributed after the Court approves the Settlement and/or after any appeals have been resolved in favor of the Settlement. For current Plan participants, you will receive your share of the Net Settlement Fund in the form of a deposit into your Plan account. Former Plan participants have the option to receive their settlement payment through a rollover to a qualified retirement account. To do so, you must complete and sign the Former Participant Rollover Form by [ **date**, forty-five (45) calendar days] before Fairness Hearing. If you are a former Plan participant who timely submits a valid Former Participant Rollover Form, the Settlement Administrator will effect a rollover of your share of the Net Settlement Fund to your qualified retirement account that you indicated in that Form after the

**Questions? Please visit www.___.com or call 1 (800)___.**
**Do not call the Company or the Court as they cannot answer your questions.**

Settlement has received final approval and/or after any appeals have been resolved in favor of the Settlement. To complete the Former Participant Rollover Form, please visit this website and follow the applicable instructions: www._____.com/XXX.

If you are a former Plan participant or an Alternate Payee of a former Plan participant and do not complete and sign a Former Participant Rollover Form, a check in the amount of your share of the Settlement Fund will be issued to you after the Settlement has received final approval and/or after any appeals have been resolved in favor of the Settlement.

Beneficiaries of Active Participants, Inactive Participants, and Former Participants that are entitled to receive all or a portion of a Former Participant's settlement payment can receive such settlement payment through a rollover to a qualified retirement account by completing the Former Participant Rollover Form by [**date**, forty-five (45) calendar days] before Fairness Hearing. If you are a Beneficiary and you do not do so, you will receive the settlement payment in the form of a check.

Alternate Payees of Active Participants or Inactive Participants that are entitled to receive all or a portion of an Active Participant's or Inactive Participant's settlement payment will receive such payment pursuant to the terms of the applicable Qualified Domestic Relations Order.

| 10. When will payments be made? |
|---|

The Net Settlement Fund will be allocated to members of the Class pursuant to the Plan of Allocation as soon as possible after the Court grants final approval of the Settlement (and after the exhaustion of any appeals). Any appeal of the final approval may delay distribution by a year or more. Please be patient.

All checks will expire and become void not later than 120 days after they are issued, if they have not been cashed. If for any reason, there is a portion of the Settlement Fund remaining after all distributions have been made, such funds will be donated to Mid-Minnesota Legal Aid.

These payments may have certain tax consequences; you should consult your tax advisor. Class Counsel cannot provide tax advice concerning the settlement.

**There Will Be No Payments if the Settlement Is Terminated**

The Settlement Agreement may be terminated on several grounds, including: (1) if the Court does not approve the Settlement or any material part of it without the Parties' consent; or (2) if the Court's order approving the Settlement is reversed or materially modified on appeal. The Settlement Agreement describes in detail the conditions under which the Settlement may be terminated. In the event any of these conditions occurs, there will be no settlement payment made, and the Action will resume.

## PLAINTIFF'S AND THE CLASS'S RELEASE OF CLAIMS

| 11. What Do I Give Up as a Result of the Settlement? |
|---|

If the Court grants final approval of the Settlement, a final order and judgment dismissing the case will be entered in the Action. Once the appeal period expires or any appeal is resolved, payments under the Settlement will then be processed and distributed, and the release by Class

**Questions? Please visit www.____.com or call 1 (800)____.**
**Do not call the Company or the Court as they cannot answer your questions.**

10

Members will also take effect. All Class Members included in the Settlement will release and forever discharge United and each of the Released Parties from any and all Released Claims (as defined in the Settlement Agreement). Please refer to Article VII of the Settlement Agreement for a full description of the claims and persons that will be released upon final approval of the settlement.

No Class Member will be permitted to continue to assert Released Claims in any other litigation against United or the other persons and entities covered by the Release. If you object to the terms of the Settlement Agreement, you may notify the Court of your objection. (See Table on pages 2 and 3 of this Notice.) If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached.

If the Settlement is not approved and the case resumes, there is no assurance that Class Members will recover more than is provided for under the Settlement, or anything at all.

## PARTICIPATION IN THE SETTLEMENT

**12. Can I exclude myself from the Settlement?**

No. If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms. **Therefore, you will be bound by any judgments or orders that are entered in this Action, and, if the Settlement is approved, you will be deemed to have released Defendants and certain related parties from any and all Plaintiff's Released Claims.**

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve the Settlement. See the section entitled "How do I tell the Court that I don't like the Settlement?" below.

## THE LAWYERS REPRESENTING YOU

**13. Do I have a lawyer in the case?**

The Court has designated Class Counsel from Sanford Heisler Sharp McKnight, LLP as counsel for the Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

**14. How will the lawyers be paid?**

Class Counsel have pursued this Action on a contingent basis and for three and a half years advanced all expenses necessary to litigate the Action. From the beginning of the Action, which was filed on April 23, 2021, to the present, Class Counsel have not received any payment for their services in prosecuting the case or obtaining the Settlement, nor have they been reimbursed for any of the out-of-pocket expenses they have incurred. Class Counsel will apply to the Court for an award of Attorneys' Fees and Expenses. This motion will be considered at the Fairness Hearing. Class Counsel will seek an award of attorneys' fees not to exceed one-third (33 1/3%) of the Settlement Amount plus their out-of-pocket expenses. Any award of Attorneys' Fees and Expenses awarded by the Court will be paid from the Settlement Fund.

**Questions?  Please visit www.___.com or call 1 (800)___.
Do not call the Company or the Court as they cannot answer your questions.**

## OBJECTING TO THE SETTLEMENT OR THE ATTORNEY FEES

You can tell the Court that you do not agree with the Settlement or some part of it.

| 15. How do I tell the Court that I don't like the Settlement? |
| --- |

If you are a member of the Class, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve the Settlement, the Plan of Allocation, the Attorneys' Fees and Expenses, and/or the Incentive Award. The Court will consider your views. Your objection to the Settlement must be received, not just postmarked, no later than **[date]** (fourteen (14) calendar days before the Fairness Hearing) and must be sent to the Court and the attorneys for the Parties at the addresses included in the table below.

The objection must be in writing and include the case name "*Snyder v. UnitedHealth Group, Inc., et al.*, Civil No. 21-1049 (JRT/DJF), the judge's name Hon. Tunheim John R. Tunheim, and the following information: (a) your name; (b) your address; (c) a statement that you are a Class Member and the dates you invested in the Wells Fargo Target Date Funds (if known); (d) the specific grounds for the objection (including all arguments, citations, and evidence supporting the objection); (e) all documents or writings that you desire the Court to consider (including all copies of any documents relied upon in the objection); (f) your signature; and (g) a notice of intention to appear at the Fairness Hearing (if applicable). (If you are represented by counsel, you or your counsel must file your objection through the Court's CM/ECF system.) The Court will consider all properly filed comments from Class Members. If you wish to appear and be heard at the Fairness Hearing in addition to submitting a written objection to the settlement, you or your attorney must say so in your written objection or file and serve a notice of intent to appear at the Fairness Hearing by [deadline].

**Mail the objection to each of the addresses identified below so that it is *received* by no later than _____, 202_. If your objection is not timely received, the Court will not consider it.**

| The Court: | Class Counsel: | Defendants' Counsel: |
| --- | --- | --- |
| Clerk of the United States District Court for the District of Minnesota Diana E. Murphy United States Courthouse, 300 South Fourth Street, Suite 202, Minneapolis, MN 55415 | Charles Field Sanford Heisler Sharp McKnight, LLP 7911 Herschel Avenue, Suite 300 La Jolla, CA 92037 | Madelyn A. Morris KIRKLAND & ELLIS LLP 333 Wolf Point Plaza Chicago, IL 60654 |

## THE COURT'S FAIRNESS HEARING

The Court will hold a Fairness Hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but it is not necessary.

| 16. When and where will the Court decide whether to approve the Settlement? |
| --- |

The Court will hold a Fairness Hearing to decide whether to approve the Settlement as fair,

**Questions?  Please visit www.____.com or call 1 (800)____.**
**Do not call the Company or the Court as they cannot answer your questions.**

reasonable, and adequate. You may attend the Fairness Hearing, and you may ask to speak, but you do not have to attend. The Court has scheduled the Fairness Hearing to be held on ___, 202_, at _.m., in Courtroom _ at the Diana E. Murphy United States Courthouse, 300 South Fourth Street, Suite 202, Minneapolis, MN 55415. The hearing may be conducted telephonically, by video conference, or in person before The Honorable John R. Tunheim. The Fairness Hearing may be relocated or rescheduled by the Court. Please check the Settlement Administrator's website at www.___.com, or contact the Settlement Administrator at 1 (800) _____ if you would like to confirm the time and location of the hearing.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. You do not need to attend this hearing to have an objection considered by the Court. After the Fairness Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motion for Attorneys' Fees and Expenses and the Incentive Award to Plaintiff as the Class Representative. The hearing may be adjourned at the discretion of the Court without further notice to you except as may be provided on the docket of this Action maintained by the Court.

| 17. Do I have to come to the hearing? |
| --- |

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to voice your objection in person. As long as you mail your written objection, as directed above, so that it is received on time, the Court will consider it when determining whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but attendance is not necessary.

| 18. May I speak at the hearing? |
| --- |

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing" in "*Snyder v. UnitedHealth Group, Inc., et al.*, Civil No. 21-1049 (JRT/DJF)" to the Clerk of Court, Class Counsel, and Defendants' Counsel at the addresses listed above. Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be *received* **no later than ___, 2024**.

### IF YOU DO NOTHING

| 19. What happens if I do nothing at all? |
| --- |

If you do nothing and you are a Class Member, you will participate in the Settlement of the Action as described above in this Notice, if the Settlement is approved.

### GETTING MORE INFORMATION

| 20. Are there more details about the Settlement? |
| --- |

This Notice summarizes the proposed Settlement. The complete Settlement is set forth in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by viewing or downloading it from the Settlement Website at www.____.com.

**Questions?  Please visit www.___.com or call 1 (800)___.**
**Do not call the Company or the Court as they cannot answer your questions.**

**21. How do I get more information?**

You can contact the Settlement Administrator toll-free at [800 number] visit www.____.com for more information regarding the Settlement.  The Agreement and all other pleadings and papers filed in the case are also available for inspection and copying during regular business hours at the office of the Clerk of the United States District Court for the District of Minnesota located at Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Suite 202, Minneapolis, MN 55415.

**[END]**

**Questions?  Please visit www.___.com or call 1 (800)___.**
**Do not call the Company or the Court as they cannot answer your questions.**

To:       [Class Member Email Address]

From:    UnitedHealth Group ERISA - Settlement Administrator
Subject: Notice of Class Action Settlement – Snyder v. UnitedHealth Group

---

**Notice ID: <<Notice ID>>**

To Whom It May Concern:

**If you are or were a participant in the UnitedHealth Group 401(k) Savings Plan (the "Plan") who invested in the Wells Fargo Target Date Funds (formerly the Wells Fargo Dow Jones Target Date Funds) ("Wells Fargo Target Date Funds) at any time from April 23, 2015 to the present, you may be part of a $69 million class action settlement.**

*A Court authorized this Notice. This is not a solicitation from a lawyer.*

***Your legal rights are affected whether you act or do not act. The Class Notice containing details about the settlement is available at (insert hyper link)***

Your rights may be affected by this Settlement, and you may be entitled to share in the proceeds of the Settlement.

**Please read the Class Notice carefully** and be aware of the deadlines therein, including deadlines to elect form of payment, to object, or to request to appear at the Fairness Hearing before the Court.

**Additional information, including Court documents, deadlines, and information on payment, is available at www._____**

Sincerely,

UnitedHealth Group ERISA Settlement - Settlement Administrator

info@_____

1-____-____-_____

«ScanString»

Postal Service: Please do not mark barcode

Claim#: «ID_____»

«FirstName» «LastName»

«Address1»

«Address2»

«City», «StateCd» «Zip»

«CountryCd»

**Notice of Settlement of Class Action**

**If you are or were a participant in the UnitedHealth Group 401(k) Savings Plan who invested in the Wells Fargo Target Date Funds (formerly the Wells Fargo Dow Jones Target Date Funds) at any time from April 23, 2015, to the present, you may be part of a class action settlement.**

*A Court authorized this Notice. This is not a solicitation from a lawyer.*

***Your legal rights are affected whether you act or do not act****. The Class Notice containing details about the settlement is available at* *www._____*

Your rights may be affected by this Settlement, and you may be entitled to share in the proceeds of the Settlement even if you no longer participate in the UnitedHealth Group 401(k) Savings Plan.

Please read the Class Notice carefully and be aware of the deadlines therein, including deadlines to elect form of payment, to object, or to request to appear at the Fairness Hearing before the Court.

Additional information, including Court documents and deadlines, is available at www._____

Sincerely,

Settlement Administrator

Info@_____

1-____-____-_____

**EXHIBIT A-2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **KIM SNYDER, on behalf of herself and all others similarly situated,** | ) ) ) ) | |
| | ) | **Case No. 0:21-cv-01049** |
| ***Plaintiff*,** | ) | **(JRT/DJF)** |
| | ) | |
| **v.** | ) | **CLASS ACTION** |
| | ) | |
| **UNITEDHEALTH GROUP, INC., et al.** | ) ) | FORMER PARTICIPANT ROLLOVER FORM |
| ***Defendants*.** | | EXHIBIT A-2 |

**UnitedHealth Group ERISA Settlement Administrator**
**P.O. Box [number] [City, State, ZIP]**
**www._____.com**

**FORMER PARTICIPANT ROLLOVER FORM**

JOHN Q CLASSMEMBER                           Claim Number: 1111111
123 MAIN ST APT 1
ANYTOWN, ST 12345

This Former Participant Rollover Form is **ONLY** for Class Members who are **Former Participants**, or the beneficiaries or alternate payees of Former Participants (all of whom will be treated as Former Participants). A Former Participant is a Class Member who does not have a Plan account with a balance greater than $0.00 as of the date of the Preliminary Approval Order.

Former Participants that would like to elect to receive their settlement payment through a rollover to a qualified retirement account must complete and sign this form on or before **45 days before Fairness Hearing, \_\_\_, 202\_**. Please review the instructions below carefully. **Former Participants who do not timely complete this form will receive their settlement payment by a check payable to them.** If you have questions regarding this form, you may contact the Settlement Administrator as indicated below:

**www._____.com** OR CALL [PHONE NUMBER]

## PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT ROLLOVER FORM

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1. If you would like to receive your settlement payment through a rollover to a qualified retirement account, complete this rollover form. You should also keep a copy of all pages of your Former Participant Rollover Form, including the first page with the address label, for your records.

2. **Complete your Former Participant Rollover Form on or before 45 days before the Fairness Hearing, on \_\_\_\_\_, 202\_, by following the instructions for online submission at www.\_\_\_\_.com or mailing this form to the Settlement Administrator at the following address:**

**UnitedHealth Group ERISA Settlement Administrator**
**P.O. Box [number] [City, State, ZIP]**

It is <u>your</u> responsibility to ensure the Settlement Administrator has timely received your Former Participant Rollover Form.

3.  Other Reminders:
    - You must provide your date of birth, social security number, signature, and a completed Substitute IRS Form W-9, which is attached as part 5 to this form.
    - If you desire to do a rollover and you fail to complete all of the rollover information in Part 4, below, payment will be made to you by check.
    - If you change your address after sending in your Former Participant Rollover Form, please provide your new address to the Settlement Administrator.

    - **Timing of Payments to Eligible Class Members.** The timing of the distribution of the settlement payments is conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within six months of the Court's Final Approval Order.

4.  **Questions?** If you have any questions about this Former Participant Rollover Form, please call the Settlement Administrator at [phone number]. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement and the Settlement administration is available on the settlement website, www._____.com.

    You are eligible to receive a payment from a class action settlement. The Court has preliminarily approved the class settlement of *Snyder v. UnitedHealth Group, Inc., et al.*, Civil No. 21-1049 (JRT/DJF). That settlement provides allocation of monies to the individual accounts of certain persons who participated in the UnitedHealth Group 401(k) Savings Plan ("Plan") at any time between April 23, 2015 and the present ("Class Members"). Class Members who had a Plan account with a balance greater than $0.00 during the Class Period but who do not have a Plan account with a balance greater than $0.00 as of [date] ("Former Participants") will receive their allocations in the form of a check or in the form of a rollover if and only if they complete a valid Former Participant Rollover Form on or before **45 days before Fairness Hearing, ____, 202_**, to with the required information to effectuate the rollover. For more information about the Settlement, please see the Notice of Settlement of Class Action, visit www._____.com, or call [phone number].

Because you are a Former Participant in the Plan, you must decide whether you want your payment (1) sent payable to you directly by check or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). To elect a rollover, please complete this Former Participant Rollover Form on or before **45 days before Fairness Hearing, ____, 202_**. If you do not return this form, your payment will be sent to you directly by check.

## PART 2: PARTICIPANT INFORMATION

First Name

Middle

Last Name

Mailing Address

City

State

Zip Code

Home Phone

Work Phone or Cell Phone

Participant's Social Security Number

Participant's Date of Birth

M M    D D    Y Y Y Y

Email Address

2

**[FORMER PARTICIPANT ROLLOVER FORM CONTINUES ON THE NEXT PAGE]**

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (*IF APPLICABLE*)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. **Documentation must be provided showing your current authority to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an alternate payee under a qualified domestic relations order (QDRO). The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

First Name                                                 Middle    Last Name

Mailing Address

City                                                                                                        State    Zip Code

Home Phone                                    Work Phone or Cell Phone

Participant's Social Security Number        Participant's Date of Birth

Email Address                                            M M    D D    Y Y Y Y

## PART 4: PAYMENT ELECTION

**Direct Rollover to an Eligible Plan –** Check only one box below and complete the Rollover Information Section below:

☐ Government 457(b)    ☐ 401(a)/401(k)    ☐ 403(b)

☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

☐ Direct Rollover to a Traditional IRA

**Rollover Information:**

Company or Trustee's Name
(to whom the check should
be made payable)

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

Company or Trustee's Mailing Address 1

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

Company or Trustee's Mailing Address 2

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

Company or Trustee's City                                    State    Zip Code

Your Account Number                            Company or Trustee's Phone Number

4

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT ROLLOVER FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT ROLLOVER FORM.

1.  The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2.  I am not subject to back up withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3.  I am a U.S. person (including a U.S. resident alien).

```
                                                        M M      D D      Y Y Y Y
_____       _____ — _____ — [ ][ ][ ][ ]
              Participant Signature                      Date Signed (Required)
```

Note: If you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

5

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **KIM SNYDER, on behalf of herself and all others similarly situated,** | ) ) ) | |
| *Plaintiff*, | ) ) | **Case No. 0:21-cv-01049 (JRT/DJF)** |
| v. | ) ) | **CLASS ACTION** |
| **UNITEDHEALTH GROUP, INC., et al.** | ) ) ) | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| *Defendants*. | ) | EXHIBIT B |

This matter having come before the Court on Plaintiff's motion for final approval of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiff Kim Snyder ("Plaintiff"), individually and on behalf of a class of participants in the UnitedHealth Group 401(k) Savings Plan (the "Plan"); and UnitedHealth Group, Inc. ("United" or the "Company"), the UnitedHealth Group Employee Benefits Plans Investment Committee (and its members), John Rex, and David S. Wichmann (collectively, "Defendants"), as set forth in the Parties' Settlement Agreement dated December 11, 2024 (the "Settlement Agreement"), and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

WHEREAS, Plaintiff in the Action on her own behalf and on behalf of the Class and the Plan, on the one hand, and Defendants on the other hand, have entered into the Settlement Agreement that provides for a complete dismissal with prejudice of all claims asserted in the Action against Defendants by the Class on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court;

WHEREAS, the capitalized terms not defined in this Final Judgment and Order of Dismissal with Prejudice ("Final Judgment") have the same meaning ascribed to them in the Settlement Agreement;

WHEREAS, by Order dated ____, 202_ (the "Preliminary Approval Order"), this Court: (1) preliminarily approved the Settlement Agreement; (2) directed notice be given to the Class and approved the form and manner of Notice; and (3) scheduled a Fairness Hearing;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on ____, 202_ (the "Fairness Hearing") to consider, among other things: (1) whether the proposed Settlement Agreement is fair, reasonable,

1

adequate, and in the best interests of the Class and should be finally approved by the Court; (2) whether Class Counsel's application for an award of Attorneys' Fees and Expenses is reasonable and should be approved; (3) whether Plaintiff's request for an Incentive Award is reasonable and should be approved; and (4) whether this Final Judgment should be entered dismissing with prejudice all claims asserted in the Action against Defendants; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in this Action in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.      The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement Agreement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      This Final Judgment incorporates and makes a part hereof: (a) the Settlement Agreement; and (b) the Notice approved by the Court on ____, 202_.

3.      The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice reasonably practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise all Class Members of the pendency of the Action, of the effect of the Settlement Agreement (including the releases provided for therein), of their right to object to the Settlement and appear at the Fairness Hearing, of Class Counsel's application for Attorneys' Fees and Expenses, and of Plaintiff's request for an Incentive Award; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement Agreement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure,

the United States Constitution, including the Due Process Clause, and all other applicable law and rules. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. §1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Class Member resides and to the Attorney General of the United States.

4.    The Settlement was reviewed by an Independent Fiduciary, _____, who has [summarize determination].

5.    The Court finds [findings regarding any objections].

6.    Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement Agreement in all respects including, without limitation, the terms of the Settlement Agreement; the releases provided for therein; and the dismissal with prejudice of the claims asserted in the Action, and finds that the Settlement Agreement is, in all respects, fair, reasonable and adequate, and is in the best interests of Plaintiff and Class Members. The Parties are directed to implement, perform, and consummate the terms and provisions of the Settlement Agreement.

7.    As of the Effective Date, pursuant to Federal Rule of Civil Procedure 54(b), all of the claims asserted in this Action against Defendants are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

8.    The terms of the Settlement Agreement and of this Final Judgment shall be forever binding on Plaintiff, Defendants, and all Class Members, as well as their respective current and former beneficiaries, heirs, descendants, dependents, administrators, executors, representatives, predecessors, successors, and assigns.

9.    The releases set forth in the Settlement Agreement (the "Releases"), are expressly

3

incorporated herein in all respects. The Releases are effective as of the date of the entry of this Final Judgment. Accordingly, this Court orders that:

(a)      Upon the Effective Date, Plaintiff and every Class Member on behalf of themselves, their heirs, executors, administrators, successors, and assigns, and the Plan (subject to Independent Fiduciary approval as described in Section 2.2 of the Settlement Agreement) shall, with respect to each and every Plaintiff's Released Claims, be deemed to fully, finally and forever release, relinquish and discharge each and every Plaintiff's Released Claims (including Unknown Claims) against any and all of Defendants and the Released Parties, and forever shall be enjoined from prosecuting any such Plaintiff's Released Claims.

(b)      Upon the Effective Date, Defendants and the Released Parties, on behalf of themselves and their successors and assigns shall be deemed to fully, finally and forever release, relinquish and forever discharge each and every Defendants' Released Claims (including Unknown Claims), as to Plaintiff, the Class, and Class Counsel, and forever shall be enjoined from prosecuting any such claims.

(c)      Nothing herein shall preclude any action to enforce the Settlement Agreement.

10.      The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the claims asserted in the Action.

11.      This Final Judgment, the Preliminary Approval Order, the Settlement Agreement (whether or not consummated), including the exhibits thereto, the negotiations that led to the agreement-in-principle reached by the Parties, the negotiation of the Settlement Agreement and its exhibits, and any papers submitted in support of approval of the Settlement Agreement, and any

proceedings taken pursuant to or in connection with the Settlement Agreement, including any arguments proffered in connection therewith:

(a)    shall not be offered or received against Defendants or any of the Released Parties as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by Defendants or a Released Party of the truth of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing on the part of Defendants or any of the Released Parties;

(b)    shall not be offered or received against Defendants or any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants or any of the Released Parties;

(c)    shall not be offered or received against Defendants or any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Defendants or any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that if the Settlement Agreement is approved by the Court, Defendants or the Released Parties may refer to it to effectuate the liability protection granted them hereunder; and

(d)    shall not be construed against Defendants or any of the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could or would have been recovered after trial of the Action.

12.     The Class Representatives and each Class Member shall release Defendants, Defendants' Counsel, the Released Parties, and the Plan from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Settlement Amount or Net Settlement Fund and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

13.     Without affecting the finality of this Final Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement Agreement; (b) the disposition of the Settlement Fund; (c) Class Counsel's application for an award of Attorneys' Fees and Expenses and Plaintiff's request for an Incentive Award; and (d) Class Members for all matters relating to the Action.

14.     A separate order shall be entered on Class Counsel's application for an award of Attorneys' Fees and Expenses and Plaintiff's request for an Incentive Award. Such order shall in no way affect or delay the finality of this Final Judgment and shall not affect or delay the Effective Date of the Settlement.

15.     Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto that: (a) are not materially inconsistent with this Final Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement Agreement.

16.     If the Settlement Agreement does not go into effect or is terminated as provided for therein, then this Final Judgment (and any orders of the Court relating to the Settlement Agreement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Settlement Agreement.

17.     There is no just reason to delay entry of this Final Judgment as a final judgment with respect to the claims asserted in the Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Judgment pursuant to Federal Rule of Civil Procedure 54(b).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: _____

_____
THE HONORABLE JOHN R. TUNHEIM
UNITED STATES DISTRICT JUDGE