IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| KIM SNYDER, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) UNITEDHEALTH GROUP, INC., et al. ) ) ) Defendants. ) ) ) | Case No. 0:21-cv-01049 (JRT/DJF) CLASS ACTION **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDNG FOR NOTICE** |

WHEREAS, an action is pending before this Court entitled *Snyder v. UnitedHealth Group, Inc., et al.*, Civil No. 21-1049 (JRT/DJF) (the "Action");

WHEREAS, Plaintiff having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with a Settlement Agreement dated as of December 11, 2024, which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Settlement Agreement and does hereby preliminarily approve the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below.

2. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Fairness Hearing described below.

3. A hearing (the "Fairness Hearing") shall be held before this Court on

_____, 2025, [a date that is at least one hundred thirty (130) calendar days from the date of this Order], at the Diana E. Murphy United States Courthouse, 300 South Fourth Street, Suite 202, Minneapolis, MN 55415, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; whether the proposed Final Judgment and Order of Dismissal with Prejudice as provided under the Settlement Agreement should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine the amount of fees and expenses that should be awarded to Class Counsel; to determine whether an Incentive Award should be awarded to Plaintiff; and to address such other matters relating to this Settlement as may properly be before the Court. The Court may adjourn the Fairness Hearing without further notice to the members of the Class.

4. The Court approves, as to form and content, the Notice and Former Participant Rollover Form annexed hereto as Exhibits A-1 and A-2, respectively, and finds that the mailing and distribution of the Notice (and for Former Participants will include a link to the Former Participant Rollover Form) substantially in the manner and form set forth in ¶ 6 of this Order: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the Settlement and to apprise Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure

3

(including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), the Rules of this Court, and other applicable law.

5. The firm of Angeion Group ("Settlement Administrator") is hereby appointed to supervise and administer the notice procedure as well as implement the Plan of Allocation and to distribute the Net Settlement Fund to Class Members as more fully set forth below.

6. Not later than ____, 202_ [sixty (60) calendar days after the Court signs and enters this Order] (the "Notice Date"), the Settlement Administrator shall commence emailing or mailing the Notice (and for Former Participants will include a link to the Former Participant Rollover Form), substantially in the forms annexed hereto, by First-Class Mail, where no email is available, to all Class Members who can be identified with reasonable effort, and to be posted on its settlement website.

7. At least fifty (50) calendar days prior to the Fairness Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing.

8. Any member of the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Class Counsel.

9. Any member of the Class may appear and show cause why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why Attorneys' Fees and Expenses should

or should not be awarded to Class Counsel, or why Incentive Award to Plaintiff should or should not be awarded; provided, however, that no Class Member or any other person shall be heard or entitled to contest such matters, unless that person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before ___, 2025 [a date fourteen (14) calendar days before the Fairness Hearing], to Angeion Group, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of Minnesota, Diana E. Murphy United States Courthouse, 300 South Fourth Street, Suite 202, Minneapolis, MN 55415, on or before ___, 2025 [a date fourteen (14) calendar days before the Fairness Hearing]. Any objections must: (i) state the name, address, and telephone number of the objector and must be signed by the objector; (ii) state that the objector is objecting to the proposed Settlement, Plan of Allocation, application for attorneys' fees or expenses, or request for Plaintiff's Incentive Award in this Action; (iii) state the objection(s) and the specific reasons for each objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention; and (iv) include documents sufficient to prove the objector's membership in the Class. In addition, the objection must identify all class actions to which the objector and his, her or its counsel have previously objected. The Court will consider a Class Member's objection only if the Class Member has complied with the above requirements. Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Settlement Agreement,

to the Plan of Allocation, to the award of attorneys' fees and expenses to Class Counsel, or Incentive Award for Plaintiff, unless otherwise ordered by the Court. Class Members submitting written objections are not required to attend the Fairness Hearing, but any Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, the application for an award of attorneys' fees and expenses, and/or the request for Plaintiff's Incentive Award must file a written objection and indicate in the written objection their intention to appear at the hearing.

10. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

11. All opening briefs and supporting documents in support of final approval of the Settlement, the Plan of Allocation, and any application by Class Counsel for attorneys' fees and expenses and Incentive Award for Plaintiff shall be filed and served by ___, 2025 [a date seven (7) calendar days before the Fairness Hearing]. Replies to any objections shall be filed and served by ___, 2025 [a date seven (7) calendar days before the Fairness Hearing].

12. None of the Released Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for Attorneys' Fees and Expenses submitted by Class Counsel or Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

13. At or after the Fairness Hearing, the Court shall determine whether the Plan

6

of Allocation proposed by Class Counsel, and any application for attorneys' fees or payment of expenses, shall be approved.

14. All reasonable expenses incurred in identifying and notifying Class Members, as well as the fees and costs of the Settlement Administrator and Plan's recordkeeper administering the Settlement Fund, and the fees and costs of the Independent Fiduciary, shall be paid as set forth in the Settlement Agreement. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiff nor any of her counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶ 3.2(a) or 4.5 of the Settlement Agreement.

15. Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

16. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

17. If the Settlement Agreement and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Settlement Agreement and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Parties *status quo ante* as set forth in ¶ 9.3 of the Settlement Agreement.

18. Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pending final determination of whether the proposed Settlement should be approved, neither the Plaintiff nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, the Released Parties, or the Plan any action or proceeding in any court or tribunal asserting any of the Plaintiff's Released Claims.

19. Except to the extent the Parties may agree to resolve through mediation or arbitration any disputes that may arise prior to the entry of judgment, the Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

DATED: _____          _____

                                            THE HONORABLE JOHN R. TUNHEIM
                                            UNITED STATES DISTRICT JUDGE